IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| Google Inc., <br>                  *Plaintiff*, <br><br>                  *v.* <br><br> Jim Hood, Attorney General of the State of Mississippi, in his official capacity, <br>                  *Defendant.* | No. 3:14cv981 HTW-LRA <br><br> **Declaration of Peter G. Neiman in Support of Plaintiff Google Inc.'s Motion for Temporary Restraining Order and Preliminary Injunction** |

    I, Peter G. Neiman, hereby declare as follows:

    1.    I am a partner of Wilmer Cutler Pickering Hale and Dorr LLP ("WilmerHale"), 7 World Trade Center, 250 Greenwich Street, New York, NY 10007, and counsel for Plaintiff Google Inc. ("Google") in this matter. I submit this declaration in support of Plaintiff Google Inc.'s Motion for Temporary Restraining Order and Preliminary Injunction.

    2.    Attached hereto as Exhibit 1 is a true and accurate copy of the letter dated February 13, 2013, from Attorneys General Jim Hood of Mississippi (the "Attorney General"), David M. Louie of Hawaii, and Kenneth T. Cuccinelli of Virginia, addressed to "Search Engines," and received by Google.

    3.    Attached hereto as Exhibit 2 is a true and accurate copy of the letter dated April 1, 2013, from the Attorney General to Google Senior Vice President and General Counsel Kent Walker.

1

4. Attached hereto as Exhibit 3 is a true and accurate copy of the letter dated April 19, 2013, from Google Public Policy Director John C. Burchett to the Attorney General and Attorneys General Louie and Cuccinelli, sent in response to the letter dated February 13, 2013.

5. Attached hereto as Exhibit 4 is a true and accurate copy of the letter dated May 20, 2013, from Google Legal Director Adam L. Barea, to the Attorney General, regarding the "April 1, 2013 Letter to Google."

6. Attached hereto as Exhibit 5 is a true and accurate copy of the letter dated May 21, 2013, from the Attorney General to Google Chief Executive Officer Larry Page, sent in response to the letter dated April 19, 2013, and regarding the Attorney General's "Invitation to Meet with Attorneys General."

7. Attached hereto as Exhibit 6 is a true and accurate copy of a Jackson Free Press article by Tyler Cleveland, titled "Hood: Google Pushing Illegal Drugs," and dated June 12, 2013, available at http://www.jacksonfreepress.com/news/2013/jun/12/hood-google-pushing-illegal-drugs/ (last visited December 15, 2014).

8. Attached hereto as Exhibit 7 is a true and accurate copy of the letter dated June 10, 2013, from Jamie S. Gorelick of WilmerHale, to the Attorney General, sent on behalf of Google "in response to [the] letter [dated] May 21, 2013."

9. Attached hereto as Exhibit 8 is a true and accurate copy of the letter dated June 10, 2013, from the Attorney General to WilmerHale's Jamie S. Gorelick, regarding "Google Litigation Hold Notice, Preservation of Relevant Information: Paper Documents and Electronically Stored Information."

10. Attached hereto as Exhibit 9 is a true and accurate copy of a certified transcript of the June 18, 2013, session of the National Association of Attorneys General ("NAAG") 2013

Summer Meeting titled "Intellectual Property Crimes Online: Dangerous Access to Prescription Drugs and Pirated Content."

11. Attached hereto as Exhibit 10 is a true and accurate copy of the Attorney General's presentation titled "Google: Guiding Consumers Down Illegal Paths."

12. Attached hereto as Exhibit 11 is a true and accurate copy of the letter dated June 26, 2013, from WilmerHale's Jamie S. Gorelick to the Attorney General, sent on behalf of Google "in response to [the Attorney General's] remarks at the June 18, 2013 meeting."

13. Attached hereto as Exhibit 12 is a true and accurate copy of the letter dated July 23, 2013, from the Attorney General and other state attorneys general, sent on behalf of the NAAG, to United States Senators John Rockefeller IV and John Thune, and United States Representatives Frederick Upton and Henry Waxman, regarding the Communications Decency Act of 1996.

14. Attached hereto as Exhibit 13 is a true and accurate copy of a certified transcript of an audio recording of comments the Attorney General made on July 31, 2013, at the Neshoba County Fair.

15. Attached hereto as Exhibit 14 is a true and accurate copy of the letter dated October 7, 2013, from the Attorney General and other attorneys general, to Google Senior Vice President of Corporate Development and Chief Legal Officer David C. Drummond.

16. Attached hereto as Exhibit 15 is a true and accurate copy of the email and draft letter attachment dated November 18, 2013, sent on November 19, 2013, from the Attorney General to Google Senior Vice President and General Counsel Kent Walker, copying other attorneys general, in response to the letter dated June 26, 2013.

3

17. Attached hereto as Exhibit 16 is a true and accurate copy of the "details" screen for the electronic draft letter attached to Exhibit 15, *supra*, as it appeared on December 14, 2014. The "Authors" field is redacted in order to protect the privacy of the Jenner & Block LLP associate identified in that field.

18. Attached hereto as Exhibit 17 is a true and accurate copy of the letter dated November 27, 2013, from the Attorney General to Mr. Walker, sent via email on November 26, 2013, and "previously sent [] in draft form on November 18, 2013."

19. Attached hereto as Exhibit 18 is a true and accurate copy of the letter dated November 27, 2013, from Mr. Walker to the Attorney General, including enclosures, in response to the Attorney General's November 27, 2013, letter.

