WILMERHALE

June 10, 2013

**Jamie S. Gorelick**

+1 202 663 6500(t)
+1 202 663 6363(f)
jamie.gorelick@wilmerhale.com

The Honorable Jim Hood
Attorney General
State of Mississippi
P.O. Box 220
Jackson, MS 39205

Re: **Google**

Dear General Hood:

I have been engaged as counsel to Google in connection with your inquiry and I write in response to your letter of May 21, 2013 to Google's Chief Executive Officer, Larry Page. That letter invites Mr. Page and Google's General Counsel, Kent Walker, to attend a meeting of the National Association of Attorneys General ("NAAG") on June 18, 2013, while also announcing your intent to issue civil investigative demands if you view the information provided at that meeting to be inadequate. For the reasons explained below, Mr. Page and Mr. Walker respectfully decline your request.

Google has a well-documented history of cooperation with law enforcement in general and state Attorneys General in particular. Consistent with that record, when the NAAG Intellectual Property Committee invited multiple search engines to appear voluntarily before the Committee on November 28, 2012, Google was the only search engine to do so. At that meeting, a Google executive described some of the work Google is doing in assisting law enforcement in the challenging task of preventing the misuse of the internet for unlawful transactions and activities.

With the Attorneys General of Hawaii and Virginia, you followed up that meeting with a joint letter on February 13, 2013, which called that meeting a "critical first step in addressing intellectual property crimes in the global online marketplace." The joint February 13 letter spoke of achieving "consensus" on "voluntary action", and expressed "interest" in receiving "written comments" from Google on a small number of topics.

Google contacted your staff shortly thereafter, explaining that it was working on a written response. You then sent Google's general counsel on April 1, 2013, a letter branding Google as "evasive" and threatening unspecified "legal action." Google contacted your staff to brief them orally on the written comments then being developed . Google followed that up on April 19, 2013, with a detailed, seven-page letter addressing all the topics covered in the joint February 13 letter. Google provided still further information in a three-page letter to you on May 20, 2013. Given this history, the assertion in your May 21 letter that Google's prior responses to your queries were "insufficient" and "inadequate' is difficult to understand, in view of the record.

We would also like to respond to the suggestion in your May 21 letter that Google ought to censor its search results by removing certain content. The First Amendment stands squarely

WILMERHALE

Hon. Jim Hood
June 10, 2013
Page 2

against such a restraint on the free flow of information. That is particularly true with regard to search engines like Google, which simply organize and make accessible information provided by others – an activity that the courts have held is entitled to broad immunity under settled and controlling federal law. *See, e.g., Doe v. MySpace, Inc.,* 528 F.3d 413, 418 (5th Cir. 2008) (federal law provides "broad[]" immunity to internet service providers in "all cases arising from the publication of user-generated content").

Google remains open to working cooperatively with you and your staff to find consensus around appropriate voluntary actions in some of the areas mentioned in your letter. Because your May 21 letter suggests that formal civil investigative demands may be forthcoming, we would ask that further communication between Google and your office in this matter be through counsel.

Sincerely,

Jamie S. Gorelick

cc:   Admiral Jim McPherson