IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| Google, Inc. | ) |
| | ) |
|       *Plaintiff* | ) |
| | ) |
| v. | ) |
| | )   No. 3:14-cv-981-HTW-LRA |
| | ) |
| | ) |
| Jim Hood, Attorney General of the | ) |
| State of Mississippi, in his official | ) |
| capacity | ) |
|       *Defendant*. | ) |

**MOTION FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE***

Stop Child Predators, the Digital Citizens Alliance, the Taylor Hooton Foundation, and Ryan United (each, an "*Amicus*" and, collectively, "*Amici*") respectfully request the Court's leave to appear as *amici curiae* and to file the attached memorandum in support of Jim Hood, Attorney General of the State of Mississippi. As stated in the memorandum, *Amici* support Attorney General Hood's response in opposition to Google's Motion for Temporary Restraining Order and Preliminary Injunction. *Amici* respectfully submit that Google's motion should be denied.

On January 21, *Amici* requested consent from the parties for the filing of their brief. Counsel for Attorney General Hood stated that he has no objection. Google's counsel stated that Google does not take a position on this request.

**INTERESTS OF *AMICI CURIAE***

Stop Child Predators is a nonprofit organization recognized as tax-exempt under Internal Revenue Code § 501(c)(3). It has no parent corporation, and no publicly held corporation owns 10 percent or more of its stock. It is dedicated to protecting America's children from sexual

{D0295714.1}

predators and preventing the distribution of online content that exploits children. It has launched federal and state-by-state campaigns to enhance public safety on the ground and on the web. Stop Child Predators thus has a significant interest in ensuring that the First Amendment and Section 230 of the Communications Decency Act are not construed in a manner that will hinder critical law enforcement functions.

The Digital Citizens Alliance is a nonprofit corporation recognized as tax-exempt under Internal Revenue Code § 501(c)(6). It has no parent corporation, and no publicly held corporation owns 10 percent or more of its stock. The Digital Citizens Alliance focuses its efforts on Internet safety issues. It is a coalition of consumers, businesses, and Internet experts. It has an important interest in this case because it is focused on educating the public and policy makers on Internet threats. Digital Citizens Alliance also works to make the Internet a safer place by engaging key Internet stakeholders: individuals, Internet companies, and civic leaders.

The Taylor Hooton Foundation is a non-profit organization recognized as tax-exempt under Internal Revenue Code § 501(c)(3). It has no parent corporation, and no publicly held corporation owns 10 percent or more of its stock. It was formed in memory of Taylor E. Hooton, a 17-year-old high school athlete from Plano, TX. Taylor took his own life on July 15, 2003, after using anabolic steroids. Taylor's parents, family, and friends founded the organization after learning of the growing number of middle school, high school, and college students illegally using and abusing anabolic steroids, human growth hormone, unregulated dietary supplements, and other appearance and performance enhancing drugs. The Foundation's mission is to help stop the distribution and abuse of these dangerous drugs.

Ryan United is a nonprofit organization recognized as tax-exempt under Internal Revenue Code § 501(c)(3). It has no parent corporation, and no publicly held corporation owns 10 percent

or more of its stock. It was formed in memory of Ryan VanLuchene, who at 8 years old was kidnapped, sexually assaulted, and murdered by a repeat sex offender. Ryan United works across the country with key stakeholders to promote better, more sensible laws aimed at making communities safer. It has an important interest in this case because a key component of its mission is promoting online safety for children and their families.

## THE LEGAL STANDARD IS "USEFULNESS"

There are no strict prerequisites to qualify for "amicus status." *U.S. v. State of Louisiana*, 751 F. Supp. 608, 620 (E.D. La 1990). "A federal district court possesses the inherent authority to appoint an *amicus curiae* to assist the court in its proceedings." *Id.* (emphasis in original). "The usual rationale for amicus curiae submissions is that they are of aid to the court and offer insights not available from the parties." *Automobile Club of New York, Inc. v. Port Authority of New York and New Jersey*, 2011 WL 5865296 *1 (S.D.N.Y. 2011) (unpublished). For instance, "when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Id.* at *2. "Courts have found the participation of an amicus especially proper where the amicus will ensure complete and plenary presentation of difficult issues so that the court may reach a proper decision, or where an issue of general public interest is at stake." *Liberty Resources, Inc. v. Philadelphia Housing Authority*, 395 F. Supp. 2d 206, 209 (E.D. Pa. 2005) (internal citations omitted).

Numerous federal district courts throughout the Fifth Circuit have granted motions for leave to file amicus curiae briefs. *See*, *e.g.*, *Cazorla v. Koch Foods of Mississippi, LLC*, No. 3:10CV135-DPJ-FKB, 2014 WL 281979, at *2 (S.D. Miss. Jan. 24, 2014) (granting motion of Southern Poverty Law Center and other organizations to file amicus briefs in opposition to Koch Foods's motions); *Lodsys Grp., LLC, v. Brother Int'l Corp.*, Lodsys Grp., No. 2:11-CV-00090-

JRG, 2013 WL 5353004, at *1 (E.D. Tex. Sept. 24, 2013) (Application Developers Alliance and Electronic Frontier Foundation filed a Motion for Leave to File Brief as Amici Curiae in support of Apple's position, which the Court subsequently granted). *See also White Lodgings Servs. Corp. v. Snipes*, No. A-13-CA-825-SS, 2014 WL 1513964, at *9 (W.D. Tex. Apr. 16, 2014); *Van Alstyne Indep. Sch. Dist. v. Andre S.*, No. 4:09-CV-89, 2010 WL 715560 (E.D. Tex. Feb. 23, 2010); *Morgan v. Plano Indep. Sch. Dist.*, No. 4:04CV447, 2007 WL 397494 (E.D. Tex. Feb. 1, 2007).

