# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| Google, Inc., ) | |
|       *Plaintiff*, ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 3:14-cv-00981-HTW-LRA** |
| ) | |
| Jim Hood, Attorney General of the ) | |
| State of Mississippi, in his official ) | |
| capacity, ) | |
|       *Defendant*. ) | |
| ) | |
| ) | |

**MOTION OF THE ELECTRONIC FRONTIER FOUNDATION, CENTER FOR DEMOCRACY & TECHNOLOGY, NEW AMERICA FOUNDATION'S OPEN TECHNOLOGY INSTITUTE, PUBLIC KNOWLEDGE, AND R STREET INSTITUTE FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF PLAINTIFF GOOGLE, INC.**

| | |
|---|---|
| Corynne McSherry* | Herbert W. Wilson II (MSB No. 103187) |
| Mitchell L. Stoltz | *Local Counsel* |
| Jamie L. Williams | THE LAW OFFICE OF |
| ELECTRONIC FRONTIER | HERBERT W. WILSON II, PLLC |
| FOUNDATION | P.O. Box 6031 |
| 815 Eddy Street | Gulfport, MS 39507 |
| San Francisco, CA 94109 | Telephone:  (228) 206-5297 |
| Telephone:  (415) 436-9333 | Facsimile:   (800) 916-3763 |
| Facsimile:   (415) 436-9993 | herb@herbwilson.lawyer |
| corynne@eff.org | |

**Pro Hac Vice* pending

*Counsel for Amici Curiae*
(*Additional Counsel listed on next page*)

*Additional Counsel*:

| | | |
|---|---|---|
| Sherwin Siy | Kevin S. Bankston | Erik Stallman |
| PUBLIC KNOWLEDGE | Laura M. Moy | CENTER FOR DEMOCRACY |
| 1818 N Street NW, | NEW AMERICA'S OPEN | & TECHNOLOGY |
| Suite 410 | TECHNOLOGY INSTITUTE | 1634 I Street NE, |
| Washington, DC 20036 | 1899 L Street NW, Suite 400 | Suite 1100 |
| Tel: (202) 861-0020 | Washington, DC 20036 | Washington, DC 20006 |
| Fax: (202) 861-0040 | Tel: (202) 986-2700 | Tel: 202.637.9800 |
| ssiy@publicknowledge.org | Fax: (202) 986-3696 | Fax: 202.637.0968 |
| | bankston@opentechinstitute.org | estallman@cdt.org |

Michael Godwin
R STREET INSTITUTE
1050 17th Street NW, Suite 1150
Washington, DC 20036
Tel: (202) 525-5717

I.  INTRODUCTION

The Electronic Frontier Foundation ("EFF"), the Center For Democracy & Technology ("CDT"), New America Foundation's Open Technology Institute ("OTI"), Public Knowledge ("PK"), and the R Street Institute ("R Street") (collectively, "*Amici Curiae*") respectfully move for leave to file the accompanying brief as *amici curiae* in the above-captioned case in support of Plaintiff Google, Inc., addressing both the Congressional policy behind the enactment of Section 230 and the implications of a decision that subjects Internet service providers to sweepingly broad subpoenas directed at third-party content. *Amici* have a unique perspective that can assist the court in better understanding the broader context of the issues presented in this case.

Plaintiff Google, Inc. consents to the filing of this brief. Counsel for *Amici* emailed the attorney of record for Defendant, in addition to the two other attorneys listed on the docket, to request Defendant's consent to file, but received no response. Accordingly, *Amici* file this motion for leave from this Court to file the attached brief.

II.  STATEMENT OF INTEREST OF *AMICI CURIAE*

*Amici* are non-profit public interest organizations seeking to protect speech and innovation—and access to speech and new technologies—on the Internet.

The Electronic Frontier Foundation ("EFF") is a non-profit, member-supported civil liberties organization that works to protect free speech, innovation, and privacy in the online world. With more than 25,000 dues-paying members, EFF represents the interests of technology users in both court cases and broader policy debates surrounding the application of law in the digital age. EFF actively encourages and challenges industry and government to support free expression, innovation, privacy, and openness in the information society. EFF frequently participates, either as counsel of record or *amicus curiae*, in cases involving Section 230 of the Communications Decency Act.

The Center for Democracy & Technology ("CDT") is a non-profit public interest and Internet policy organization. CDT represents the public's interest in an open, innovative, and

decentralized Internet, reflecting constitutional and democratic values of free expression, privacy, and individual liberty. CDT has litigated or otherwise participated in a broad range of Internet free expression and intermediary liability cases.

The Open Technology Institute ("OTI") is a program of the New America Foundation dedicated to technology policy and technology development in support of digital rights, social justice, and universal access to open communications networks. OTI, though its unique blend of policy expertise, technical capacity, and field-level engagement, seeks to promote a stronger and more open Internet to support stronger and more open communities. The New American Foundation is a non-profit civic enterprise dedicated to the renewal of American politics, prosperity, and purpose in the digital age through big ideas, technological innovation, next generation politics, and creative engagement with broad audiences.

