```
                  UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       NORTHERN DIVISION



   GOOGLE, INC.                                      PLAINTIFF

   VS.                           CIVIL NO. 3:14cv00981HTW-LRA

   JIM HOOD, ATTORNEY GENERAL
   OF THE STATE OF MISSISSIPPI, IN HIS
   OFFICIAL CAPACITY                                 DEFENDANT




                           RULING ON
                        MOTION FOR TRO



             BEFORE THE HONORABLE HENRY T. WINGATE
                  UNITED STATES DISTRICT JUDGE
                         MARCH 2, 2015
                      JACKSON, MISSISSIPPI




   APPEARANCES:

   FOR THE PLAINTIFF:      MR. FRED KRUTZ III
                           MR. PETER NEIMAN
                           MR. BLAKE ROBERTS
                           MR. DANIEL MULHOLLAND

   FOR THE DEFENDANT:      MR. DOUG MIRACLE
                           MR. BLAKE BEE
                           MS. MARY JO WOODS
                           MS. BRIDGETTE WIGGINS
                           MR. HAROLD PIZZETTA


   REPORTED BY:  CHERIE GALLASPY BOND
                 Registered Merit Reporter
                 Mississippi CSR #1012

   _____
                 245 E. Capitol Street, Room 120
                   Jackson, Mississippi  39201
                         (601) 965-4410
```

1        THE COURT:  Good morning.  This is *Google v. General*
2    *Hood, Attorney General for the State of Mississippi in his*
3    *Official Capacity*, number 3:14cv981HTW-LRA.
4        Now, with regard to the issues here before the court
5    to be addressed this morning, have the parties reached any
6    agreement with regard to any of these matters?  Let me start
7    off with Google.
8        MR. NEIMAN:  No, we have not.
9        MR. MIRACLE:  No, Your Honor.
10       THE COURT:  Then before this court is a motion for a
11   temporary restraining order and the preliminary injunction to
12   enjoin the Attorney General for the State of Mississippi from
13   enforcing the administrative subpoena and subpoena duces tecum
14   issued by the Attorney General and served on Google on
15   October 27, 2014.
16       This concerns a bringing possibly of a civil or
17   criminal charge against Google under Mississippi law for making
18   accessible third-party content to Internet users, which is what
19   is threatened here.  The grounds for the motions are adequately
20   and detailedly set out in the memorandum of law submitted by
21   Google.  The Attorney General resists the motion and has filed
22   its detailed motion explaining its opposition to the motion.
23       The court has determined that it has jurisdiction to
24   render a decision on this matter.  The parties have quarreled
25   whether this court actually has subject matter jurisdiction,

1   whether the matter should be referred to state court, et
2   cetera.  But the court has reviewed all the arguments, and the
3   court has determined that it indeed does have subject matter
4   jurisdiction.
5           With regard to the motion itself, the court has
6   reviewed the offerings of this motion under requisite standards
7   that govern injunctive relief.  *Canal* authority many years ago
8   set out these precise measurements for the court to seek
9   guidance, and those four factors are well known to the parties
10  here:  Likelihood of success, irreparable harm, the balance of
11  harm to the public, or the harm that could be visited on the
12  parties involved with issuance of the injunction.
13          The court has applied these standards to this matter
14  as well as the precepts contained within the Communications
15  Decency Act of 1996, the CDA.  The court has looked at the
16  Copyright Act as well as the Digital Millennium Copyright Act,
17  the Food, Drugs and Cosmetics Act, the First and
18  Fourteenth Amendment, and the Fourth Amendment.  All of these
19  matters have been submitted to the court by Google as a basis
20  of the issuance of an injunction.
21          The court has reviewed all of these matters under both
22  the arguments submitted by Google as well as the contest to
23  these arguments submitted by the Attorney General.  The court
24  is persuaded to grant the injunction.  The injunction will not
25  visit any harm upon the Attorney General during the time period

