**IN UNITED STATES DISTRICT COURT**
**THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**GOOGLE, INC.**                                                                                  **PLAINTIFF**

**v.**                                                              **CIVIL ACTION NO. 3:14cv981-HTW-LRA**

**JIM HOOD, ATTORNEY GENERAL**
**OF THE STATE OF MISSISSIPPI,**
**IN HIS OFFICIAL CAPACITY**                                                          **DEFENDANT**

**<u>MOTION TO STAY DISCOVERY PENDING APPEAL</u>**

**COMES NOW**, Jim Hood, Attorney General for the State of Mississippi ("Attorney General") and files the instant Motion to Stay Discovery as follows:

1.      On March 2, 2015, this Court issued an Order granting Google's request for declaratory and injunctive relief. *See Order, Docket Entry No. [82]*. In that Order, the Court allotted time for discovery, but it tied that time to the Court's issuance of the associated memorandum opinion.

2.      During the pendency between the time of the order and the issuing of the opinion, the Parties entered into settlement negotiations. These negotiations were spurred by the Court's inquiry on March 2, 2015 as to whether the Parties had reached a resolution of this matter.  On March 11, 2015, the Court was advised that counsel for Google and the Attorney General were in the process of exchanging draft settlement documents and that there, at that time, appeared to be common ground on the issues arising in the litigation.  It was the Attorney General's intent that an agreed resolution could be reached within fourteen days from March 11.

3.      While settlement negotiations started on the right track, sufficient headway was not made to bring this matter to an agreed end.  With the negotiations halted, the Attorney

General had to act to preserve the impending appeal deadline. The Attorney General, therefore, filed a notice of appeal of the Court's grant of injunctive relief on March 23, 2015.

4.     In light of the nature of the issues to be considered by the Fifth Circuit, including questions of both jurisdiction and the propriety of the preliminary injunction in light of existing law, the Attorney General moves the Court to stay discovery pending the Fifth Circuit's ruling on the appeal.  Discovery matters, such as this one, "are entrusted to the sound discretion of the district court." *McAlister v. Livingston,* 348 F. App'x 923, 940 (5th Cir. 2009) (per curiam) (internal quotation marks and citation omitted); *see also Munoz v. Orr,* 200 F.3d 291, 300 (5th Cir. 2000).  The power to stay proceedings, including discovery proceedings, "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936). It is axiomatic, in fact, that a federal district court "has broad discretion to stay proceedings." *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

5.     There are a host of reasons why this Court should exercise its broad discretion to stay discovery pending a ruling on the Attorney General's filed appeal.  Indeed, the Fifth Circuit's decision drastically could alter the overall landscape of this litigation. On appeal, the Fifth Circuit will address essential questions of both jurisdiction and substance as to Google's right to preliminary relief. The Attorney General opposed the preliminary relief sought by Google based on many fundamental principles, including, but not limited to, subject matter jurisdiction, *Younger* abstention, the nature of the relief sought, and the fact that some, if not all, of the claims simply are not cognizable, under any law.  Given the issues at play, the appellate court's ruling potentially could remove the very staples pinning together Google's lawsuit.

6.      The Fifth Circuit's ruling also may critically narrow how this litigation proceeds, and this narrowing necessarily would encompass a potential constricting of the scope of discovery.   From the perspective of judicial resources, then, a stay is not only logical, but prudent. Moreover, on March 13, 2015, Google issued six (6) non-party subpoenas for documents with a return date of March 31, 2015. *See Notice, Docket Entry No. [85]*.  Without addressing the propriety of whether Google prematurely commenced discovery by issuing these subpoenas, it certainly is foreseeable that those non-parties will assert their own objections, which separately will have to be litigated.

7.      Without a stay, the Court and the parties will expend significant time and energy determining the proper management of this action going forward, including the possibility of discovery objections and/or motions from both the Parties and various non-parties. These same motions and accompanying determinations to be made by this Court very well may be mooted by the appellate court's ruling.  Absent a stay order, all parties also will be required to concurrently litigate the matter in this court and the Fifth Circuit, which will create needlessly duplicative and costly litigation. On the other hand, the Court and the parties expend no unnecessary resources by the granting of a stay, and Google will suffer no prejudice by a stay order.

