IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| Google Inc., | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| | ) No. 3:14cv981 HTW-LRA |
| *v.* | ) |
| | ) **PLAINTIFF GOOGLE INC.'S BRIEF** |
| | ) **IN OPPOSITION TO DEFENDANT'S** |
| | ) **MOTION TO STAY DISCOVERY** |
| Jim Hood, Attorney General of the State | ) **PENDING APPEAL** |
| of Mississippi, in his official capacity, | ) |
| | ) |
| *Defendant.* | ) |
| | ) |

**INTRODUCTION**

The pending stay motion fails to meet the controlling standard and would unduly prolong a litigation that the Court has ordered "will be adjudicated quickly."  Order of March 2, 2015, ECF No. 82 (the "Order"), at 4.  Plaintiff Google Inc. ("Google") thus submits this Opposition to the Motion to Stay Discovery Pending Appeal, ECF No. 87 (the "Stay Motion") filed by the defendant, Mississippi Attorney General Jim Hood (the "Attorney General").

Under Fifth Circuit precedent, district courts use the four-factor test of *Hilton v. Braunskill*, 481 U.S. 770 (1987), to assess requests for a discretionary stay.  *See Weingarten Realty Investors v. Miller*, 661 F.3d 904, 910 (5th Cir. 2011).  Courts assess "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will

1

substantially injure other parties interested in the proceedings; and (4) [whether] public interest [favors a stay]." *Id.* (alterations in the original) (internal quotation marks & citations omitted).

All four of these factors counsel denying the stay motion. Notwithstanding his confidence,[1] the Attorney General is unlikely to prevail on appeal for the same reasons that he failed to prevail in this Court. He has not claimed that discovery would irreparably injure his interests. Staying discovery would injure Google by delaying the entire case and prolonging the period in which its editorial judgments are clouded by the Attorney General's looming threats and demands. The public interest also favors rapidly resolving this dispute, both for the sake of judicial economy and to eliminate the present uncertainty. The Court should thus deny the Attorney General's request for a stay.

## ARGUMENT

### I.     The Attorney General Does Not Satisfy The Standard For Issuing A Stay.

The four-factor *Hilton* test governs the determination of whether to issue a discretionary stay, like that requested by the Attorney General. *See Weingarten* 661 F.3d at 910. Under that test, courts determine: "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure other parties interested in the proceedings; and (4) [whether] public interest [favors a stay].'" *Id.* (alterations in the original) (internal quotation marks & citations omitted). This test controls both stays of proceedings in their entirety (as would be the practical effect here), *see id.*, and stays of discovery pending

---

[1] *See, e.g.*, Mike Swift & Jeff Bliss, *Hood Says He Plans To Appeal Google Probe Injunction As Early As Tomorrow*, MLex Mkt. Insight, 18, 2015 ("'Basically [the judge] just kicked the can down the road. He figures it doesn't hurt the state,' Hood told MLex. 'I'm going to file an appeal in the next day or so. The Fifth Circuit [Court of Appeals] will reverse him.'") (alterations in original).

appeal, *see, e.g.*, *Castaneda v. Molinar*, No. CV 07-07241 DDP JCX, 2008 WL 9449576, at *2-*3 (C.D. Cal. May 20, 2008) (applying *Hilton* test to request for stay of discovery pending appeal).

The Attorney General does not even attempt to explain how his request meets this test. It clearly does not. Each of the factors weighs against granting the request for a stay.

*First*, the Attorney General has not "made a strong showing that he is likely to succeed on the merits." *Weingarten*, 661 F.3d at 910. In fact, his motion makes *no* showing at all—the Attorney General fails to offer any argument or evidence suggesting that he is likely to prevail on appeal. This Court has already considered and rejected the Attorney General's arguments, and for all of the reasons articulated in this Court's Opinion, *see* Order, ECF No. 88 (the "Opinion"), and Google's briefing,[2] the Attorney General's appeal will likely fail. If anything, the Attorney General is *less likely* to prevail on appeal because the Fifth Circuit reviews the grant of a preliminary injunction for abuse of discretion, reviewing findings of fact for clear error. *See Texans for Free Enter. v. Texas Ethics Comm'n*, 732 F.3d 535, 537 (5th Cir. 2013).

