IN UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**GOOGLE, INC.**     **PLAINTIFF**

**v.**     **CIVIL ACTION NO. 3:14cv981-HTW-LRA**

**JIM HOOD, ATTORNEY GENERAL
OF THE STATE OF MISSISSIPPI,
IN HIS OFFICIAL CAPACITY**     **DEFENDANT**

## REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY PENDING APPEAL

**COMES NOW**, Jim Hood, Attorney General for the State of Mississippi ("Attorney General") and files the instant Reply in Support of Motion to Stay Discovery as follows:

1. On March 2, 2015, this Court issued an Order granting Google's request for declaratory and injunctive relief. *See Order, Docket Entry No. [82]*. In that Order, the Court allotted time for discovery, but it tied that time to the Court's issuance of the associated memorandum opinion. That memorandum opinion was issued on March 27, 2015. *See Opinion, Docket Entry No. [88]*. Prior to the issuance of the Court's opinion, the Attorney General filed a motion to stay discovery. *See Motion, Docket Entry No. [87]*.

2. The Attorney General recognizes that this Court, on April 6, 2015, set deadlines for the Attorney General to respond to Google's discovery requests. *See Minute Entry from 4/6/2015*. In the telephonic proceedings before the Court on April 6, 2015, however, the Court separately did not rule on the Attorney General's motion to stay. *See id*. Due to this, the Attorney General reiterates the reasons weighing in favor of a stay in this reply memorandum.

3. The Attorney General's motion to stay was not made for purposes of delay, as the Attorney General also desires to have this matter "adjudicated quickly." The motion to stay discovery only was made due to the Attorney General's appeal of the Court's grant of

1

preliminary injunctive relief to Google. *See Notice of Appeal, Docket Entry No. [86]; Amended Notice of Appeal, Docket Entry No. [89]*. As noted in the opening motion, the Fifth Circuit, on appeal, will consider fundamental questions of both jurisdiction and the propriety of the preliminary injunction in light of existing law. The Fifth Circuit's decision, in fact, drastically could alter the overall landscape of this litigation. This provides the Court with a reason to stay discovery for a finite period of time while the Fifth Circuit considers the issues on appeal.

4. In the oppositional response, Google contends that the motion to stay "fails to meet the controlling standard." In support of this position, Google argues that the four factor test announced in *Hilton v. Braunskill*, 481 U.S. 770 (1987), and applied by the Fifth Circuit in *Weingarten Realty Investors v. Miller*, 661 F.3d 904 (5th Cir. 2011), must be met before a stay of discovery is permitted. This is incorrect. In those cases, the stay requested was one to stay the execution of a judgment (*Hilton*) or the proceedings altogether pending an appeal (*Miller*). *See id.; see also United States v. Transocean Deepwater Drilling, Inc.*, 537 F. App'x 358, 360 (5th Cir. 2013) (recently articulating that the "four-factor test governs a court's consideration of a motion for stay pending appeal" in a case where the party requested the court "to stay execution of its judgment pending appeal.").

5. In contrast to those cases, the Attorney General is not seeking a discretionary stay of the execution of the Court's judgment (*i.e.*, the grant of injunctive relief). Instead, the Attorney General seeks a stay of only discovery. The court in *Romar Sales Corp. v. Seddon*, No. 1:12-CV-838, 2013 WL 141133, at *1 (W.D. Mich. Jan. 11, 2013) aptly recognized this distinction. While the issue in *Seddon* was not a stay of discovery "pending appeal," it was a request of a stay of only discovery, like the Attorney General's, pending the ruling on a dispositive motion. The argument made by the plaintiffs in *Seddon* also was the same one

presently advanced by Google. Specifically, the plaintiffs argued that the defendants had to meet the "four-part standard" articulated in *Hilton* and subsequently applied by the Sixth Circuit. The district court rejected plaintiffs' argument, reasoning as follows:

> [A] motion to stay discovery involves a pragmatic decision whether the possibility of saving the time and expense of discovery justifies a delay in proceedings. Such a motion, therefore, is analogous to a request to modify the case management order, which requires a showing of good cause. Fed. R. Civ. P. 16(b)(4).
>
> . . .
>
> The four-part standard applied by the Court of Appeals in that case relates to requests for ***a stay of execution of a judgment*** pending appeal, which presents circumstances much different than those involved in a mere request to ***delay discovery for a finite period*** . . . Simply put, a delay in discovery is far less consequential than a complete stay of proceedings or a stay of execution of a presumptively valid judgment. Plaintiffs' entire presentation proceeds on inaccurate assumptions concerning both the applicable standards and the relevant considerations pertinent to the decision presently before the court. Defendants are not required to show a substantial likelihood of success on their dispositive motion, nor are they required to show irreparable harm. These high standards, while appropriate to other requests for a stay of proceedings, are plainly irrelevant to the case-management issue now before the court. The appropriate standard is "good cause"—no more and no less. Fed. R. Civ. P. 26(c)(1) [ ].

