IN THE UNITED STATES DISRTICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

GOOGLE INC.                                                      PLAINTIFF

V.                                    CIVIL ACTION NO. 3:14-CV-981-HTW-LRA

JIM HOOD, in his official capacity                   **JURY DEMANDED**
as Attorney General of the State of
Mississippi                                                      DEFENDANT

_____

## ANSWER AND DEFENSES
_____

Jim Hood, in his official capacity as Attorney General of the State of
Mississippi ("Attorney General"), files his Answer and Defenses to the
Complaint for Declaratory and Injunctive Relief ("Complaint") [Doc. No. 1]
filed by plaintiff, Google Inc. ("Google").

### FIRST DEFENSE

The Complaint should be dismissed for lack of standing under Article
III of the United States Constitution.

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted
and should therefore be dismissed, in whole or in part, pursuant to Fed. R.
Civ. P. 12(b)(6).

## THIRD DEFENSE

The Complaint should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

## FOURTH DEFENSE

The Court should abstain under the *Younger* abstention doctrine.

## FIFTH DEFENSE

Google's claims are not ripe for adjudication and should be dismissed.

## SIXTH DEFENSE

Google is not entitled to preliminary relief sought in the Complaint.

## SEVENTH DEFENSE

Google is not entitled to immunity under the Communications Decency Act ("CDA") for its own acts.

## EIGHTH DEFENSE

Google's claims are barred, in whole or in part, for lack of standing.

## NINTH DEFENSE

Google failed to state a justiciable claim under the First Amendment of the United States Constitution.

## TENTH DEFENSE

Google has no clearly established constitutional right pursuant to 42 U.S.C. § 1983 with respect to an alleged retaliatory investigation on the part of the Attorney General.

## ELEVENTH DEFENSE

Google failed to state a justiciable claim under the Fourth Amendment to the United States Constitution.

## TWELFTH DEFENSE

The facts not having been fully developed, the Attorney General affirmatively asserts all defenses pursuant to Fed. R. Civ. P. 8(c) and/or 12(b) which are available, or may become available through further discovery.

## THIRTEENTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted. Neither the cited statutes nor Constitutional provisions immunize Google from criminal prosecution under Mississippi law.

## ANSWER

The Attorney General responds to the allegations of the Complaint, paragraph-by-paragraph, as follows:

1.     Denied as stated and The Attorney General demands strict proof. Paragraph 1 states legal conclusions that do not require a response from the Attorney General and if the Attorney General is mistaken in that regard, the allegations contained in paragraph 1 are denied.

2.     The Attorney General is without knowledge or information sufficient to form a belief as to the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.  The Attorney

General admits only that any documents referenced in, or used to generate the allegations in, paragraph 2 speak for themselves.  Any and all remaining allegations contained in paragraph 2 are denied.

3.      Denied as stated and The Attorney General demands strict proof. The Attorney General admits only that any documents referenced in, or used to generate the allegations in, paragraph 3 speak for themselves.  Any and all remaining allegations contained in paragraph 3 are denied.

4.      Denied as stated and The Attorney General demands strict proof. Paragraph 4 states legal conclusions that do not require a response from the Attorney General and if the Attorney General is mistaken in that regard, the allegations contained in paragraph 4 are denied.

5.      Denied as stated and The Attorney General demands strict proof. Paragraph 5 states legal conclusions that do not require a response from the Attorney General and if the Attorney General is mistaken in that regard, the allegations contained in paragraph 5 are denied.

6.      Denied as stated and The Attorney General demands strict proof. Paragraph 6 states legal conclusions that do not require a response from the Attorney General and if the Attorney General is mistaken in that regard, the allegations contained in paragraph 6 are denied.

7.      Denied as stated and The Attorney General demands strict proof. Paragraph 7 states legal conclusions that do not require a response from the

Attorney General and if the Attorney General is mistaken in that regard, the allegations contained in paragraph 7 are denied.

8.    Denied as stated and The Attorney General demands strict proof. Paragraph 8 states legal conclusions that do not require a response from the Attorney General and if the Attorney General is mistaken in that regard, the allegations contained in paragraph 8 are denied.