20. Attached hereto as Exhibit 19 is a true and accurate copy of the letter dated December 10, 2013, from the Attorney General and 23 other attorneys general to Mr. Walker.

21. Attached hereto as Exhibit 20 is a true and accurate copy of the Attorney General's presentation titled "Google's Facilitation of Illegal Conduct."

22. Attached hereto as Exhibit 21 is a true and accurate copy of the letter dated January 23, 2014, from Mr. Walker to the Attorney General.

23. Attached hereto as Exhibit 22 is a true and accurate copy of the letter dated February 7, 2014, from the Attorney General and four other attorneys general to Mr. Walker, sent "as a follow-up to the Denver meeting" "on January 21st."

24. Attached hereto as Exhibit 23 is a true and accurate copy of the letter dated February 21, 2014, from Mr. Walker to the Attorney General and other attorneys general, in response to the letter of February 7, 2014.

25. Attached hereto as Exhibit 24 is a true and accurate copy of the email dated February 20, 2014, from Mike Moore of the Mike Moore Law Firm, LLC, to the Attorney General, regarding a "pre meeting on Google," as published by the New York Times on page 94 in the compilation of documents available at https://s3.amazonaws.com/s3.documentcloud.org/documents/1339575/5-formerag-lynch.pdf (last visited December 15, 2014) and http://www.nytimes.com/interactive/2014/10/28/us/5-Rhode-Island-Attorney-General-Turned-Attorney-General-Lobbyist.html?_r=1 (last visited December 15, 2014).

26. Attached hereto as Exhibit 25 is a true and accurate copy of the draft Digital Citizens Alliance report titled "Digital Weeds: How Google Continues to Allow Bad Actors to Flourish on YouTube."

27. Attached hereto as Exhibit 26 is a true and accurate copy of the Attorney General's presentation titled "Illegal Conduct Facilitated Through Google."

28. Attached hereto as Exhibit 27 is a true and accurate copy of a certified transcript of an audio recording of comments made by the Attorney General and Attorney General Jon Bruning of Nebraska on February 25, 2014, at the NAAG 2014 Winter Meeting.

29. Attached hereto as Exhibit 28 is a true and accurate copy of a Bloomberg Businessweek article by Chris Strohm and David McLaughlin, titled "Google Targeted in State Crackdown on Illicit Drug Ads," and dated July 24, 2014, available at http://www.businessweek.com/news/2014-07-24/google-targeted-in-state-crackdown-on-illicit-drug-ads (last visited December 15, 2014).

30. Attached hereto as Exhibit 29 is a true and accurate copy of the letter dated August 29, 2014, from the Attorney General to Google Senior Policy Manager Cynthia Pantazis, regarding the "Trusted Flagger Program."

31. Attached hereto as Exhibit 30 is a true and accurate copy of the Administrative Subpoena and Subpoena *Duces Tecum* (the "Subpoena") served on Google on October 27, 2014.

32. On November 10, 2014, Fred Krutz of Forman, Perry, Watkins, Krutz and Tardy, LLP, counsel for Google, and I spoke with Bridgette Wiggins and Geoffrey Morgan of the Mississippi Attorney General's Office (the "AG's Office") by telephone.  During that call, I requested that the AG's Office explain its basis for seeking in the Subpoena information about conduct immunized by Section 230 of the Communications Decency Act ("CDA").  Ms. Wiggins stated that the CDA immunity had "no impact" on the scope of the information the AG's Office could demand in the Subpoena.

33. On November 20, 2014, Mr. Krutz and I again spoke with Ms. Wiggins and other representatives of the AG's Office by telephone.  During that call, the parties agreed that the AG's Office would extend the return date for the Subpoena to January 5, 2015, and, before that time, Google would voluntarily share (*i.e.*, not in response to the Subpoena, and without waiving any objections to the Subpoena) with the AG's Office certain materials addressing some of the issues in which that Office has expressed interest.  Since that call, Google has voluntarily provided the AG's Office with approximately 100,000 pages relating to, among other things, Google's content policies and enforcement.

34. On December 17, 2014, Mr. Krutz and I spoke with Ms. Wiggins and other representatives of the AG's Office.  During the call, I asked that the Subpoena be narrowed to exclude conduct immunized by the CDA or for which the Attorney General's authority was pre-

empted by the Copyright Act or the Food, Drug & Cosmetics Act, and that the Subpoena be limited temporally. Ms. Wiggins declined each of these requests. Ms. Wiggins reiterated the AG's Office's position, initially expressed on the November 10 call, that CDA immunity does not limit the scope of what the AG's Office may seek in the Subpoena. I also offered to provide the AG's Office materials showing that third parties, not Google, created each item of content that could be identified about which the Attorney General expressed concern in his meetings and communications with Google, and in the Subpoena itself. I asked Ms. Wiggins whether the AG's Office would represent that it would withdraw the Subpoena based on such a showing, which would confirm that Google's conduct fell squarely within the immunity created by Section 230 of the CDA, and Ms. Wiggins stated that she could not provide such a representation. Nonetheless, on December 18, 2014, Google provided to the AG's Office materials showing that third parties, not Google, created the identified items of content.

I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge.

Executed on December 18, 2014, in New York, New York.

_____
Peter G. Neiman