## AMICI OFFER UNIQUE AND IMPORTANT PUBLIC PERSPECTIVES

*Amici* respectfully seek leave to file the attached brief because they offer a distinct perspective on issues of Internet safety that will assist the Court's resolution of Google's motion for a preliminary injunction.

In particular, *Amici* can speak to the harms caused by rampant illegal drug sales and other illicit activities on the Internet that threaten consumer health and safety. For example, *Amicus* Digital Citizens Alliance has conducted independent research showing that online drug sellers continue to use YouTube (which is owned by Google) to market their illegal products in the United States. The Digital Citizens Alliance has issued reports documenting that it has uncovered significant "hits" when searching on YouTube for "buy drugs without a prescription," and for similar searches referencing specific drugs and steroids.[1] Some of those videos are accompanied by Google-placed advertisements, in many cases related to the content of the illegal activity.

---

[1] Digital Citizens Alliance, *Google & YouTube and Evil Doers: Too Close for Comfort*, at 6-9 (June 10, 2013), *available at* http://www.digitalcitizensalliance.org/cac/alliance/getobject.aspx?file=YouTube; *see also* Digital Citizens Alliance, *Digital Weeds: How Google Continues to Allow Bad Actors to Flourish on YouTube*, at 3-5 (Mar. 10, 2014), *available at* http://media.digitalcitizensactionalliance.org/314A5A5A9ABBBBC5E3BD824CF47C46EF4B9D3A76/7e5715e4-cbd0-4a98-9222-98f5337521f5.pdf; Digital Citizens Alliance, *Better at Any Cost: The Dangerous Intersection of Young People, Steroids, and the Internet*, at 7-14 (Oct. 8, 2013), *available at* http://media.digitalcitizensactionalliance.org/

5

*Amici* are not permanently aligned or opposed, either collectively or individually, to either the Mississippi Attorney General or Google. Rather, *Amici* ask to file their brief on behalf of the Mississippi Attorney General in order to offer their unique perspective on the legal and factual issues raised by Google's motion. As explained more fully in the attached brief, Google's interpretation of the protections available to online companies under the Communications Decency Act, 47 U.S.C. § 230 and the First Amendment ~~are~~ is far too broad and would impede the ability of law enforcement officials to investigate and prevent criminal activity that takes place over the Internet.

---

314A5A5A9ABBBBC5E3BD824CF47C46EF4B9D3A76/a46c7adf-339a-4403-bae2-a03777700b91.pdf.

## CONCLUSION

For the reasons set forth above, Petitioners respectfully request the Court's leave to appear before the Court as *amici curiae* and file the attached brief, which will help inform the Court of important public policy ramifications in this matter.

This, the 22nd day of January, 2015.

                    Respectfully submitted.

                    /s/C. MICHAEL ELLINGBURG

C. MICHAEL ELLINGBURG - BAR # 5496
mellingburg@danielcoker.com
DANIEL COKER HORTON & BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
POST OFFICE BOX 1084
JACKSON, MISSISSIPPI   39215-1084
TELEPHONE: (601) 969-7607
FACSIMILE: (601) 969-1116

Paul D. Clement*
Viet D. Dinh*
Jeffrey M. Harris*
Bancroft PLLC
1919 M St. NW, Suite 470
Washington, D.C. 20036
TELEPHONE: 202-234-0090
Facsimile: 202-234-2806
pclement@bancroftpllc.com

Jonathan Massey*
Massey & Gail LLP
1325 G St. NW, Suite 500
Washington, D.C. 20005
Telephone: 202-652-4511
FACSIMILE: 312-379-0467
jmassey@masseygail.com

*Pro Hac Vice* Motion pending

**CERTIFICATE OF SERVICE**

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the Court's ECF system, which sent notifications of such filing to all counsel of record.

Daniel J. Mulholland, Esq.  mulhollanddj@fpwk.com

David H. Kramer, Esq. dkramer@wsgr.com

Fred Krutz , III, Esq. fred@fpwk.com

Blake C. Roberts, Esq. blake.roberts@wilmerhale.com

Jamie S. Gorelick, Esq. jamie.gorelock@wilmerhale.com

Patrick J. Carome, Esq. patrick.carome@wilmerhale.com

Paul N. Lekas, Esq. paul.lekas@wilmerhale.com

Peter Neiman, Esq. peter.neiman@wilmerhale.com

Violetta G. Watson, Esq. violetta.watson@wilmerhale.com

Douglas T. Miracle, Esq. dmira@ago.state.ms.us

Bridgette Williams Wiggins, Esq. bwill@ago.state.ms.us

Laura S. Crittenden, Esq. laura.crittenden@ky.gov

Jason R. Bush, Esq. jbush@bakerdonelson.com

Dated:  January 22, 2015.

/s/C. MICHAEL ELLINGBURG