Public Knowledge is a non-profit organization that is dedicated to preserving the openness of the Internet and the public's access to knowledge, promoting creativity through balanced intellectual property rights, and upholding and protecting the rights of consumers to use innovative technology lawfully. As part of this mission, Public Knowledge advocates on behalf of the public interest for accessible and open means for public communication, without undue interference of or by intermediaries.

The R Street Institute ("R Street") is a non-profit, non-partisan, public-policy research organization ("think tank"). R Street Institute's mission is to engage in policy research and educational outreach that promotes free markets, as well as limited yet effective government, including properly calibrated legal and regulatory frameworks that support Internet economic growth and individual liberty. R Street's particular focus on Internet law and policy is one of offering research and analysis that show the advantages of a more market-oriented society and of more effective, more efficient laws and regulation that protect freedom of expression and privacy.

### III. FAMILIARITY WITH THE ISSUES

*Amici* have studied this case in detail and are familiar with how it affects the public interest. Namely, *Amici* have obtained copies of, and are familiar with, the briefing submitted by the parties to the above-captioned case, and have followed the progress of the case since it was filed, as well as the history of the dispute between the parties. *Amici* have also closely followed the development of the law regarding Section 230 of the Communications Decency Act ("Section 230")—the applicability of which is a central issue to this case—for many years.

### IV. ISSUES TO BE ADDRESSED BY *AMICI CURIAE*

The accompanying brief of *Amici* addresses the Congressional policy behind the enactment of Section 230, as well as the case law interpreting the statute, which has all but universally reaffirmed the broad scope of the immunity granted to Internet service providers—both large and small—under the statute. The brief also addresses the ramifications of permitting a broad investigatory carve-out to Section 230 on both small Internet service providers and the Internet users who rely on their platforms to communicate online—namely, stifled innovation and chilled speech.

### V. *AMICI*'S BRIEF MEETS THE STANDARDS FOR FILING AN *AMICUS* BRIEF

The fundamental standard for submission of an *amicus* brief is whether it "will aid in the determination of the motion[] at issue." *James Square Nursing Home, Inc. v. Wing*, 897 F. Supp. 682, 683 n.2 (N.D.N.Y. 1995) *aff'd,* 84 F.3d 591 (2d Cir. 1996). Courts have recognized that amicus briefing may be helpful, and thereby so aid the court, "when the amicus has a unique perspective, or information, that can assist the court . . . beyond what the parties are able to do." *Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 617 (7th Cir. 2000). Among other helpful roles of *amici*, "[s]ome friends of the court are entities with particular expertise not possessed by any party to the case. Others argue points deemed too far-reaching for emphasis by a party intent on winning a particular case. Still others explain the impact a potential holding might have on an

industry or other group." *Neonatology Associates, P.A. v. Comm'r*, 293 F.3d 128, 132 (3d Cir. 2002) (Alito, J.) (internal citation omitted).

The accompanying brief will aid the Court in the determination of the issues presented in this case and therefore meets the standards articulated for submission. Namely, A*mici*'s brief provides a unique perspective into the far-reaching implications of the issues presented in this case and the public importance of robust Section 230 immunity for intermediaries to the free-flow of information online. The brief also augments the briefing submitted by the parties by providing helpful context into Congress's intent in enacting Section 230. *Amici* will thus provide the Court with a broader perspective that bears directly on the central issues to this litigation.

## VI. CONCLUSION

*Amici* therefore respectfully request that this Court grant this motion for leave to file the accompanying *amicus curiae* brief.

Dated:  January 30, 2015        Respectfully submitted,

  /s/ Herbert W. Wilson II
Herbert W. Wilson II
THE LAW OFFICE OF HERBERT W. WILSON II, PLLC

Corynne McSherry
Mitchell L. Stoltz
Jamie L. Williams
ELECTRONIC FRONTIER FOUNDATION

Erik Stallman
CENTER FOR DEMOCRACY & TECHNOLOGY

Kevin S. Bankston
Laura M. Moy
NEW AMERICA'S OPEN TECHNOLOGY INSTITUTE

Sherwin Siy
PUBLIC KNOWLEDGE

- 4 -

- 5 -

        Michael Godwin
        R STREET INSTITUTE

        Counsel for *Amici Curiae*

## CERTIFICATE OF SERVICE

      I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the Court's ECF system, which sent notifications of such filing to all counsel of record.

Dated:  January 30, 2015                     */s/ Herbert W. Wilson II*
                                                 Herbert W. Wilson II
                                                 THE LAW OFFICE OF HERBERT W. WILSON II, PLLC