1   here since there will be a short period for the running of the
2   injunction.  The court intends to address this matter in a
3   rapid fashion with a short discovery period.  Moreover, the
4   court feels that at this junction, Google has the better part
5   of the argument on the reach of the Communications Decency Act
6   of 1996.
7           This is not to say this would be the court's ultimate
8   finding; but at this stage of the proceedings, the court is
9   persuaded that Google has the better part of the legal
10  arguments on these matters, certainly enough for the court to
11  issue injunctive relief at this stage.  Of course, the parties
12  all recognize that the fact that the court is issuing an
13  injunction does not mean that the court has reached a final
14  determination with regard to the issues in the case but that
15  the court is simply determined to maintain this status quo
16  until all discovery is done and until the parties are ready and
17  the final analysis to submit whatever evidence they wish to
18  submit on the motion or to submit their refined argument on the
19  matter or combination of both.
20          So then the court is persuaded to issue the
21  injunction.  Furthermore, the court is persuaded that this is
22  not a matter that requires security because the issue here is
23  going to be timely addressed, and the court sees no need for
24  addition of security.  That is the ruling of the court.
25          Now, then, the written opinion which will embrace all

1   of these matters will be published within the next ten days.
2   It is a long opinion taking into account all the arguments that
3   the parties have submitted, and that matter will be filed
4   within ten days of the date of today.
5           Now, finally, the court would like to have -- would
6   like to carve out a schedule for the continuation of these
7   matters.  Let me start with the plaintiff.  Have you
8   contemplated a schedule for the address of all issues that are
9   here present?
10          MR. NEIMAN:  We have, Your Honor.  What I would
11  suggest is we have a targeted amount of discovery that we would
12  want to take of the Attorney General's office and certain third
13  parties.  So we have targeted discovery, Your Honor, that we
14  would want to take of the Attorney General and certain third
15  parties, and we would think it would make sense to be ready for
16  summary judgment motions within I would say 90 days.
17          THE COURT:  Ninety days.  So how much time do you want
18  for discovery?  That sounds more like 60 days so that you can
19  file your brief and have it before the court in 90 days.
20          MR. NEIMAN:  Yes, your honor.
21          THE COURT:  Discovery, 60 days.  And then let me turn
22  to the other side.  Is 60 days of discovery okay with you?
23          MR. MIRACLE:  Your Honor, 90 days for discovery, which
24  would also include resolving discovery-related issues that may
25  or may not arise.  So I'd like to make sure we have adequate

1  time to do that.  And if there are objections to discovery, you
2  know, 60 days may not be an adequate amount of time.  So 90
3  days for discovery and then briefing thereafter.
4        THE COURT:  So then would you be -- counsel, would you
5  be satisfied with 90 days discovery and then dispositive
6  motions to be fully briefed 120 days from now?
7        MR. MIRACLE:  Yes, Your Honor.
8        THE COURT:  That would be 30 days thereafter you have
9  completed discovery?
10       MR. MIRACLE:  Yes, Your Honor.
11       THE COURT:  All right.  Let me go back -- thank you.
12  Let me go back to Google.  Is that all right with you?
13       MR. NEIMAN:  It is, Your Honor.
14       THE COURT:  Now, this discovery that you would like to
15  address -- and you said that you would like to take some
16  depositions?
17       MR. NEIMAN:  I think it's a combination of document
18  discovery and then perhaps some depositions as well.
19       THE COURT:  Have you spoken with the other side with
20  regard to specific people who might be the target of such
21  discovery?
22       MR. NEIMAN:  No.  But we're happy to sit down with
23  them and try to work this out cooperatively and bring any
24  issues that come up to your attention.
25       THE COURT:  And how many people would you wish to

1  depose?

2        MR. NEIMAN:  It is going to depend a little bit on
3  what we see in documents, but I don't think it is going to be a
4  long list of people.

5        THE COURT:  Let me talk to you about the documents
6  then.  And you are going to request certain documents?

7        MR. NEIMAN:  Yes, I think the discovery we would seek
8  would be primarily on our retaliation claims where we're making
9  arguments about what the motives were of the Attorney General's
10 office, and that will require targeted document discovery.

11       THE COURT:  How much time do you need to submit your
12 discovery request on these particular matters?

13       MR. NEIMAN:  Some of these discovery requests are
14 already pending -- Your Honor, we made serious requests to the
15 Attorney General's office prior to the hearing on the
16 preliminary injunction motion.  So there are already some
17 requests pending which the Attorney General has objected to as
18 premature at the time we made them, but perhaps that obstacle
19 was removed.  We want to go back and review and see if we have
20 other requests on top of that.  But I don't see any reason why
21 we couldn't have our document request to them within two weeks.