8.      While discovery deadlines have been set, the Court's memorandum opinion has not yet issued. *See Order, Docket Entry No. [82]*.  Notably, this means the time clock on discovery has not been triggered, as discovery was married to the opinion's issuance. A stay of discovery at this time thus does not alter the present state of this litigation.  To further emphasize this latter point, it is significant that the Attorney General seeks not to stay the injunctive relief ordered by the Court through the instant motion.  To the contrary, the motion seeks a stay of only discovery, which will allow the injunctive relief provided to Google to remain intact.  A stay

pending appeal, therefore, will not suspend this Court's judicial alteration of the status quo. This is a crucial distinction, as a stay of only discovery, and not a stay of the relief, certainly cannot be considered prejudicial to Google. Indeed, it was the specter of injunctive relief that brought Google to this Court in the first place, and there is no functional difference between the temporary relief Google already has received and the permanent relief Google could receive after discovery. Accordingly, there is no prejudice to Google, and a stay of discovery pending a ruling on appeal is warranted under these circumstances.

9.      Given the nature of this motion, the Attorney General requests that the requirement of a separate memorandum in support be waived.

For these reasons, the Attorney General respectfully requests this Court enter an Order staying the discovery in this proceeding until ten (10) days after the Fifth Circuit issues a ruling resolving the Attorney General's appeal of this Court's grant of preliminary injunctive relief.

Respectfully submitted this the 23rd day of March, 2015.

> **JIM HOOD, ATTORNEY GENERAL FOR THE STATE OF MISSISSIPPI, in his official capacity**
>
> **BY:  JIM HOOD, ATTORNEY GENERAL STATE OF MISSISSIPPI**
>
> **BY:**  */s/ Krissy C. Nobile*
> KRISSY CASEY NOBILE, MSB # 103577
> SPECIAL ASSISTANT ATTORNEY GENERAL

STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
Post Office Box 220
Jackson, MS   39205
Telephone No. (601)359-3824
knobi@ago.state.ms.us

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this day I, Krissy C. Nobile, Special Assistant Attorney General for

the State of Mississippi, electronically filed the foregoing document with the Clerk of the Court using

the ECF system, which sent notice of such filing to the following:

Daniel J. Mulholland
FORMAN, PERRY, WATKINS, KRUTZ & TARDY, LLP
P.O. Box 22608
200 S. Lamar Street, Suite 100 (39201-4099)
Jackson, MS 39225-2608
601/960-8600
Fax: 601/960-8613
Email: mulhollanddj@fpwk.com

Fred Krutz , III
FORMAN, PERRY, WATKINS, KRUTZ & TARDY
P.O. Box 22608
Jackson, MS 39225-2608
(601) 960-8600
Email: fred@fpwk.com

David H. Kramer - PHV
WILSON, SONSINI, GOODRICH & ROSATI, PC
650 Page Mill Road
Palo Alto, CA 94304-1050
650/493-9300
Fax: 650/565-5100
Email: dkramer@wsgr.com

Blake C. Roberts - PHV
WILMER, CUTLER, PICKERING, HALE & DORR, LLP
1801 Pennsylvania Avenue, NW
Washington, DC 20006
202/663-6920
Fax: 202/663-6363
Email: blake.roberts@wilmerhale.com

Jamie S. Gorelick - PHV
WILMER, CUTLER, PICKERING, HALE & DORR, LLP
1801 Pennsylvania Avenue, NW
Washington, DC 20006
202/663-6500
Fax: 202/663-6363
Email: jamie.gorelock@wilmerhale.com

Patrick J. Carome - PHV
WILMER, CUTLER, PICKERING, HALE AND DORR, LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
202/663-6610
Fax: 202/663-6363
Email: patrick.carome@wilmerhale.com

Peter Neiman - PHV
WILMER, CUTLER, PICKERING, HALE AND DORR, LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
212/295-6487
Fax: 212/230-8888
Email: peter.neiman@wilmerhale.com

Violetta G. Watson - PHV
WILMER, CUTLER, PICKERING, HALE AND DORR, LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
212/230-8800
Fax: 212/230-8888
Email: violetta.watson@wilmerhale.com

THIS the 23rd day of March, 2015.


                                        /s/Krissy C. Nobile_____
                                        KRISSY CASEY NOBILE