*Second*, the Attorney General has neither claimed that he will suffer irreparable injury absent a stay nor offered this Court any basis to conclude that he would. The discovery sought is not burdensome (a copy of our discovery request—pending since January 14—is attached as Exhibit A). Moreover, even if the Fifth Circuit overturned the preliminary injunction, Google's request for a permanent injunction and declaratory relief would remain pending.[3] The Attorney

---

[2] *See* Memorandum of Law in Support of the PI Motion, ECF No. 3 (the "PI Memorandum"); Consolidated Memorandum Brief in Opposition to Defendant's Motion to Dismiss and in Rebuttal to Defendant's Response to Google's Motion for a Temporary Restraining Order and Preliminary Injunction, ECF No. 53.

[3] The Attorney General has appealed only the grant of the preliminary injunction. *See* Amended Notice of Appeal, ECF No. 89. Denials of a motion to dismiss are not appealable orders under

General would therefore very likely continue to face discovery in this Court—so the likely effect of a stay would be only to delay discovery that will likely remain necessary whatever the outcome on appeal.

*Third*, issuance of the stay will substantially injure Google by delaying the resolution of this litigation. In light of the importance of the issues at stake and the negative impact of uncertainty on the parties, the schedule set by the Court's March 2 Order wisely provides for the rapid resolution of this matter. *See* Order at 4. However, after the filing of the Attorney General's answer, all remaining dates in the schedule are tied to the completion of discovery. *Id.* Thus, a stay of discovery will effectively stay the entire case and make it impossible to handle it in a "rapid fashion." Transcript of Ruling on Motion for TRO at 4:2-3 (March 2, 2015).

That lengthy, indefinite delay harms Google by extending the period under which it must operate in the shadow of the Attorney General's threats, his subpoena, and his demands. Even though this Court has granted Google preliminary relief from the immediate threat of irreparable harm, Google will be injured—and continue to suffer the chilling effects of the Attorney General's conduct—if a final vindication of its rights is unduly delayed.

*Fourth*, the public interest weighs in favor of denying the Attorney General's Stay Motion and rapidly resolving this dispute. Unnecessary delay will burden the Court and the parties. Moreover, whichever party ultimately prevails, the public interest favors a quick resolution. That is especially true with respect to Google's First Amendment rights. As discussed above, prolonged uncertainty over the disposition of this matter casts a cloud over Google's editorial judgments, chilling its First Amendment activity. Just as this Court recognized that "injunctions protecting First Amendment freedoms are always in the public

---

28 U.S.C. § 1292(a)(1), the jurisdictional authority cited in the Attorney General's Amended Notice of Appeal. *See* ECF No. 89.

interest," Opinion at 24 (internal quotation marks omitted), granting a stay that would undermine First Amendment rights is manifestly against the public interest.

In sum, each factor of the controlling *Hilton* four-factor test weighs against granting the Attorney General's Stay Motion, especially in light of the findings and conclusions of the Court's Order and Opinion.

## CONCLUSION

For the forgoing reasons, the Attorney General's Stay Motion should be **DENIED.**

DATED this 3rd day of April, 2015.

Respectfully submitted,

OF COUNSEL:
Jamie S. Gorelick
Patrick J. Carome
Blake C. Roberts
WILMER CUTLER PICKERING
   HALE AND DORR LLP
1875 Pennsylvania Ave., NW
Washington, DC 20006
Telephone:  (202) 663-6000
Facsimile:  (202) 663-6363
jamie.gorelick@wilmerhale.com
patrick.carome@wilmerhale.com
blake.roberts@wilmerhale.com

Peter G. Neiman
 WILMER CUTLER PICKERING
   HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone:  (212) 230-8000
Facsimile:  (212) 230-8888
peter.neiman@wilmerhale.com

/s/ Fred Krutz
Fred Krutz, MSB No. 4270
Daniel J. Mulholland, MSB No. 3643
FORMAN PERRY WATKINS
   KRUTZ & TARDY LLP
200 South Lamar Street, Suite 100
Jackson, Mississippi 39201
Post Office Box 22608
Jackson, Mississippi 39225-2608
Phone:  (601) 960-8600
Facsimile:  (601) 960-8613
fred@fpwk.com
mulhollanddj@fpwk.com

*Attorneys for Plaintiff Google Inc.*

5

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of Mississippi by using the Court's CM/ECF system on April 3, 2015. I further certify that all parties are represented by attorneys who are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

 /s/ Fred Krutz_____<br>
Fred Krutz, MSB#4270