*Id.* at *1-*2 (emphasis supplied).

6. As the Attorney General pointed out originally, the power to stay discovery proceedings, "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936). There certainly is good cause for the Court to exercise its discretion to stay only discovery in this matter. On appeal, the Fifth Circuit will address essential questions of both jurisdiction and substance as to Google's right to preliminary relief. The Attorney General opposed the preliminary relief sought by Google based on many fundamental principles, including, but not limited to, subject matter jurisdiction, *Younger*

abstention, the nature of the relief sought, and the fact that some, if not all, of the claims simply are not cognizable, under any law. These are the fundamental and critical issues that will be at play on appeal.

7. In a similar vein, a stay of discovery only will preserve judicial resources and avoid the substantial expense of discovery until such time as the Fifth Circuit can rule on the pending appeal. Without a stay, the Court and the parties will expend significant time and energy determining the proper management of this action going forward, including the possibility of discovery objections and/or motions from both the Parties and various non-parties. Indeed, on March 13, 2015, Google issued six (6) non-party subpoenas for documents. *See Notice, Docket Entry No. [85]*. It certainly is foreseeable that those non-parties will assert their own objections to the discovery, which separately will have to be litigated. From the perspective of judicial resources, then, a stay is not only logical, but prudent.

8. While Google claims it will be prejudiced by a stay, the allegations espoused in support of prejudice are dubious, at best. Google claims, for example, that a stay of discovery "would injure Google by delaying the entire case and prolonging the period in which its editorial judgments are clouded by the Attorney General's looming threats and demands." Not so. Because the motion seeks a stay of only discovery, the injunctive relief already provided to Google will remain intact. A stay pending appeal, therefore, will *not* suspend this Court's judicial alteration of the status quo, or delay any execution of the preliminary judgment. Notably, there is no functional difference between the temporary relief Google already has received and the permanent relief Google could receive after discovery.

9. As the *Seddon* court noted in addressing an argument analogous to Google's, "[a]side from being delayed in their efforts to conduct more discovery, plaintiffs have not

demonstrated prejudice or any other reason to require the parties to undergo the expense of discovery at this time. If defendants are correct, then the parties will both be spared unnecessary expense. If defendants' motion is denied, then plaintiffs will be allowed a full opportunity to conduct discovery. The delay requested by defendants is finite, and their request is reasonable in the circumstances." *Seddon*, 2013 WL 141133, at *3. Similar to the point made by the court in *Seddon*, if the Attorney General is correct, the Fifth Circuit's ruling will critically narrow how this litigation proceeds, and this narrowing necessarily would encompass a constricting of the scope of discovery. If Google is correct on appeal, Google will be allowed a full opportunity to conduct discovery. The good cause presented for a stay, coupled with the complete absence of prejudice to Google, provides ample reason for the Court to stay discovery at this time.

10. Additionally and alternatively, a stay of only discovery is warranted even if the Court undertakes an analysis of the four-factor test announced in *Hilton v. Braunskill*, 481 U.S. 770 (1987). That four-factor test is as follows: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken,* 556 U.S. at 434, 129 S. Ct. 1749 (citation omitted); *Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987).

11. <u>First</u>, Google's central argument for why the Attorney General (purportedly) cannot make a showing of likely success on the merits is nonsensical. According to Google, the Attorney General cannot meet factor one of the four-part test because "[t]his Court has already considered and rejected the Attorney General's arguments . . . ." This contention advanced by Google would serve to defeat every motion to stay—and erode the very four-part test for which

5

Google (wrongly) advocates. That is, if a stay cannot be granted simply because the party seeking the stay "lost" in the district court, no stay of discovery—or a stay of the execution of the judgment—could ever be granted pending appeal, as the party (normally) would not be appealing if they had "won" in the lower court. Further, this Court made very clear in its grant of relief that its decision did not provide any indication of how the Court will "rule on the merits of the case." *See Opinion, Docket Entry No. [88]*.

12. Still more, the Fifth Circuit has explained that:

> on motions for stay pending appeal the movant need not always show a "probability" of success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay.

*Ruiz v. Estelle,* 650 F.2d 555, 565 (5th Cir.1981) (per curiam); *Avakian v. Citibank N.A.*, No. 1:12-CV-00139-SA-DAS, 2014 WL 1404569, at *1 (N.D. Miss. Apr. 10, 2014) (addressing a request to stay the judgment, not only discovery); *United States v. Transocean Deepwater Drilling, Inc.,* 537 F. App'x 358, 361 (5th Cir. 2013) ("[l]ikelihood of success remains a prerequisite in the usual case"). As noted, the Attorney General's opposition to the injunctive relief put before the Court a series of not only serious legal questions, but also core principles of federal jurisdiction, including, but not limited to, subject matter jurisdiction and *Younger* abstention. Moreover, Google's complaint and its request for relief raise only novel attempts to grossly expand existing law. On appeal, the Fifth Circuit will be facing serious legal questions, and, because many of Google's causes of action are not cognizable under any clearly established law, the Attorney General can show a likelihood of success for purposes of *Hilton*'s first factor.