9.    Denied as stated and The Attorney General demands strict proof. Paragraph 9 states legal conclusions that do not require a response from the Attorney General and if the Attorney General is mistaken in that regard, the allegations contained in paragraph 9 are denied.

10.    Admitted.

11.    The Attorney General is without sufficient knowledge or information to admit or deny the allegations in the first two sentences of paragraph 11.  The allegations in the third sentence of paragraph 11 are denied as stated.  The Attorney General admits only that any documents referenced in, or used to generate the allegations in, the third sentence of paragraph 11 speak for themselves.  Any and all remaining allegations contained in paragraph 11 are denied.  The Attorney General demands strict proof.

12.    Denied as stated.  Further, the Attorney General is without knowledge or information as to Google's actions sufficient to form a belief as

to the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

13.    Denied as stated.  Further, the Attorney General is without knowledge or information as to Google's actions sufficient to form a belief as to the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

14.    Denied as stated.  Further, the Attorney General is without knowledge or information as to Google's actions sufficient to form a belief as to the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

15.    Denied as stated and The Attorney General demands strict proof. The Attorney General admits only that any documents referenced in, or used to generate the allegations in, paragraph 15 speak for themselves.  Any and all remaining allegations contained in paragraph 15 are denied.

16.    Denied as stated.  Further, the Attorney General is without knowledge or information as to Google's actions sufficient to form a belief as to the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

17.    Denied as stated and The Attorney General demands strict proof. Paragraph 17 states legal conclusions that do not require a response from the

6

Attorney General and if the Attorney General is mistaken in that regard, the allegations contained in paragraph 17 are denied.

18.     Denied as stated.  Further, the Attorney General is without knowledge or information as to Google's actions sufficient to form a belief as to the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.   If the Attorney General is mistaken in that regard, the allegations contained in paragraph 18 are denied.

19.     Denied as stated.  Further, the Attorney General is without knowledge or information as to Google's actions sufficient to form a belief as to the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

20.     Denied as stated.  Further, the Attorney General is without knowledge or information as to Google's actions sufficient to form a belief as to the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

21.     Denied as stated.  Further, the Attorney General is without knowledge or information as to Google's actions sufficient to form a belief as to the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

22.     Denied as stated.  Further, the Attorney General is without knowledge or information as to Google's actions sufficient to form a belief as

to the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

23.    Denied as stated.  Further, the Attorney General is without knowledge or information as to Google's actions sufficient to form a belief as to the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

24.    Denied as stated and The Attorney General demands strict proof. The Attorney General admits only that any documents referenced in, or used to generate the allegations in, paragraph 24 speak for themselves.  Any and all remaining allegations contained in paragraph 24 are denied.

25.    Denied as stated and The Attorney General demands strict proof. Paragraph 25 states legal conclusions that do not require a response from the Attorney General and if the Attorney General is mistaken in that regard, the allegations contained in paragraph 25 are denied.

26.    Denied as stated.  Further, the Attorney General is without knowledge or information as to Google's actions sufficient to form a belief as to the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.    The third sentence of paragraph 26 states legal conclusions that do not require a response from the Attorney General and if the Attorney General is mistaken in that regard the allegations in the

second sentence of paragraph 26 are denied.  The Attorney General demands strict proof.

27.    Denied as stated.  Further, the Attorney General is without knowledge or information as to Google's actions sufficient to form a belief as to the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

28.    Denied as stated.  Further, the Attorney General is without knowledge or information as to Google's actions sufficient to form a belief as to the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

29.    Denied as stated.  Further, the Attorney General is without knowledge or information as to Google's actions sufficient to form a belief as to the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

30.    Denied as stated.  Further, the Attorney General is without knowledge or information as to Google's actions sufficient to form a belief as to the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

31.    Denied as stated.  Further, the Attorney General is without knowledge or information as to Google's actions sufficient to form a belief as to the allegations of this paragraph, and therefore denies the same and

demands strict proof thereof.     The Attorney General admits only that any documents referenced in, or used to generate the allegations in, paragraph 31 speak for themselves.  Any and all remaining allegations contained in paragraph 31 are denied.