22       THE COURT:  Within two weeks?

23       MR. NEIMAN:  Yes.

24       THE COURT:  All right.  Thank you.

25       MR. NEIMAN:  Just to be clear, I think we will also

1  anticipate some third-party subpoenas as well.
2          THE COURT:  All right.  Thank you.  Now let me go back
3  to the defendant.  Do you intend to submit discovery requests
4  to the plaintiff?
5          MR. MIRACLE:  Yes, Your Honor.
6          THE COURT:  And do you intend to take depositions?
7          MR. MIRACLE:  I think it is going to depend on the
8  documents.  I think it is going to be primarily
9  document-related discovery, and I think as Mr. Nieman has
10 pointed out, I think it would be limited in terms of the number
11 of depositions at this point, very limited.  Primarily document
12 requests and interrogatories.
13         THE COURT:  Okay.  Then this is how we will proceed
14 then, that the court will allow 90 days discovery.  At the end
15 of the discovery period, the respective parties will file
16 motions for summary judgment no later than 30 days after the
17 close of discovery.  The court will then have oral arguments on
18 those matters and proceed with the remainder of the case.
19         Now, ordinarily when the court crafts a scheduling
20 order, the court resorts to -- well, might add a time period
21 for designation of experts, et cetera.  Do you all see the need
22 for that?
23         MR. NEIMAN:  I don't anticipate that, Your Honor.  I'm
24 always hesitant to rule something out, but I suppose we can
25 come to you if we think that is necessary.  I don't think it is

1  necessary to include it in the schedule at this time.
2          MR. MIRACLE:  I would concur with that statement.
3          THE COURT:  Would you like to have the scheduling
4  order provide a time period as deadline for designation of any
5  expert?
6          MR. NEIMAN:  I do think that would be useful because
7  that will force the parties to crystallize their thinking on it
8  by a particular time.
9          THE COURT:  Then I'll give you 30 days to designate
10 experts.  That then will leave us enough time to submit expert
11 reports to the opposing side and enough time to depose the
12 experts if either side wishes to do so.
13         MR. KRUTZ:  Your Honor, may I ask a question?
14         THE COURT:  U-huh.
15         MR. KRUTZ:  The time period that you had discussed,
16 are those starting today or from the date of your order within
17 the next ten days?
18         THE COURT:  Let's start it from the date of the order.
19 From the date of the order.  The scheduling order provides an
20 opportunity for an amendment of the complaint and for the
21 addition of extra parties.  Is there any need for the
22 scheduling order to include these matters?
23         MR. NEIMAN:  I don't anticipate an amendment, but I
24 think it would make sense to have a deadline for that as well
25 so that we'll have it covered by the schedule.

1    THE COURT: I'll allow 30 days for that too.
2    MR. NEIMAN: I notice the Attorney General hasn't
3 answered the complaint.
4    THE COURT: All right. Let me turn to the Attorney
5 General. Yes?
6    MR. MIRACLE: I think we'd like 14 days to file our
7 answer.
8    THE COURT: 14 days from now or 14 days from the date
9 of the opinion?
10   MR. MIRACLE: Yes, Your Honor.
11   THE COURT: 14 days.
12   MR. NEIMAN: And, Judge, it just occurs to me that the
13 date for our document requests probably should fall after their
14 answer is filed because there may be things in their answer
15 that we would want to inquire about. So we had originally
16 thought we would have our -- additional document request within
17 14 days. Given the schedule for their answer, I would say 21
18 days is probably more realistic.
19   THE COURT: Twenty-one days from what, now?
20   MR. NEIMAN: From the date of the order.
21   THE COURT: Are there any other matters that need to
22 be in the scheduling order? Over here?
23   MR. NEIMAN: I don't think so, Your Honor.
24   THE COURT: Over here?
25   MR. MIRACLE: No.

```
 1            THE COURT:  Any other matters I need to take up at
 2  this point over here?
 3            MR. NEIMAN:  We do not.
 4            THE COURT:  Over here?
 5            MR. MIRACLE:  No, Your Honor.
 6            THE COURT:  Counsel, thank you so much.  You all can
 7  be excused.
 8       (Hearing Concluded)
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

CERTIFICATE OF REPORTER

     I, CHERIE GALLASPY BOND, Official Court Reporter, United States District Court, Southern District of Mississippi, do hereby certify that the above and foregoing pages contain a full, true and correct transcript of the proceedings had in the aforenamed case at the time and place indicated, which proceedings were recorded by me to the best of my skill and ability.

     I certify that the transcript fees and format comply with those prescribed by the Court and Judicial Conference of the United States.

     This the 2nd day of March, 2015.


     s/ *Cherie G. Bond*
        Cherie G. Bond
        Court Reporter