13. <u>Second</u>, the irreparable harm aspect of the test has been satisfied. Google presumptively hauled the Attorney General into federal court while an investigation was ongoing. If a party were able to haul the government into court *and* get discovery in the process

6

during each and every ongoing investigation, the government's ability to carry out the law would be severely impeded—if not altogether obstructed. This is especially true where, as here, the core merits of the case are pending before an appellate court.

14.     <u>Third</u>, Google will suffer precisely zero prejudice by a stay. A stay of only discovery, and not a stay of the relief, cannot be considered prejudicial to Google, as it was the specter of injunctive relief that brought Google to this Court in the first place. Now, Google has the very injunctive relief for which it originally rushed into federal court to obtain. This undisputed point makes Google's claims of prejudice ring only hollow. The <u>fourth</u> factor is public interest, and it weighs in favor of a stay for the same reason as factor two, discussed *supra*. Further, the public interest can weigh only in favor of staying discovery pending an appeal that raises the type of serious and fundamental legal questions that are at play in this litigation.

15.     While the court need not reach the four-factor test to stay only discovery in this litigation, that test nonetheless validates why a stay is necessary. A stay is "an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Avakian v. Citibank N.A.*, No. 1:12-CV-00139-SA-DAS, 2014 WL 1404569, at *2 (N.D. Miss. Apr. 10, 2014). The circumstances of this particular case present a textbook example of a matter in which a discovery stay is appropriate.

For these reasons, the Attorney General respectfully reiterates the request for this Court to enter an Order staying the discovery in this proceeding until ten (10) days after the Fifth Circuit issues a ruling resolving the Attorney General's appeal of this Court's grant of preliminary injunctive relief.

7

Respectfully submitted this the 10th day of April, 2015.

                                 **JIM HOOD, ATTORNEY GENERAL FOR THE STATE OF MISSISSIPPI, in his official capacity**

                       **BY:  JIM HOOD, ATTORNEY GENERAL STATE OF MISSISSIPPI**

                     **BY:** */s/ Krissy C. Nobile*
                             KRISSY CASEY NOBILE, MSB # 103577
                             SPECIAL ASSISTANT ATTORNEY GENERAL

STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
Post Office Box 220
Jackson, MS   39205
Telephone No. (601)359-3824
knobi@ago.state.ms.us

**CERTIFICATE OF SERVICE**

This is to certify that on this day I, Krissy C. Nobile, Special Assistant Attorney General for the State of Mississippi, electronically filed the foregoing document with the Clerk of the Court using the ECF system, which sent notice of such filing to the following:

    Daniel J. Mulholland
    FORMAN, PERRY, WATKINS, KRUTZ & TARDY, LLP
    P.O. Box 22608
    200 S. Lamar Street, Suite 100 (39201-4099)
    Jackson, MS 39225-2608
    601/960-8600
    Fax: 601/960-8613
    Email: mulhollanddj@fpwk.com

    Fred Krutz , III
    FORMAN, PERRY, WATKINS, KRUTZ & TARDY
    P.O. Box 22608
    Jackson, MS 39225-2608
    (601) 960-8600
    Email: fred@fpwk.com

    David H. Kramer - PHV
    WILSON, SONSINI, GOODRICH & ROSATI, PC
    650 Page Mill Road
    Palo Alto, CA 94304-1050
    650/493-9300
    Fax: 650/565-5100
    Email: dkramer@wsgr.com

    Blake C. Roberts - PHV
    WILMER, CUTLER, PICKERING, HALE & DORR, LLP
    1801 Pennsylvania Avenue, NW
    Washington, DC 20006
    202/663-6920
    Fax: 202/663-6363
    Email: blake.roberts@wilmerhale.com

    Jamie S. Gorelick - PHV
    WILMER, CUTLER, PICKERING, HALE & DORR, LLP
    1801 Pennsylvania Avenue, NW
    Washington, DC 20006

202/663-6500
Fax: 202/663-6363
Email: jamie.gorelock@wilmerhale.com


Patrick J. Carome - PHV
WILMER, CUTLER, PICKERING, HALE AND DORR, LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
202/663-6610
Fax: 202/663-6363
Email: patrick.carome@wilmerhale.com

Peter Neiman - PHV
WILMER, CUTLER, PICKERING, HALE AND DORR, LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
212/295-6487
Fax: 212/230-8888
Email: peter.neiman@wilmerhale.com

Violetta G. Watson - PHV
WILMER, CUTLER, PICKERING, HALE AND DORR, LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
212/230-8800
Fax: 212/230-8888
Email: violetta.watson@wilmerhale.com

THIS the 10th day of April, 2015.


                              */s/Krissy C. Nobile*_____
                              KRISSY CASEY NOBILE