32.     Denied as stated and The Attorney General demands strict proof. The Attorney General admits only that any documents referenced in, or used to generate the allegations in, paragraph 32 speak for themselves.  Any and all remaining allegations contained in paragraph 32 are denied.

33.     Denied as stated and The Attorney General demands strict proof. The Attorney General admits only that any documents referenced in, or used to generate the allegations in, paragraph 33 speak for themselves.  Any and all remaining allegations contained in paragraph 33 are denied.

34.     Denied as stated and The Attorney General demands strict proof. The Attorney General admits only that any documents referenced in, or used to generate the allegations in, paragraph 34 speak for themselves.  Any and all remaining allegations contained in paragraph 34 are denied.

35.     Denied as stated and The Attorney General demands strict proof. The Attorney General admits only that any documents referenced in, or used to generate the allegations in, paragraph 35 speak for themselves.  Any and all remaining allegations contained in paragraph 35 are denied.

36.     Denied as stated and The Attorney General demands strict proof. The Attorney General admits only that any documents referenced in, or used to generate the allegations in, paragraph 36 speak for themselves.  Any and all remaining allegations contained in paragraph 36 are denied.

37.     Denied as stated and The Attorney General demands strict proof. The Attorney General admits only that any documents referenced in, or used to generate the allegations in, paragraph 37 speak for themselves.  Any and all remaining allegations contained in paragraph 37 are denied.

38.     Denied as stated and The Attorney General demands strict proof. The Attorney General admits only that any documents referenced in, or used to generate the allegations in, paragraph 38 speak for themselves.  Any and all remaining allegations contained in paragraph 38 are denied.

39.     Denied as stated and The Attorney General demands strict proof. The Attorney General admits only that any documents referenced in, or used to generate the allegations in, paragraph 39 speak for themselves.  Any and all remaining allegations contained in paragraph 39 are denied.

40.     Denied as stated and The Attorney General demands strict proof. The Attorney General admits only that any documents referenced in, or used to generate the allegations in, paragraph 40 speak for themselves.  Any and all remaining allegations contained in paragraph 40 are denied.

41.    Denied as stated and The Attorney General demands strict proof. The Attorney General admits only that any documents referenced in, or used to generate the allegations in, paragraph 41 speak for themselves.  Any and all remaining allegations contained in paragraph 41 are denied.

42.    Denied as stated and The Attorney General demands strict proof. The Attorney General admits only that any documents referenced in, or used to generate the allegations in, paragraph 42 speak for themselves.  Any and all remaining allegations contained in paragraph 42 are denied.

43.    Denied as stated and The Attorney General demands strict proof..  The Attorney General admits only that any documents referenced in, or used to generate the allegations in, paragraph 43 speak for themselves. Any and all remaining allegations contained in paragraph 43 are denied.

44.    Denied as stated and The Attorney General demands strict proof. The Attorney General admits only that any documents referenced in, or used to generate the allegations in, paragraph 44 speak for themselves.  Any and all remaining allegations contained in paragraph 44 are denied.

45.    Denied as stated and The Attorney General demands strict proof. The Attorney General admits only that any documents referenced in, or used to generate the allegations in, paragraph 45 speak for themselves.  Any and all remaining allegations contained in paragraph 45 are denied.

46.     Denied as stated and The Attorney General demands strict proof. The Attorney General admits only that any documents referenced in, or used to generate the allegations in, paragraph 46 speak for themselves.  Any and all remaining allegations contained in paragraph 46 are denied.

47.     Denied as stated and The Attorney General demands strict proof. The Attorney General admits only that any documents referenced in, or used to generate the allegations in, paragraph 47 speak for themselves.  Any and all remaining allegations contained in paragraph 47 are denied.

48.     Denied as stated and The Attorney General demands strict proof. The Attorney General admits only that any documents referenced in, or used to generate the allegations in, paragraph 48 speak for themselves.  Any and all remaining allegations contained in paragraph 48 are denied.

49.     Denied as stated and The Attorney General demands strict proof. The Attorney General admits only that any documents referenced in, or used to generate the allegations in, paragraph 49 speak for themselves.  Any and all remaining allegations contained in paragraph 49 are denied.

50.     Denied as stated and The Attorney General demands strict proof. The Attorney General admits only that any documents referenced in, or used to generate the allegations in, paragraph 50 speak for themselves.  Any and all remaining allegations contained in paragraph 50 are denied.

51.    Denied as stated and The Attorney General demands strict proof. The Attorney General admits only that any documents referenced in, or used to generate the allegations in, paragraph 51 speak for themselves.  Any and all remaining allegations contained in paragraph 51 are denied.

52.    Denied as stated and The Attorney General demands strict proof. The Attorney General admits only that any documents referenced in, or used to generate the allegations in, paragraph 52 speak for themselves.  Any and all remaining allegations contained in paragraph 52 are denied.

53.    Denied as stated and The Attorney General demands strict proof. The Attorney General admits only that any documents referenced in, or used to generate the allegations in, paragraph 53 speak for themselves.  Any and all remaining allegations contained in paragraph 53 are denied.

54.    Denied as stated and The Attorney General demands strict proof. The Attorney General admits only that any documents referenced in, or used to generate the allegations in, paragraph 54 speak for themselves.  Any and all remaining allegations contained in paragraph 54 are denied.

55.    Denied as stated and The Attorney General demands strict proof. The Attorney General admits only that any documents referenced in, or used to generate the allegations in, paragraph 55 speak for themselves.  Any and all remaining allegations contained in paragraph 55 are denied.

56.     Denied as stated and The Attorney General demands strict proof. The Attorney General admits only that any documents referenced in, or used to generate the allegations in, paragraph 56 speak for themselves.  Any and all remaining allegations contained in paragraph 56 are denied.

57.     Denied as stated and The Attorney General demands strict proof. The Attorney General admits only that any documents referenced in, or used to generate the allegations in, paragraph 57 speak for themselves.  Any and all remaining allegations contained in paragraph 57 are denied.

58.     Denied as stated and The Attorney General demands strict proof. The Attorney General admits only that any documents referenced in, or used to generate the allegations in, paragraph 58 speak for themselves.  Any and all remaining allegations contained in paragraph 58 are denied.

59.     Denied as stated and The Attorney General demands strict proof. The Attorney General admits only that any documents referenced in, or used to generate the allegations in, paragraph 59 speak for themselves.  Any and all remaining allegations contained in paragraph 59 are denied.

60.     Denied as stated and The Attorney General demands strict proof. The Attorney General admits only that any documents referenced in, or used to generate the allegations in, paragraph 60 speak for themselves.  Any and all remaining allegations contained in paragraph 60 are denied.

61.    Denied as stated and The Attorney General demands strict proof. The Attorney General admits only that any documents referenced in, or used to generate the allegations in, paragraph 61 speak for themselves.  Any and all remaining allegations contained in paragraph 61 are denied.

62.    Denied as stated and The Attorney General demands strict proof. The Attorney General admits only that any documents referenced in, or used to generate the allegations in, paragraph 62 speak for themselves.  Any and all remaining allegations contained in paragraph 62 are denied.

63.    Denied as stated and The Attorney General demands strict proof. The Attorney General admits only that any documents referenced in, or used to generate the allegations in, paragraph 63 speak for themselves.  Any and all remaining allegations contained in paragraph 63 are denied.

64.    Denied as stated and The Attorney General demands strict proof. The Attorney General admits only that any documents referenced in, or used to generate the allegations in, paragraph 64 speak for themselves.  Any and all remaining allegations contained in paragraph 64 are denied.

65.    Denied as stated and The Attorney General demands strict proof. The Attorney General admits only that any documents referenced in, or used to generate the allegations in, paragraph 65 speak for themselves.  Any and all remaining allegations contained in paragraph 65 are denied.

66.     Denied as stated and The Attorney General demands strict proof. The Attorney General admits only that any documents referenced in, or used to generate the allegations in, paragraph 66 speak for themselves.  Any and all remaining allegations contained in paragraph 66 are denied.

67.     Denied as stated and The Attorney General demands strict proof. The Attorney General admits only that any documents referenced in, or used to generate the allegations in, paragraph 67 speak for themselves.  Any and all remaining allegations contained in paragraph 67 are denied.

68.     Denied as stated and The Attorney General demands strict proof. The Attorney General admits only that any documents referenced in, or used to generate the allegations in, paragraph 68 speak for themselves.  The last sentence in paragraph 68 states legal conclusions that do not require a response from the Attorney General and if the Attorney General is mistaken in that regard, the allegations contained in the last sentence of paragraph 68 are denied.  Any and all remaining allegations contained in paragraph 68 are denied.

69.     Denied as stated and The Attorney General demands strict proof. The Attorney General admits only that any documents referenced in, or used to generate the allegations in, paragraph 69 speak for themselves.  Any and all remaining allegations contained in paragraph 69 are denied.

17

70.     Denied as stated and The Attorney General demands strict proof. The Attorney General admits only that any documents referenced in, or used to generate the allegations in, paragraph 70 speak for themselves.  Any and all remaining allegations contained in paragraph 70 are denied.

71.     Denied as stated and The Attorney General demands strict proof. The Attorney General admits only that any documents referenced in, or used to generate the allegations in, paragraph 71 speak for themselves.  Any and all remaining allegations contained in paragraph 71 are denied.

72.     Denied as stated and The Attorney General demands strict proof. The Attorney General admits only that any documents referenced in, or used to generate the allegations in, paragraph 72 speak for themselves.  Any and all remaining allegations contained in paragraph 72 are denied.

73.     Denied as stated and The Attorney General demands strict proof. The Attorney General admits only that any documents referenced in, or used to generate the allegations in, paragraph 73 speak for themselves.  Any and all remaining allegations contained in paragraph 73 are denied.

74.     Denied as stated and The Attorney General demands strict proof. The Attorney General admits only that any documents referenced in, or used to generate the allegations in, paragraph 74 speak for themselves.  Any and all remaining allegations contained in paragraph 74 are denied.

75.     Denied as stated and The Attorney General demands strict proof. The Attorney General admits only that any documents referenced in, or used to generate the allegations in, paragraph 75 speak for themselves.  Any and all remaining allegations contained in paragraph 75 are denied.

76.     Denied as stated and The Attorney General demands strict proof. The Attorney General admits only that any documents referenced in, or used to generate the allegations in, paragraph 76 speak for themselves.  Any and all remaining allegations contained in paragraph 76 are denied.

77.     Denied as stated and The Attorney General demands strict proof. The Attorney General admits only that any documents referenced in, or used to generate the allegations in, paragraph 77 speak for themselves.  Any and all remaining allegations contained in paragraph 77 are denied.

78.     Denied as stated and The Attorney General demands strict proof. The Attorney General admits only that any documents referenced in, or used to generate the allegations in, paragraph 78 speak for themselves.  Any and all remaining allegations contained in paragraph 78 are denied.

79.     Denied as stated and The Attorney General demands strict proof. The Attorney General admits only that any documents referenced in, or used to generate the allegations in, paragraph 79 speak for themselves.  Any and all remaining allegations contained in paragraph 79 are denied.

80.     Denied as stated and The Attorney General demands strict proof. The Attorney General admits only that any documents referenced in, or used to generate the allegations in, paragraph 80 speak for themselves.  Any and all remaining allegations contained in paragraph 80 are denied.

81.     Denied as stated and The Attorney General demands strict proof. The Attorney General admits only that any documents referenced in, or used to generate the allegations in, paragraph 81 speak for themselves.  Any and all remaining allegations contained in paragraph 81 are denied.

82.     Denied.

83.     Denied.

84.     Denied as stated and The Attorney General demands strict proof. Paragraph 84 states legal conclusions that do not require a response from the Attorney General and if the Attorney General is mistaken in that regard, the allegations contained in paragraph 84 are denied.

85.     The Attorney General readopts and realleges the answers in paragraphs 1-84 as if set forth fully herein.

86.     Denied as stated and as applicable to Google.  Further, the Attorney General is without knowledge or information as to Google's actions sufficient to form a belief as to the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.   Paragraph 86 states legal conclusions that do not require a response from the Attorney

20

General and if the Attorney General is mistaken in that regard, the allegations contained in paragraph 86 are denied.

87.     Denied as stated and as applicable to Google.   Further, the Attorney General is without knowledge or information as to Google's actions sufficient to form a belief as to the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.  Paragraph 87 states legal conclusions that do not require a response from the Attorney General and if the Attorney General is mistaken in that regard, the allegations contained in paragraph 87 are denied.

88.     Denied as stated and as applicable to Google.   Further, the Attorney General is without knowledge or information as to Google's actions sufficient to form a belief as to the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.  Paragraph 88 states legal conclusions that do not require a response from the Attorney General and if the Attorney General is mistaken in that regard, the allegations contained in paragraph 88 are denied.

89.     Denied as stated.  Further, the Attorney General is without knowledge or information as to Google's actions sufficient to form a belief as to the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.  Paragraph 89 states legal conclusions that do not require a response from the Attorney General and if the Attorney General

21

is mistaken in that regard, the allegations contained in paragraph 89 are denied.

90.     Denied as stated.  Further, the Attorney General is without knowledge or information as to Google's actions sufficient to form a belief as to the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.  Paragraph 90 states legal conclusions that do not require a response from the Attorney General and if the Attorney General is mistaken in that regard, the allegations contained in paragraph 90 are denied.

91.     Denied as stated.  Further, the Attorney General is without knowledge or information as to Google's actions sufficient to form a belief as to the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.  Paragraph 91 states legal conclusions that do not require a response from the Attorney General and if the Attorney General is mistaken in that regard, the allegations contained in paragraph 91 are denied.

92.     Denied as stated.  Further, the Attorney General is without knowledge or information as to Google's actions sufficient to form a belief as to the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.  Paragraph 92 states legal conclusions that do not require a response from the Attorney General and if the Attorney General

is mistaken in that regard, the allegations contained in paragraph 92 are denied.

93.    The Attorney General readopts and realleges the answers in paragraphs 1-92 as if set forth fully herein.

94.    Denied as stated.  Further, the Attorney General is without knowledge or information as to Google's actions sufficient to form a belief as to the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.  Paragraph 94 states legal conclusions that do not require a response from the Attorney General and if the Attorney General is mistaken in that regard, the allegations contained in paragraph 94 are denied.

95.    Denied as stated.  Further, the Attorney General is without knowledge or information as to Google's actions sufficient to form a belief as to the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.  Paragraph 95 states legal conclusions that do not require a response from the Attorney General and if the Attorney General is mistaken in that regard, the allegations contained in paragraph 95 are denied.

96.    Denied as stated.  Further, the Attorney General is without knowledge or information as to Google's actions sufficient to form a belief as to the allegations of this paragraph, and therefore denies the same and

demands strict proof thereof.  Paragraph 96 states legal conclusions that do not require a response from the Attorney General and if the Attorney General is mistaken in that regard, the allegations contained in paragraph 96 are denied.

97.    Denied as stated.  Further, the Attorney General is without knowledge or information as to Google's actions sufficient to form a belief as to the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.  Paragraph 97 states legal conclusions that do not require a response from the Attorney General and if the Attorney General is mistaken in that regard, the allegations contained in paragraph 97 are denied.

98.    Denied.

99.    Denied as stated.  Further, the Attorney General is without knowledge or information as to Google's actions sufficient to form a belief as to the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.  Paragraph 99 states legal conclusions that do not require a response from the Attorney General and if the Attorney General is mistaken in that regard, the allegations contained in paragraph 99 are denied.

100.   Denied.  Further, the Attorney General is without knowledge or information as to Google's actions sufficient to form a belief as to the

24

allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

101.   The Attorney General readopts and realleges the answers in paragraphs 1-100 as if set forth fully herein.

102.   Denied as stated.  Further, the Attorney General is without knowledge or information as to Google's actions sufficient to form a belief as to the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

103.   Denied as stated.  Further, the Attorney General is without knowledge or information as to Google's actions sufficient to form a belief as to the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

104.   The Attorney General readopts and realleges the answers in paragraphs 1-103 as if set forth fully herein.

105.   Denied.  Further, the Attorney General is without knowledge or information as to Google's actions sufficient to form a belief as to the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

106.   The Attorney General readopts and realleges the answers in paragraphs 1-105 as if set forth fully herein.

107.   Denied.

108.   Throughout Plaintiff's Complaint, Plaintiff makes reference to what appear to be the internal operations and/or processes of Google Inc.  The Attorney General is without knowledge or information sufficient to form a belief as to the allegations concerning the internal operations and/or processes of Google Inc., and therefore denies the same and demands strict proof thereof.

The allegations in the unnumbered paragraph titled "**PRAYER FOR RELIEF**," including subparagraphs (A) through (E), are denied as stated. The allegations in subparagraphs (A) through (E) of the untitled paragraph state legal conclusions that do not require a response from the Attorney General and if the Attorney General is mistaken in that regard, the allegations contained in subparagraphs (A) through (E) are denied.  The Attorney General demands strict proof.

The Attorney General denies that Google is entitled to any relief set out in the Complaint.  All allegations heretofore neither expressly admitted nor denied are now denied.

## DEMAND FOR JURY TRIAL

The Attorney General demands trial by a struck jury on all issues so triable.

THIS the 11th day of May, 2015.

Respectfully Submitted,

26

JIM HOOD, in his official capacity as Attorney General of the State of Mississippi

*/s/ John W. Kitchens*
JOHN W. KITCHENS

John W. Kitchens, (MSB # 101137)
Kitchens Law Firm, P.A.
Post Office Box 799
Crystal Springs, MS 39059-0799
Telephone: 601-892-3067
Facsimile: 601-892-3057
jkitchens@kitchenslaw.net

DOUGLAS T. MIRACLE (MSB # 9648)
SPECIAL ASSISTANT ATTORNEY GENERAL
BRIDGETTE W. WIGGINS (MSB # 9676)
SPECIAL ASSISTANT ATTORNEY GENERAL
KRISSY CASEY NOBILE (MSB # 103577)
SPECIAL ASSISTANT ATTORNEY GENERAL
**Office of the Attorney General**
Post Office Box 220
Jackson, Mississippi 39205-0220
Telephone: (601) 359-5654

## CERTIFICATE OF SERVICE

I, John W. Kitchens, one of the attorneys for Defendant Jim Hood, hereby certify that a true and correct copy of the foregoing document has been filed electronically with the Clerk of Court using the Court's ECF system and thereby served on all counsel of record having entered their appearance in this action:

Fred Krutz, III
Daniel J. Mulholland
FORMAN, PERRY, WATKINS, KRUTZ & TARDY, LLP
P.O. Box 22608

27

200 S. Lamar Street, Suite 100 (39201-4099)
Jackson, MS 39225-2608
Email: fred@fpwk.com
Email: mulhollanddj@fpwk.com

David H. Kramer - PHV
WILSON, SONSINI, GOODRICH & ROSATI, PC
650 Page Mill Road
Palo Alto, CA 94304-1050
Email: dkramer@wsgr.com

Blake C. Roberts - PHV
WILMER, CUTLER, PICKERING, HALE & DORR, LLP
1801 Pennsylvania Avenue, NW
Washington, DC 20006
Email: blake.roberts@wilmerhale.com

Jamie S. Gorelick - PHV
WILMER, CUTLER, PICKERING, HALE & DORR, LLP
1801 Pennsylvania Avenue, NW
Washington, DC 20006
Email: jamie.gorelock@wilmerhale.com

Patrick J. Carome - PHV
WILMER, CUTLER, PICKERING, HALE AND DORR, LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Email: patrick.carome@wilmerhale.com

Peter Neiman - PHV
WILMER, CUTLER, PICKERING, HALE AND DORR, LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Email: peter.neiman@wilmerhale.com

Violetta G. Watson - PHV
WILMER, CUTLER, PICKERING, HALE AND DORR, LLP
7 World Trade Center
250 Greenwich Street

28

New York, NY 10007
Email: violetta.watson@wilmerhale.com

Andrew L. Deutsch, PHV
DLA PIPER LLP
1251 Avenue of Americas
New York, NY 10020-1104
Email: andrew.deutsch@dlapiper.com

C. Michael Ellingburg, Esq.
Brooke M. Trusty, Esq.
Daniel Coker Horton & Bell
Post Office Box 1084
Jackson, MS 39215
Email: mellingburg@danielcoker.com
Email: btrusty@danielcoker.com

Chris Johnstone, PHV
WILMER, CUTLER, PICKERING, HALE AND DORR, LLP
950 Page Mill Road
Palo Alto, CA 94304
Email:  chris.johnstone@wilmerhale.com

Christopher Bouchoux, PHV
WILMER, CUTLER, PICKERING, HALE AND DORR, LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Email:  christopher.bouchoux@wilmerhale.com

Corynne McSherry, PHV
Electronic Frontier Foundation
815 Eddy Street
San Francisco CA 94109 USA
Email: corynne@eff.org


Eli J. Kay-Oliphant, PHV
MASSEY GAIL
50 East Washington Street, Ste 400
Chicago, IL 60602

Emai: ekay-oliphant@masseygail.com

Herbert W. Wilson II, Esq.
Attorney at Law
Post Office Box 6031
Gulfport, MS 39506
Email: herb@gulfcoastlawyers.ms

Jason R. Bush, Esq.
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC
4268 I-55 North
Jackson, MS 39211
Email: jbush@bakerdonelson.com

Jonathan S. Massey, PHV
1325 G Street, NW, Ste 500
Washington, DC 20025
Email: jmassey@masseygail.com

Laura S. Crittenden, PHV
Attorney at Law
688 Mt. Vernon Drive
Lexington, KY 40502
Laura.critenden@ky.gov

Michael J. Bentley, Esq.
BRADLEY AVANT BOULT & CUMMONS
One Jackson Place, Ste 400
Jackson, MS 39201
Mbentley@babc.com

Paul D. Clement, PHV
BANCROFT PLLC
1919 M Street, NW, Ste 470
Washington, DC 20036
Email: pclement@bancroftpllc.com

Jeffrey M Harris, PHV
BANCROFT PLLC
1919 M Street, NW, Ste 470

Washington, DC 20036
Email: jharris@bancroftpllc.com

R. David Kaufman, Esq.
Brunini Law
The Pinnacle Building, Ste 100
190 East Capitol Street
Jackson, MS 39201
Email: dkaufman@bruini.com

Robert S. Schwartz, PHV
CONSTANTINE CANNON
335 Madison Avenue, 9th Floor
New York, NY 10017
Email: rschwartz@constantinecannon.com

Seth D. Greenstein, PHV
CONSTANTINE CANNON
1001 Pennsylvania Avnue, NW, Ste 1300N
Washington, DC 20004
Email: sgreenstein@constantinecannon.com

Viet D. Dinh, PHV
BANCROFT PLLC
1919 M Street, NW, Ste 470
Washington, DC 20036
Email: vdinh@bancroftpllc.com


THIS the 11th day of May, 2015.


                                        /s/ John W. Kitchens
                                        JOHN W. KITCHENS


John W. Kitchens, (MSB # 101137)
Kitchens Law Firm, P.A.
Post Office Box 799
Crystal Springs, MS 39059-0799
Telephone: 601-892-3067
Facsimile: 601-892-3057
jkitchens@kitchenslaw.net

DOUGLAS T. MIRACLE (MSB # 9648)
SPECIAL ASSISTANT ATTORNEY GENERAL
BRIDGETTE W. WIGGINS (MSB # 9676)
SPECIAL ASSISTANT ATTORNEY GENERAL
KRISSY CASEY NOBILE (MSB # 103577)
SPECIAL ASSISTANT ATTORNEY GENERAL
**Office of the Attorney General**
Post Office Box 220
Jackson, Mississippi 39205-0220
Telephone: (601) 359-5654