IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

EXHIBIT A

GOOGLE INC.                                                                            PLAINTIFF

V.                                                        CIVIL ACTION NO. 3:14-CV-981-HTW-LRA

JIM HOOD, in his official capacity
as Attorney General of the State of
Mississippi                                                                        DEFENDANT

---

**DEFENDANT'S NOTICE OF 30(b)(6) DEPOSITION OF GOOGLE INC.,
Re: User Agreements (Revised Deposition No. 1)**

---

To:     Google Inc., by and through its attorneys of record, Fred Krutz and Daniel J.
        Mulholland, FORMAN WATKINS KRUTZ & TARDY LLP, 200 South Lamar
        Street, Suite 100, Jackson, Mississippi 39201; David H. Kramer, WISON,
        SONSINI, GOODRICH & ROSATI, PC, 650 Page Mill Road, Palo Alto,
        California 94304; Jamie Gorelick, Patrick Carome, Paul Lekas, and Blake
        Roberts, WILMER CUTLER PICKERING HALE AND DOOR LLP, 1875
        Pennsylvania Ave. NW, Washington, DC 20006; and Peter Neiman & Violetta
        Watson, WILMER CUTLER PICKERING HALE AND DOOR LLP, 7 World
        Trade Center, 250 Greenwich Street, New York, NY 10007.

PLEASE TAKE NOTICE that Defendant shall take the deposition upon oral examination
of Plaintiff, Google Inc. ("Google"), regarding the matters designated under "Areas of
Examination" below. This deposition will be taken pursuant to Federal Rules of Civil Procedure
("F.R.C.P."), Rules 26 and 30(b)(5) and (6), and will be recorded by stenographic and/or sound
and visual means before an officer authorized by law to administer oaths. The deposition will
take place on at a date, time and location set forth below or at another mutually agreed-upon
date, time and location and shall continue from day-to-day until completed.

DEPONENT:      Google Inc. (Pursuant to Fed. R. Civ. P. 30(b)(6))

DATE:          June 9, 2015

TIME:          9:00 a.m. CDT

LOCATION:      Mississippi Attorney General's Office, Walter Sillers Building, 550
               High Street, Suite 1200, Jackson, MS 39201

1

Pursuant to Fed. R. Civ. P. 30(b)(6), said Deponent has the duty to "designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf," and such person(s) must testify about "information known or reasonably available to the organization."  The person(s) so designated shall be required to testify and to bind Google as to each of those matters known or reasonably known to Google.

In accordance with Rule 30(b)(2) and Rule 34, the person(s) so designated is requested to produce the discoverable information, documents, electronically stored information, and tangible things set forth on the attached Document Requests.  The person(s) so designated shall be required to testify as to each of those documents/matters known or reasonably known to Google and to testify as to both the reason for Google's possession of the document(s) and the authenticity of the document.

Moreover, the examining Party gives express prior notice that any objections to the scope of this examination are deemed waived if relief from the Court is not granted.  The examining Party is prepared to meet and confer concerning the scope of this examination, but absent an agreement to the contrary, the examining Party intends to proceed without objection as to the scope unless ordered otherwise by the Court.

## DEFINITIONS

The following definitions shall apply:

(1)     "ADVERTISER" or "ADVERTISING" means as GOOGLE uses the term in Paragraphs 11-16 of Google's Complaint for Declaratory and Injunctive Relief.

(2)     "ALL" shall mean any and all, and the term "ANY" shall mean any and all, unless the context clearly requires otherwise.

(3)     "AND" and "OR" shall be construed disjunctively or conjunctively as necessary to reach the broadest construction possible of the topic.

(4)     "CONTENT" is defined as Google uses the term in the Google Terms of Service, last modified: April 14, 2014.

(5)    "DOCUMENT" or "DOCUMENTS" is an all-inclusive term referring to any written, recorded, graphic or pictorial matter, however produced or reproduced and is used in the broadest sense permitted by the Federal Rules of Civil Procedure and means the original (or any copy when originals are not available) and any drafts or non-identical copies thereof, whether different from the original because of interlineations, receipt stamp, notation of copy sent or received or otherwise, of any book, pamphlet, periodical, letter, report, note, memorandum, record, minutes, calendar or diary entry, transcript, study, compilation, analysis, tabulation, map, diagram, drawing, plan, picture, summary, working paper, chart, graph index, data sheet, data processing card, computer printout, summary of a computer printout, tape, contract, agreement, lease, ledger, journal, balance sheet, account, invoice, purchase order, receipt, billing record, financial data, financial statement, file, diary, film, trip ticket, telex, teletype or other messages, telegraph, telegram, expense vouchers, instructions, bulletins, or any other writing or recording of information, as well as all tape recordings, computer tapes, discs and other electronic or mechanical recordings, however, produced, maintained or reproduced, including information stored in or generated by a computer whether or not ever printed out or displayed, within the possession, custody or control of plaintiff or any of its officers, directors, employees, attorneys, or other agents and/or representatives. "DOCUMENT" or "DOCUMENTS" also includes any addenda, changes, additions or deletions made to any DOCUMENT, and all drafts or preliminary versions of DOCUMENTS and all metadata.

(6)    "EACH" shall mean "each and every," and the term "EVERY" shall mean each and every, unless the context clearly requires otherwise.

(7)    "IDENTIFY" means:

(a)    With respect to a PERSON, provide that PERSON's full name, title, responsibilities with respect to the subject matter, and the periods of time that person had such responsibilities, and last known home telephone number and home and business address;

(b)    With respect to a corporation, partnership or other business entity, to

3

provide that entity's full name including any "d/b/a" and/or "a/k/a" names, form of organization, and telephone number and address of principal place of business; and

(c)     With respect to facts, events, and documents, to state with particularity all facts known that bear upon or are related to the matter that is the subject of the inquiry, using the simplest and most factual statements of which YOU are capable but including the IDENTITY of each (known) PERSON or entity whose action, inaction or reaction constitutes part of such facts, and the date(s) of events referenced in such facts.

(8)     "INCLUDING" shall mean including but not limited to.

(9)     "INTERNET PROTOCOL ADDRESS" means as Google uses and defines the phrase in Google's Privacy Policy and Key terms.

(10)     "LOCATION HISTORY" means as Google uses and defines the phrase in Google's Privacy Policy.

(11)     "LOCATION INFORMATION" means as Google uses and defines the phrase in Google's Privacy Policy.

(12)     "PERSON" as used herein means natural person, association, company, corporation, firm, institute, joint ventures, partnerships, sole proprietorship, and any other form of business or business organization, arrangement, legal, governmental or quasi-governmental entity, association or agency, including any directors, officers, employees, agents or representatives thereof. If other than a natural person, include all natural persons associated with such entity.

(13)     "RELATING TO" means in whole or in part analyzing, commencing upon, constituting, containing, concerning, consisting of, dealing with, describing, discussing, embodying, evidencing, identifying, involved with, memorializing, mentioning, referring to, reflecting, showing, stating, summarizing  or in any way pertaining to the referenced matter or thing.

(14)     "USE" or "USES" shall include but not be limited to the act or practice of

4

employing something; the fact or state of being used; a method or manner of employing or applying something; a particular service or end; and the quality of being suitable for employment.

(15)    "USER" or "USERS" means as Google uses the term in Paragraphs 11-16 of Google's Complaint for Declaratory and Injunctive Relief.

(16)    "YOU," "YOUR," or "GOOGLE" means Defendant, Google Inc., its subsidiaries, YouTube, divisions, predecessor and successor companies, affiliates, parents, any joint venture to which it may be a party, and/or each of its  employees, officers, directors, agents, servants, attorneys, investigators, contractors, representatives, consultants, experts, technicians, accountants and other persons acting on YOUR behalf, including any person who served in any such capacity at any time.

(17)    The singular form of a word shall be interpreted as a plural as well.  References to the singular shall include the plural, and references to the plural shall include the singular as may be appropriate to construe the individual topics and document requests in the broadest form.

## INSTRUCTIONS

In accordance with Rule 30(b)(2) and Rule 34, the person(s) so designated is requested to produce the discoverable information, documents, electronically stored information, and tangible things set forth herein.  This document request specifically excludes documents already produced by YOU in this litigation.  It is requested that all of the following documents be produced seven (7) days prior to the scheduled deposition.  The examiner expressly reserves the right to continue or reopen the deposition should the deponent fail to timely produce the requested documents and hereby gives the deponent express advance notice that late production will likely result in prejudice to the examining party, please conduct yourself accordingly.

Moreover, the examining Party gives express prior notice that any objections to the scope of these requests are deemed waived if relief from the Court is not granted.  The examining Party is prepared to meet and confer concerning the scope of these requests, but absent an agreement to

the contrary, the examining Party intends to proceed without objection as to the scope unless ordered otherwise by the Court.

(1)     Responsive documents shall be produced so as to be available for use at the deposition in paper and electronic form as they have been kept in the usual course of business and shall not be shuffled or otherwise rearranged.  Alternatively, Google may produce responsive documents organized and labeled to correspond to the enumerated requests of this demand so as to be available for use at the deposition in paper and electronic form.   If any portion of any document is responsive to any request, then the entire document must be produced.   Documents that are found stapled, clipped, or otherwise fastened together shall be produced in such form.  If there is no document responsive to any particular category, Google shall so state under oath or in writing.

(2)     If any portion of a document is responsive to an individual document request, then the entire document shall be produced.  If the document contains privileged material, produce the entire document with the privileged material redacted, noting the redactions on the face of the document.

(3)     If information stored in, or accessible through, computer or other data retrieval systems is produced, it must be produced in paper or accompanied with instructions and all other materials necessary to use or interpret such data to be used at the deposition.

(4)     All documents which cannot be legibly copied should be produced in their original form.

(5)     Each individual document request set forth herein shall be construed independently and not with reference to any other request for purposes of limitation unless a particular request so specifies.

(6)     Where specific documents are listed as part of a general category of documents, then such listed documents as well as all other documents falling within such general category shall be produced.  If any responsive document is withheld under a claim of privilege, Google

6

shall furnish a list specifying each such document and setting forth the following information: (i) the date of the document; (ii) the number of pages of the document; (iii) the name and last known address of each person who prepared or participated in the preparation of the document; (iv) the name and last known address of each addressee or other person to whom the document, or any part thereof, was sent or to whom the document or its contents, or any part thereof, was disclosed; (v) a summary of the general subject matter of the document (and such other information as is necessary to identify the document such as whether the document is a letter or memorandum); (vi) a statement of the basis upon which the asserted privilege is claimed; and (vii) the individual document request herein to which the document is responsive. If no documents are withheld under a claim of privilege, so state.  Any document or part of a document withheld under a claim of privilege must be preserved.

(7)     If any document responsive to this request once existed but has been destroyed or discarded, or is otherwise not capable of being produced, Google shall furnish a list specifying each such document and setting forth the following information: (i) the date of the document; (ii) a description of the subject matter of the document; (iii) the name and last known address of each person who prepared or participated in the preparation of the document; (iv) the name and last known address of each addressee or other person to whom the document, or any part thereof, was sent or to whom the document or its contents, or any part thereof, was disclosed; (v) the name and last known address of any person not covered by items (iii) and (iv) who had possession, custody or control of the document or a copy thereof; (vi) the date on which the document was destroyed or discarded and a statement of the reasons why the document was destroyed or discarded or why such document is not capable of being produced; and (vii) the individual document request herein to which the document is responsive.

(8)     This request for documents shall be deemed continuing in nature so as to require prompt supplemental responses in accordance with Rule 26(e) of the Federal Rules of Civil

Procedure in the event Google becomes aware of, or acquires within its possession, custody or control, additional responsive documents at any time hereafter.

## AREAS OF EXAMINATION

1.      All agreements between Google and third parties which controls the relationship between Google and the third party or which defines the obligations, duties, interests, and rights of Google and the third party concerning content that Google contends is third party content related to:

    a.      Google Search;

    b.      Autocomplete in Google Search;

    c.      YouTube;

    d.      Google's AdWords;

    e.      Google's AdSense;

    f.      YouTube and the option of displaying advertising by the user;

    g.      YouTube and copyrighted audio or video contained in the uploaded video, as alleged in Paragraph 16 of Google's Complaint.

2.      The effective dates of any and all versions of Google's agreements identified in Area of Examination 1.

3.      Google's basis, interpretation, enforcement, and implementation of the terms, phrases, provisions, paragraphs, and sections of the documents identified in Area of Examination 1.

4.      For any of the documents identified in Area of Examination 1, all versions (previous and current) of each of the documents for the years January 1, 2010, to the present.

5.      For any of the documents identified in Area of Examination 1, the basis for, reason for, and explanation of any changes made between versions of each of the documents for the years January 1, 2010,  to the present.

**DOCUMENT REQUEST**

1.      All DOCUMENTS RELATING TO: Areas of Examination numbers 1 - 5.

THIS the 4th day of June, 2015.

                                    Respectfully Submitted,

                                    JIM HOOD, in his official capacity as Attorney
                                    General of the State of Mississippi

                        By:     */s/ John W. Kitchens*                                    

John W. Kitchens, (MSB # 101137)
Kitchens Law Firm, P.A.
Post Office Box 799
Crystal Springs, MS 39059-0799
Telephone: 601-892-3067
Facsimile: 601-892-3057
jkitchens@kitchenslaw.net


DOUGLAS T. MIRACLE (MSB # 9648)
SPECIAL ASSISTANT ATTORNEY GENERAL
BRIDGETTE W. WIGGINS (MSB # 9676)
SPECIAL ASSISTANT ATTORNEY GENERAL
KRISSY CASEY NOBILE (MSB # 103577)
SPECIAL ASSISTANT ATTORNEY GENERAL
**Office of the Attorney General**
Post Office Box 220
Jackson, Mississippi 39205-0220
Telephone: (601) 359-5654
Facsimile: (601) 359-2003
dmira@ago.state.ms.us
bwill@ago.state.ms.us
knobi@ago.state.ms.us

## <u>CERTIFICATE OF SERVICE</u>

I, John W. Kitchens, one of the attorneys for Defendant Jim Hood, hereby certify that a true and correct copy of the foregoing has been served via electronic mail and United States Mail on the following:

Fred Krutz , III, Esq.
Daniel J. Mulholland, Esq.
FORMAN, PERRY, WATKINS, KRUTZ & TARDY, LLP
P.O. Box 22608
200 S. Lamar Street, Suite 100 (39201-4099)
Jackson, MS 39225-2608
Email: mulhollanddj@fpwk.com
Email: fred@fpwk.com

David H. Kramer, PHV
WILSON, SONSINI, GOODRICH & ROSATI, PC
650 Page Mill Road
Palo Alto, CA 94304-1050
Email: dkramer@wsgr.com

Blake C. Roberts, PHV
WILMER, CUTLER, PICKERING, HALE & DORR, LLP
1801 Pennsylvania Avenue, NW
Washington, DC 20006
Email:  blake.roberts@wilmerhale.com

Jamie S. Gorelick, PHV
WILMER, CUTLER, PICKERING, HALE & DORR, LLP
1801 Pennsylvania Avenue, NW
Washington, DC 20006
Email: jamie.gorelock@wilmerhale.com

Patrick J. Carome, PHV
WILMER, CUTLER, PICKERING, HALE AND DORR, LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Email: patrick.carome@wilmerhale.com

Peter Neiman, PHV
WILMER, CUTLER, PICKERING, HALE AND DORR, LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Email:  peter.neiman@wilmerhale.com

Violetta G. Watson, PHV
WILMER, CUTLER, PICKERING, HALE AND DORR, LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Email:  violetta.watson@wilmerhale.com

Andrew L. Deutsch, PHV
DLA PIPER LLP
1251 Avenue of Americas
New York, NY 10020-1104
Email: andrew.deutsch@dlapiper.com

C. Michael Ellingburg, Esq.
Brooke M. Trusty, Esq.
Daniel Coker Horton & Bell
Post Office Box 1084
Jackson, MS 39215
Email: mellingburg@danielcoker.com
Email: btrusty@danielcoker.com

Chris Johnstone, PHV
WILMER, CUTLER, PICKERING, HALE AND DORR, LLP
950 Page Mill Road
Palo Alto, CA 94304
Email:  chris.johnstone@wilmerhale.com

Christopher Bouchoux, PHV
WILMER, CUTLER, PICKERING, HALE AND DORR, LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Email:  christopher.bouchoux@wilmerhale.com

Corynne McSherry, PHV
Electronic Frontier Foundation
815 Eddy Street
San Francisco CA 94109 USA
Email: corynne@eff.org

Eli J. Kay-Oliphant, PHV
MASSEY GAIL
50 East Washington Street, Ste 400
Chicago, IL 60602
Emai: ekay-oliphant@masseygail.com

Herbert W. Wilson II, Esq.
Attorney at Law
Post Office Box 6031
Gulfport, MS 39506
Email: herb@gulfcoastlawyers.ms

Jason R. Bush, Esq.
BAKER DONELSON BEARMAN CLADWELL & BERKOWITZ, PC
4268 I-55 North
Jackson, MS 39211
Email: jbush@bakerdonelson.com

Jonathan S. Massey, PHV
1325 G Street, NW, Ste 500
Washington, DC 20025
Email: jmassey@masseygail.com

Laura S. Crittenden, PHV
Attorney at Law
688 Mt. Vernon Drive
Lexington, KY 40502
Laura.critenden@ky.gov

Michael J. Bentley, Esq.
BRADLEY AVANT BOULT & CUMMONS
One Jackson Place, Ste 400
Jackson, MS 39201
Mbentley@babc.com

Paul D. Clement, PHV
BANCROFT PLLC
1919 M Street, NW, Ste 470
Washington, DC 20036
Email: pclement@bancroftpllc.com

Jeffrey M Harris, PHV
BANCROFT PLLC
1919 M Street, NW, Ste 470
Washington, DC 20036
Email: jharris@bancroftpllc.com

12

R. David Kaufman, Esq.
Brunini Law
The Pinnacle Building, Ste 100
190 East Capitol Street
Jackson, MS 39201
Email: dkaufman@bruini.com

Robert S. Schwartz, PHV
CONSTANTINE CANNON
335 Madison Avenue, 9th Floor
New York, NY 10017
Email: rschwartz@constantinecannon.com

Seth D. Greenstein, PHV
CONSTANTINE CANNON
1001 Pennsylvania Avnue, NW, Ste 1300N
Washington, DC 20004
Email: sgreenstein@constantinecannon.com

Viet D. Dinh, PHV
BANCROFT PLLC
1919 M Street, NW, Ste 470
Washington, DC 20036
Email: vdinh@bancroftpllc.com

THIS the 4th Day of June, 2015.

/s/ John W. Kitchens
John W. Kitchens

John W. Kitchens, (MSB # 101137)
Kitchens Law Firm, P.A.
Post Office Box 799
Crystal Springs, MS 39059-0799
Telephone: 601-892-3067
Facsimile: 601-892-3057
jkitchens@kitchenslaw.net

DOUGLAS T. MIRACLE (MSB # 9648)
SPECIAL ASSISTANT ATTORNEY GENERAL
BRIDGETTE W. WIGGINS (MSB # 9676)
SPECIAL ASSISTANT ATTORNEY GENERAL
KRISSY CASEY NOBILE (MSB # 103577)
SPECIAL ASSISTANT ATTORNEY GENERAL
**Office of the Attorney General**
Post Office Box 220
Jackson, Mississippi 39205-0220
Telephone: (601) 359-5654

Facsimile: (601) 359-2003
dmira@ago.state.ms.us
bwill@ago.state.ms.us
knobi@ago.state.ms.us

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

GOOGLE INC.                                                                    PLAINTIFF

V.                                              CIVIL ACTION NO. 3:14-CV-981-HTW-LRA

JIM HOOD, in his official capacity
as Attorney General of the State of
Mississippi                                                                    DEFENDANT

---

**DEFENDANT'S NOTICE OF 30(b)(6) DEPOSITION OF GOOGLE INC.,**
**Re: Processes & Restrictive Measures (Revised Deposition No. 2)**

---

To:     Google Inc., by and through its attorneys of record, Fred Krutz and Daniel J. Mulholland, FORMAN WATKINS KRUTZ & TARDY LLP, 200 South Lamar Street, Suite 100, Jackson, Mississippi 39201; David H. Kramer, WISON, SONSINI, GOODRICH & ROSATI, PC, 650 Page Mill Road, Palo Alto, California 94304; Jamie Gorelick, Patrick Carome, Paul Lekas, and Blake Roberts, WILMER CUTLER PICKERING HALE AND DOOR LLP, 1875 Pennsylvania Ave. NW, Washington, DC 20006; and Peter Neiman & Violetta Watson, WILMER CUTLER PICKERING HALE AND DOOR LLP, 7 World Trade Center, 250 Greenwich Street, New York, NY 10007.

PLEASE TAKE NOTICE that Defendant shall take the deposition upon oral examination of Plaintiff, Google Inc. ("Google"), regarding the matters designated under "Areas of Examination" below.  This deposition will be taken pursuant to Federal Rules of Civil Procedure ("F.R.C.P."), Rules 26 and 30(b)(5) and (6), and will be recorded by stenographic and/or sound and visual means before an officer authorized by law to administer oaths.  The deposition will take place on at a date, time and location set forth below or at another mutually agreed-upon date, time and location and shall continue from day-to-day until completed.

|            |                                                                                      |
|------------|--------------------------------------------------------------------------------------|
| **DEPONENT:** | Google Inc. (Pursuant to Fed. R. Civ. P. 30(b)(6))                              |
| **DATE:**     | June 10, 2015                                                                   |
| **TIME:**     | 9:00 a.m. CDT                                                                   |
| **LOCATION:** | Mississippi Attorney General's Office, Walter Sillers Building, 550 High Street, Suite 1200, Jackson, MS 39201 |

Pursuant to Fed. R. Civ. P. 30(b)(6), said Deponent has the duty to "designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf," and such person(s) must testify about "information known or reasonably available to the organization." The person(s) so designated shall be required to testify and to bind Google as to each of those matters known or reasonably known to Google.

In accordance with Rule 30(b)(2) and Rule 34, the person(s) so designated is requested to produce the discoverable information, documents, electronically stored information, and tangible things set forth on the attached Document Requests. The person(s) so designated shall be required to testify as to each of those documents/matters known or reasonably known to Google and to testify as to both the reason for Google's possession of the document(s) and the authenticity of the document.

Moreover, the examining Party gives express prior notice that any objections to the scope of this examination are deemed waived if relief from the Court is not granted. The examining Party is prepared to meet and confer concerning the scope of this examination, but absent an agreement to the contrary, the examining Party intends to proceed without objection as to the scope unless ordered otherwise by the Court.

## **DEFINITIONS**

The following definitions shall apply:

(1)     "ADVERTISER" or "ADVERTISING" means as GOOGLE uses the term in Paragraphs 11-16 of Google's Complaint for Declaratory and Injunctive Relief.

(2)     "ALL" shall mean any and all, and the term "ANY" shall mean any and all, unless the context clearly requires otherwise.

(3)     "AND" and "OR" shall be construed disjunctively or conjunctively as necessary to reach the broadest construction possible of the topic.

(4)     "CONTENT" is defined as Google uses the term in the Google Terms of Service, last modified: April 14, 2014.

2

(5)      "DOCUMENT" or "DOCUMENTS" is an all-inclusive term referring to any written, recorded, graphic or pictorial matter, however produced or reproduced and is used in the broadest sense permitted by the Federal Rules of Civil Procedure and means the original (or any copy when originals are not available) and any drafts or non-identical copies thereof, whether different from the original because of interlineations, receipt stamp, notation of copy sent or received or otherwise, of any book, pamphlet, periodical, letter, report, note, memorandum, record, minutes, calendar or diary entry, transcript, study, compilation, analysis, tabulation, map, diagram, drawing, plan, picture, summary, working paper, chart, graph index, data sheet, data processing card, computer printout, summary of a computer printout, tape, contract, agreement, lease, ledger, journal, balance sheet, account, invoice, purchase order, receipt, billing record, financial data, financial statement, file, diary, film, trip ticket, telex, teletype or other messages, telegraph, telegram, expense vouchers, instructions, bulletins, or any other writing or recording of information, as well as all tape recordings, computer tapes, discs and other electronic or mechanical recordings, however, produced, maintained or reproduced, including information stored in or generated by a computer whether or not ever printed out or displayed, within the possession, custody or control of plaintiff or any of its officers, directors, employees, attorneys, or other agents and/or representatives. "DOCUMENT" or "DOCUMENTS" also includes any addenda, changes, additions or deletions made to any DOCUMENT, and all drafts or preliminary versions of DOCUMENTS and all metadata.

(6)      "EACH" shall mean "each and every," and the term "EVERY" shall mean each and every, unless the context clearly requires otherwise.

(7)      "IDENTIFY" means:

(a)      With respect to a PERSON, provide that PERSON's full name, title, responsibilities with respect to the subject matter, and the periods of time that person had such responsibilities, and last known home telephone number and home and business address;

(b)      With respect to a corporation, partnership or other business entity, to

3

provide that entity's full name including any "d/b/a" and/or "a/k/a" names, form of organization, and telephone number and address of principal place of business; and

        (c)     With respect to facts, events, and documents, to state with particularity all facts known that bear upon or are related to the matter that is the subject of the inquiry, using the simplest and most factual statements of which YOU are capable but including the IDENTITY of each (known) PERSON or entity whose action, inaction or reaction constitutes part of such facts, and the date(s) of events referenced in such facts.

     (8)     "INCLUDING" shall mean including but not limited to.

     (9)     "INTERNET PROTOCOL ADDRESS" means as Google uses and defines the phrase in Google's Privacy Policy and Key terms.

     (10)    "LOCATION HISTORY" means as Google uses and defines the phrase in Google's Privacy Policy.

     (11)    "LOCATION INFORMATION" means as Google uses and defines the phrase in Google's Privacy Policy.

     (12)    "PERSON" as used herein means natural person, association, company, corporation, firm, institute, joint ventures, partnerships, sole proprietorship, and any other form of business or business organization, arrangement, legal, governmental or quasi-governmental entity, association or agency, including any directors, officers, employees, agents or representatives thereof. If other than a natural person, include all natural persons associated with such entity.

     (13)    "RELATING TO" means in whole or in part analyzing, commencing upon, constituting, containing, concerning, consisting of, dealing with, describing, discussing, embodying, evidencing, identifying, involved with, memorializing, mentioning, referring to, reflecting, showing, stating, summarizing  or in any way pertaining to the referenced matter or thing.

     (14)    "USE" or "USES" shall include but not be limited to the act or practice of

4

employing something; the fact or state of being used; a method or manner of employing or applying something; a particular service or end; and the quality of being suitable for employment.

(15)    "USER" or "USERS" means as Google uses the term in Paragraphs 11-16 of Google's Complaint for Declaratory and Injunctive Relief.

(16)    "YOU," "YOUR," or "GOOGLE" means Defendant, Google Inc., its subsidiaries, YouTube, divisions, predecessor and successor companies, affiliates, parents, any joint venture to which it may be a party, and/or each of its  employees, officers, directors, agents, servants, attorneys, investigators, contractors, representatives, consultants, experts, technicians, accountants and other persons acting on YOUR behalf, including any person who served in any such capacity at any time.

(17)    The singular form of a word shall be interpreted as a plural as well.  References to the singular shall include the plural, and references to the plural shall include the singular as may be appropriate to construe the individual topics and document requests in the broadest form.

## <u>INSTRUCTIONS</u>

In accordance with Rule 30(b)(2) and Rule 34, the person(s) so designated is requested to produce the discoverable information, documents, electronically stored information, and tangible things set forth herein.  This document request specifically excludes documents already produced by YOU in this litigation.  It is requested that all of the following documents be produced seven (7) days prior to the scheduled deposition.  The examiner expressly reserves the right to continue or reopen the deposition should the deponent fail to timely produce the requested documents and hereby gives the deponent express advance notice that late production will likely result in prejudice to the examining party, please conduct yourself accordingly.

Moreover, the examining Party gives express prior notice that any objections to the scope of these requests are deemed waived if relief from the Court is not granted.  The examining Party is prepared to meet and confer concerning the scope of these requests, but absent an agreement to

the contrary, the examining Party intends to proceed without objection as to the scope unless ordered otherwise by the Court.

(1)      Responsive documents shall be produced so as to be available for use at the deposition in paper and electronic form as they have been kept in the usual course of business and shall not be shuffled or otherwise rearranged.  Alternatively, Google may produce responsive documents organized and labeled to correspond to the enumerated requests of this demand so as to be available for use at the deposition in paper and electronic form.   If any portion of any document is responsive to any request, then the entire document must be produced.   Documents that are found stapled, clipped, or otherwise fastened together shall be produced in such form.  If there is no document responsive to any particular category, Google shall so state under oath or in writing.

(2)      If any portion of a document is responsive to an individual document request, then the entire document shall be produced.  If the document contains privileged material, produce the entire document with the privileged material redacted, noting the redactions on the face of the document.

(3)      If information stored in, or accessible through, computer or other data retrieval systems is produced, it must be produced in paper or accompanied with instructions and all other materials necessary to use or interpret such data to be used at the deposition.

(4)      All documents which cannot be legibly copied should be produced in their original form.

(5)      Each individual document request set forth herein shall be construed independently and not with reference to any other request for purposes of limitation unless a particular request so specifies.

(6)      Where specific documents are listed as part of a general category of documents, then such listed documents as well as all other documents falling within such general category shall be produced.  If any responsive document is withheld under a claim of privilege, Google

6

shall furnish a list specifying each such document and setting forth the following information: (i) the date of the document; (ii) the number of pages of the document; (iii) the name and last known address of each person who prepared or participated in the preparation of the document; (iv) the name and last known address of each addressee or other person to whom the document, or any part thereof, was sent or to whom the document or its contents, or any part thereof, was disclosed; (v) a summary of the general subject matter of the document (and such other information as is necessary to identify the document such as whether the document is a letter or memorandum); (vi) a statement of the basis upon which the asserted privilege is claimed; and (vii) the individual document request herein to which the document is responsive. If no documents are withheld under a claim of privilege, so state.  Any document or part of a document withheld under a claim of privilege must be preserved.

(7)     If any document responsive to this request once existed but has been destroyed or discarded, or is otherwise not capable of being produced, Google shall furnish a list specifying each such document and setting forth the following information: (i) the date of the document; (ii) a description of the subject matter of the document; (iii) the name and last known address of each person who prepared or participated in the preparation of the document; (iv) the name and last known address of each addressee or other person to whom the document, or any part thereof, was sent or to whom the document or its contents, or any part thereof, was disclosed; (v) the name and last known address of any person not covered by items (iii) and (iv) who had possession, custody or control of the document or a copy thereof; (vi) the date on which the document was destroyed or discarded and a statement of the reasons why the document was destroyed or discarded or why such document is not capable of being produced; and (vii) the individual document request herein to which the document is responsive.

(8)     This request for documents shall be deemed continuing in nature so as to require prompt supplemental responses in accordance with Rule 26(e) of the Federal Rules of Civil

Procedure in the event Google becomes aware of, or acquires within its possession, custody or control, additional responsive documents at any time hereafter.

## AREAS OF EXAMINATION

1.      Describe and explain the workings of Search to include the algorithms as described in Paragraph 12 of Google's complaint.

2.      Describe and explain the workings of Autocomplete.

3.      Describe and explain the workings of Instant Search.

4.      Describe and explain the workings of YouTube, specifically, but not limited to the "host[ing] of third-party videos on Google's servers" as alleged in Google's complaint.

5.      Describe and explain the workings of AdWords as alleged in Google's complaint.

6.      Describe and explain the workings of AdSense as alleged in Google's complaint.

7.      Describe and explain the factual basis for the assertion that Google is merely a "provider" of an "interactive computer service."

8.      Describe and explain the factual basis for the assertion that "Google [does] not create or develop any content accessible via Google."

11.      Describe and explain how Google attempts to comply with legal requirements and Google's own internal policies as alleged in paragraphs 19-31 of Google's complaint.

12.      Describe and explain Google's policies for accepting advertisements.

## DOCUMENT REQUEST

1.      All DOCUMENTS RELATING TO: Areas of Examination numbers 1 - 12.


THIS the 4th day of June, 2015.

                                        Respectfully Submitted,

                                        JIM HOOD, in his official capacity as Attorney
                                        General of the State of Mississippi


                        By:      */s/ John W. Kitchens*_____

John W. Kitchens, (MSB # 101137)
Kitchens Law Firm, P.A.
Post Office Box 799
Crystal Springs, MS 39059-0799
Telephone: 601-892-3067
Facsimile: 601-892-3057
jkitchens@kitchenslaw.net


DOUGLAS T. MIRACLE (MSB # 9648)
SPECIAL ASSISTANT ATTORNEY GENERAL
BRIDGETTE W. WIGGINS (MSB # 9676)
SPECIAL ASSISTANT ATTORNEY GENERAL
KRISSY CASEY NOBILE (MSB # 103577)
SPECIAL ASSISTANT ATTORNEY GENERAL
**Office of the Attorney General**
Post Office Box 220
Jackson, Mississippi 39205-0220
Telephone: (601) 359-5654
Facsimile: (601) 359-2003
dmira@ago.state.ms.us
bwill@ago.state.ms.us
knobi@ago.state.ms.us

## **CERTIFICATE OF SERVICE**

I, John W. Kitchens, one of the attorneys for Defendant Jim Hood, hereby certify that a

true and correct copy of the foregoing has been served via electronic mail and United States Mail

on the following:

Fred Krutz , III, Esq.
Daniel J. Mulholland, Esq.
FORMAN, PERRY, WATKINS, KRUTZ & TARDY, LLP
P.O. Box 22608
200 S. Lamar Street, Suite 100 (39201-4099)
Jackson, MS 39225-2608
Email: mulholanddj@fpwk.com
Email: fred@fpwk.com

David H. Kramer, PHV
WILSON, SONSINI, GOODRICH & ROSATI, PC
650 Page Mill Road
Palo Alto, CA 94304-1050
Email: dkramer@wsgr.com

Blake C. Roberts, PHV
WILMER, CUTLER, PICKERING, HALE & DORR, LLP
1801 Pennsylvania Avenue, NW
Washington, DC 20006
Email:  blake.roberts@wilmerhale.com

Jamie S. Gorelick, PHV
WILMER, CUTLER, PICKERING, HALE & DORR, LLP
1801 Pennsylvania Avenue, NW
Washington, DC 20006
Email: jamie.gorelock@wilmerhale.com

Patrick J. Carome, PHV
WILMER, CUTLER, PICKERING, HALE AND DORR, LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Email: patrick.carome@wilmerhale.com

10

Peter Neiman, PHV
WILMER, CUTLER, PICKERING, HALE AND DORR, LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Email:  peter.neiman@wilmerhale.com

Violetta G. Watson, PHV
WILMER, CUTLER, PICKERING, HALE AND DORR, LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Email:  violetta.watson@wilmerhale.com

Andrew L. Deutsch, PHV
DLA PIPER LLP
1251 Avenue of Americas
New York, NY 10020-1104
Email: andrew.deutsch@dlapiper.com

C. Michael Ellingburg, Esq.
Brooke M. Trusty, Esq.
Daniel Coker Horton & Bell
Post Office Box 1084
Jackson, MS 39215
Email: mellingburg@danielcoker.com
Email: btrusty@danielcoker.com

Chris Johnstone, PHV
WILMER, CUTLER, PICKERING, HALE AND DORR, LLP
950 Page Mill Road
Palo Alto, CA 94304
Email:  chris.johnstone@wilmerhale.com

Christopher Bouchoux, PHV
WILMER, CUTLER, PICKERING, HALE AND DORR, LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Email:  christopher.bouchoux@wilmerhale.com

Corynne McSherry, PHV
Electronic Frontier Foundation
815 Eddy Street
San Francisco CA 94109 USA
Email: corynne@eff.org

11

Eli J. Kay-Oliphant, PHV
MASSEY GAIL
50 East Washington Street, Ste 400
Chicago, IL 60602
Emai: ekay-oliphant@masseygail.com

Herbert W. Wilson II, Esq.
Attorney at Law
Post Office Box 6031
Gulfport, MS 39506
Email: herb@gulfcoastlawyers.ms

Jason R. Bush, Esq.
BAKER DONELSON BEARMAN CLADWELL & BERKOWITZ, PC
4268 I-55 North
Jackson, MS 39211
Email: jbush@bakerdonelson.com

Jonathan S. Massey, PHV
1325 G Street, NW, Ste 500
Washington, DC 20025
Email: jmassey@masseygail.com

Laura S. Crittenden, PHV
Attorney at Law
688 Mt. Vernon Drive
Lexington, KY 40502
Laura.critenden@ky.gov

Michael J. Bentley, Esq.
BRADLEY AVANT BOULT & CUMMONS
One Jackson Place, Ste 400
Jackson, MS 39201
Mbentley@babc.com

Paul D. Clement, PHV
BANCROFT PLLC
1919 M Street, NW, Ste 470
Washington, DC 20036
Email: pclement@bancroftpllc.com

Jeffrey M Harris, PHV
BANCROFT PLLC
1919 M Street, NW, Ste 470
Washington, DC 20036
Email: jharris@bancroftpllc.com

R. David Kaufman, Esq.
Brunini Law
The Pinnacle Building, Ste 100
190 East Capitol Street
Jackson, MS 39201
Email: dkaufman@bruini.com

Robert S. Schwartz, PHV
CONSTANTINE CANNON
335 Madison Avenue, 9th Floor
New York, NY 10017
Email: rschwartz@constantinecannon.com

Seth D. Greenstein, PHV
CONSTANTINE CANNON
1001 Pennsylvania Avnue, NW, Ste 1300N
Washington, DC 20004
Email: sgreenstein@constantinecannon.com

Viet D. Dinh, PHV
BANCROFT PLLC
1919 M Street, NW, Ste 470
Washington, DC 20036
Email: vdinh@bancroftpllc.com

THIS the 4th Day of June, 2015.

/s/ John W. Kitchens
John W. Kitchens

John W. Kitchens, (MSB # 101137)
Kitchens Law Firm, P.A.
Post Office Box 799
Crystal Springs, MS 39059-0799
Telephone: 601-892-3067
Facsimile: 601-892-3057
jkitchens@kitchenslaw.net

DOUGLAS T. MIRACLE (MSB # 9648)
SPECIAL ASSISTANT ATTORNEY GENERAL
BRIDGETTE W. WIGGINS (MSB # 9676)
SPECIAL ASSISTANT ATTORNEY GENERAL
KRISSY CASEY NOBILE (MSB # 103577)
SPECIAL ASSISTANT ATTORNEY GENERAL
**Office of the Attorney General**
Post Office Box 220
Jackson, Mississippi 39205-0220
Telephone: (601) 359-5654

Facsimile: (601) 359-2003
dmira@ago.state.ms.us
bwill@ago.state.ms.us
knobi@ago.state.ms.us

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

GOOGLE INC.                                                                     PLAINTIFF

V.                                            CIVIL ACTION NO. 3:14-CV-981-HTW-LRA

JIM HOOD, in his official capacity
as Attorney General of the State of
Mississippi                                                                    DEFENDANT

---

**DEFENDANT'S NOTICE OF 30(b)(6) DEPOSITION OF GOOGLE INC.,
Re: Uses (Revised Deposition No. 3)**

---

To:    Google Inc., by and through its attorneys of record, Fred Krutz and Daniel J. Mulholland, FORMAN WATKINS KRUTZ & TARDY LLP, 200 South Lamar Street, Suite 100, Jackson, Mississippi 39201; David H. Kramer, WISON, SONSINI, GOODRICH & ROSATI, PC, 650 Page Mill Road, Palo Alto, California 94304; Jamie Gorelick, Patrick Carome, Paul Lekas, and Blake Roberts, WILMER CUTLER PICKERING HALE AND DOOR LLP, 1875 Pennsylvania Ave. NW, Washington, DC 20006; and Peter Neiman & Violetta Watson, WILMER CUTLER PICKERING HALE AND DOOR LLP, 7 World Trade Center, 250 Greenwich Street, New York, NY 10007.

PLEASE TAKE NOTICE that Defendant shall take the deposition upon oral examination of Plaintiff, Google Inc. ("Google"), regarding the matters designated under "Areas of Examination" below.  This deposition will be taken pursuant to Federal Rules of Civil Procedure ("F.R.C.P."), Rules 26 and 30(b)(5) and (6), and will be recorded by stenographic and/or sound and visual means before an officer authorized by law to administer oaths.  The deposition will take place on at a date, time and location set forth below or at another mutually agreed-upon date, time and location and shall continue from day-to-day until completed.

DEPONENT:         Google Inc. (Pursuant to Fed. R. Civ. P. 30(b)(6))

DATE:             June 11, 2015

TIME:             9:00 a.m. CDT

LOCATION:         Mississippi Attorney General's Office, Walter Sillers Building, 550 High Street, Suite 1200, Jackson, MS 39201

1

Pursuant to Fed. R. Civ. P. 30(b)(6), said Deponent has the duty to "designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf," and such person(s) must testify about "information known or reasonably available to the organization."  The person(s) so designated shall be required to testify and to bind Google as to each of those matters known or reasonably known to Google.

In accordance with Rule 30(b)(2) and Rule 34, the person(s) so designated is requested to produce the discoverable information, documents, electronically stored information, and tangible things set forth on the attached Document Requests.  The person(s) so designated shall be required to testify as to each of those documents/matters known or reasonably known to Google and to testify as to both the reason for Google's possession of the document(s) and the authenticity of the document.

Moreover, the examining Party gives express prior notice that any objections to the scope of this examination are deemed waived if relief from the Court is not granted.  The examining Party is prepared to meet and confer concerning the scope of this examination, but absent an agreement to the contrary, the examining Party intends to proceed without objection as to the scope unless ordered otherwise by the Court.

## **DEFINITIONS**

The following definitions shall apply:

(1)     "ADVERTISER" or "ADVERTISING" means as GOOGLE uses the term in Paragraphs 11-16 of Google's Complaint for Declaratory and Injunctive Relief.

(2)     "ALL" shall mean any and all, and the term "ANY" shall mean any and all, unless the context clearly requires otherwise.

(3)     "AND" and "OR" shall be construed disjunctively or conjunctively as necessary to reach the broadest construction possible of the topic.

(4)     "CONTENT" is defined as Google uses the term in the Google Terms of Service, last modified: April 14, 2014.

(5)     "DOCUMENT" or "DOCUMENTS" is an all-inclusive term referring to any written, recorded, graphic or pictorial matter, however produced or reproduced and is used in the broadest sense permitted by the Federal Rules of Civil Procedure and means the original (or any copy when originals are not available) and any drafts or non-identical copies thereof, whether different from the original because of interlineations, receipt stamp, notation of copy sent or received or otherwise, of any book, pamphlet, periodical, letter, report, note, memorandum, record, minutes, calendar or diary entry, transcript, study, compilation, analysis, tabulation, map, diagram, drawing, plan, picture, summary, working paper, chart, graph index, data sheet, data processing card, computer printout, summary of a computer printout, tape, contract, agreement, lease, ledger, journal, balance sheet, account, invoice, purchase order, receipt, billing record, financial data, financial statement, file, diary, film, trip ticket, telex, teletype or other messages, telegraph, telegram, expense vouchers, instructions, bulletins, or any other writing or recording of information, as well as all tape recordings, computer tapes, discs and other electronic or mechanical recordings, however, produced, maintained or reproduced, including information stored in or generated by a computer whether or not ever printed out or displayed, within the possession, custody or control of plaintiff or any of its officers, directors, employees, attorneys, or other agents and/or representatives. "DOCUMENT" or "DOCUMENTS" also includes any addenda, changes, additions or deletions made to any DOCUMENT, and all drafts or preliminary versions of DOCUMENTS and all metadata.

(6)     "EACH" shall mean "each and every," and the term "EVERY" shall mean each and every, unless the context clearly requires otherwise.

(7)     "IDENTIFY" means:

(a)     With respect to a PERSON, provide that PERSON's full name, title, responsibilities with respect to the subject matter, and the periods of time that person had such responsibilities, and last known home telephone number and home and business address;

(b)     With respect to a corporation, partnership or other business entity, to

3

provide that entity's full name including any "d/b/a" and/or "a/k/a" names, form of organization, and telephone number and address of principal place of business; and

        (c)      With respect to facts, events, and documents, to state with particularity all facts known that bear upon or are related to the matter that is the subject of the inquiry, using the simplest and most factual statements of which YOU are capable but including the IDENTITY of each (known) PERSON or entity whose action, inaction or reaction constitutes part of such facts, and the date(s) of events referenced in such facts.

      (8)      "INCLUDING" shall mean including but not limited to.

      (9)      "INTERNET PROTOCOL ADDRESS" means as Google uses and defines the phrase in Google's Privacy Policy and Key terms.

      (10)     "LOCATION HISTORY" means as Google uses and defines the phrase in Google's Privacy Policy.

      (11)     "LOCATION INFORMATION" means as Google uses and defines the phrase in Google's Privacy Policy.

      (12)     "PERSON" as used herein means natural person, association, company, corporation, firm, institute, joint ventures, partnerships, sole proprietorship, and any other form of business or business organization, arrangement, legal, governmental or quasi-governmental entity, association or agency, including any directors, officers, employees, agents or representatives thereof. If other than a natural person, include all natural persons associated with such entity.

      (13)     "RELATING TO" means in whole or in part analyzing, commencing upon, constituting, containing, concerning, consisting of, dealing with, describing, discussing, embodying, evidencing, identifying, involved with, memorializing, mentioning, referring to, reflecting, showing, stating, summarizing  or in any way pertaining to the referenced matter or thing.

      (14)     "USE" or "USES" shall include but not be limited to the act or practice of

4

employing something; the fact or state of being used; a method or manner of employing or applying something; a particular service or end; and the quality of being suitable for employment.

(15)    "USER" or "USERS" means as Google uses the term in Paragraphs 11-16 of Google's Complaint for Declaratory and Injunctive Relief.

(16)    "YOU," "YOUR," or "GOOGLE" means Defendant, Google Inc., its subsidiaries, YouTube, divisions, predecessor and successor companies, affiliates, parents, any joint venture to which it may be a party, and/or each of its  employees, officers, directors, agents, servants, attorneys, investigators, contractors, representatives, consultants, experts, technicians, accountants and other persons acting on YOUR behalf, including any person who served in any such capacity at any time.

(17)    The singular form of a word shall be interpreted as a plural as well.  References to the singular shall include the plural, and references to the plural shall include the singular as may be appropriate to construe the individual topics and document requests in the broadest form.

## <u>INSTRUCTIONS</u>

In accordance with Rule 30(b)(2) and Rule 34, the person(s) so designated is requested to produce the discoverable information, documents, electronically stored information, and tangible things set forth herein.  This document request specifically excludes documents already produced by YOU in this litigation.  It is requested that all of the following documents be produced seven (7) days prior to the scheduled deposition.  The examiner expressly reserves the right to continue or reopen the deposition should the deponent fail to timely produce the requested documents and hereby gives the deponent express advance notice that late production will likely result in prejudice to the examining party, please conduct yourself accordingly.

Moreover, the examining Party gives express prior notice that any objections to the scope of these requests are deemed waived if relief from the Court is not granted.  The examining Party is prepared to meet and confer concerning the scope of these requests, but absent an agreement to

the contrary, the examining Party intends to proceed without objection as to the scope unless ordered otherwise by the Court.

(1)      Responsive documents shall be produced so as to be available for use at the deposition in paper and electronic form as they have been kept in the usual course of business and shall not be shuffled or otherwise rearranged.  Alternatively, Google may produce responsive documents organized and labeled to correspond to the enumerated requests of this demand so as to be available for use at the deposition in paper and electronic form.   If any portion of any document is responsive to any request, then the entire document must be produced.   Documents that are found stapled, clipped, or otherwise fastened together shall be produced in such form.  If there is no document responsive to any particular category, Google shall so state under oath or in writing.

(2)      If any portion of a document is responsive to an individual document request, then the entire document shall be produced.  If the document contains privileged material, produce the entire document with the privileged material redacted, noting the redactions on the face of the document.

(3)      If information stored in, or accessible through, computer or other data retrieval systems is produced, it must be produced in paper or accompanied with instructions and all other materials necessary to use or interpret such data to be used at the deposition.

(4)      All documents which cannot be legibly copied should be produced in their original form.

(5)      Each individual document request set forth herein shall be construed independently and not with reference to any other request for purposes of limitation unless a particular request so specifies.

(6)      Where specific documents are listed as part of a general category of documents, then such listed documents as well as all other documents falling within such general category shall be produced.  If any responsive document is withheld under a claim of privilege, Google

6

shall furnish a list specifying each such document and setting forth the following information: (i) the date of the document; (ii) the number of pages of the document; (iii) the name and last known address of each person who prepared or participated in the preparation of the document; (iv) the name and last known address of each addressee or other person to whom the document, or any part thereof, was sent or to whom the document or its contents, or any part thereof, was disclosed; (v) a summary of the general subject matter of the document (and such other information as is necessary to identify the document such as whether the document is a letter or memorandum); (vi) a statement of the basis upon which the asserted privilege is claimed; and (vii) the individual document request herein to which the document is responsive. If no documents are withheld under a claim of privilege, so state.  Any document or part of a document withheld under a claim of privilege must be preserved.

(7)     If any document responsive to this request once existed but has been destroyed or discarded, or is otherwise not capable of being produced, Google shall furnish a list specifying each such document and setting forth the following information: (i) the date of the document; (ii) a description of the subject matter of the document; (iii) the name and last known address of each person who prepared or participated in the preparation of the document; (iv) the name and last known address of each addressee or other person to whom the document, or any part thereof, was sent or to whom the document or its contents, or any part thereof, was disclosed; (v) the name and last known address of any person not covered by items (iii) and (iv) who had possession, custody or control of the document or a copy thereof; (vi) the date on which the document was destroyed or discarded and a statement of the reasons why the document was destroyed or discarded or why such document is not capable of being produced; and (vii) the individual document request herein to which the document is responsive.

(8)     This request for documents shall be deemed continuing in nature so as to require prompt supplemental responses in accordance with Rule 26(e) of the Federal Rules of Civil

7

Procedure in the event Google becomes aware of, or acquires within its possession, custody or control, additional responsive documents at any time hereafter.

## **AREAS OF EXAMINATION**

1.      When Google performs all of the actions alleged in Paragraphs 11-16, 19-24, 26-29, and 31 of Google's Complaint for Declaratory and Injunctive Relief and also relating to the services Google Search, Autocomplete, Instant Search, YouTube, AdSense, and AdWords, identify all uses Google makes of:

        a.      user content or data;

        b.      advertiser content or data;

        c.      the content or data of a YouTube user opting to advertise.

2.      Relating to Area of Examination 1, the monetization Google makes of all:

        a.      user content or data;

        b.      advertiser content or data; and

        c.      the content or data of YouTube user opting to advertise.

3.      Relating to Area of Examination 1, Google's content and data collection, storage, and retention policies and practices.

8

**DOCUMENT REQUEST**

1.      All DOCUMENTS RELATING TO: Areas of Examination numbers 1 - 3.


THIS the 4th day of June, 2015.

                                        Respectfully Submitted,

                                        JIM HOOD, in his official capacity as Attorney
                                        General of the State of Mississippi


                        By:      */s/ John W. Kitchens*_____

John W. Kitchens, (MSB # 101137)
Kitchens Law Firm, P.A.
Post Office Box 799
Crystal Springs, MS 39059-0799
Telephone: 601-892-3067
Facsimile: 601-892-3057
jkitchens@kitchenslaw.net


DOUGLAS T. MIRACLE (MSB # 9648)
SPECIAL ASSISTANT ATTORNEY GENERAL
BRIDGETTE W. WIGGINS (MSB # 9676)
SPECIAL ASSISTANT ATTORNEY GENERAL
KRISSY CASEY NOBILE (MSB # 103577)
SPECIAL ASSISTANT ATTORNEY GENERAL
**Office of the Attorney General**
Post Office Box 220
Jackson, Mississippi 39205-0220
Telephone: (601) 359-5654
Facsimile: (601) 359-2003
dmira@ago.state.ms.us
bwill@ago.state.ms.us
knobi@ago.state.ms.us

9

## <u>CERTIFICATE OF SERVICE</u>

I, John W. Kitchens, one of the attorneys for Defendant Jim Hood, hereby certify that a true and correct copy of the foregoing has been served via electronic mail and United States Mail on the following:

Fred Krutz , III, Esq.
Daniel J. Mulholland, Esq.
FORMAN, PERRY, WATKINS, KRUTZ & TARDY, LLP
P.O. Box 22608
200 S. Lamar Street, Suite 100 (39201-4099)
Jackson, MS 39225-2608
Email: mulholland dj@fpwk.com
Email: fred@fpwk.com

David H. Kramer, PHV
WILSON, SONSINI, GOODRICH & ROSATI, PC
650 Page Mill Road
Palo Alto, CA 94304-1050
Email: dkramer@wsgr.com

Blake C. Roberts, PHV
WILMER, CUTLER, PICKERING, HALE & DORR, LLP
1801 Pennsylvania Avenue, NW
Washington, DC 20006
Email:  blake.roberts@wilmerhale.com

Jamie S. Gorelick, PHV
WILMER, CUTLER, PICKERING, HALE & DORR, LLP
1801 Pennsylvania Avenue, NW
Washington, DC 20006
Email: jamie.gorelock@wilmerhale.com

Patrick J. Carome, PHV
WILMER, CUTLER, PICKERING, HALE AND DORR, LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Email: patrick.carome@wilmerhale.com

Peter Neiman, PHV
WILMER, CUTLER, PICKERING, HALE AND DORR, LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Email:  peter.neiman@wilmerhale.com

Violetta G. Watson, PHV
WILMER, CUTLER, PICKERING, HALE AND DORR, LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Email:  violetta.watson@wilmerhale.com

Andrew L. Deutsch, PHV
DLA PIPER LLP
1251 Avenue of Americas
New York, NY 10020-1104
Email: andrew.deutsch@dlapiper.com

C. Michael Ellingburg, Esq.
Brooke M. Trusty, Esq.
Daniel Coker Horton & Bell
Post Office Box 1084
Jackson, MS 39215
Email: mellingburg@danielcoker.com
Email: btrusty@danielcoker.com

Chris Johnstone, PHV
WILMER, CUTLER, PICKERING, HALE AND DORR, LLP
950 Page Mill Road
Palo Alto, CA 94304
Email:  chris.johnstone@wilmerhale.com

Christopher Bouchoux, PHV
WILMER, CUTLER, PICKERING, HALE AND DORR, LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Email:  christopher.bouchoux@wilmerhale.com

Corynne McSherry, PHV
Electronic Frontier Foundation
815 Eddy Street
San Francisco CA 94109 USA
Email: corynne@eff.org

11

Eli J. Kay-Oliphant, PHV
MASSEY GAIL
50 East Washington Street, Ste 400
Chicago, IL 60602
Emai: ekay-oliphant@masseygail.com

Herbert W. Wilson II, Esq.
Attorney at Law
Post Office Box 6031
Gulfport, MS 39506
Email: herb@gulfcoastlawyers.ms

Jason R. Bush, Esq.
BAKER DONELSON BEARMAN CLADWELL & BERKOWITZ, PC
4268 I-55 North
Jackson, MS 39211
Email: jbush@bakerdonelson.com

Jonathan S. Massey, PHV
1325 G Street, NW, Ste 500
Washington, DC 20025
Email: jmassey@masseygail.com

Laura S. Crittenden, PHV
Attorney at Law
688 Mt. Vernon Drive
Lexington, KY 40502
Laura.critenden@ky.gov

Michael J. Bentley, Esq.
BRADLEY AVANT BOULT & CUMMONS
One Jackson Place, Ste 400
Jackson, MS 39201
Mbentley@babc.com

Paul D. Clement, PHV
BANCROFT PLLC
1919 M Street, NW, Ste 470
Washington, DC 20036
Email: pclement@bancroftpllc.com

Jeffrey M Harris, PHV
BANCROFT PLLC
1919 M Street, NW, Ste 470
Washington, DC 20036
Email: jharris@bancroftpllc.com

R. David Kaufman, Esq.
Brunini Law
The Pinnacle Building, Ste 100
190 East Capitol Street
Jackson, MS 39201
Email: dkaufman@bruini.com

Robert S. Schwartz, PHV
CONSTANTINE CANNON
335 Madison Avenue, 9th Floor
New York, NY 10017
Email: rschwartz@constantinecannon.com

Seth D. Greenstein, PHV
CONSTANTINE CANNON
1001 Pennsylvania Avnue, NW, Ste 1300N
Washington, DC 20004
Email: sgreenstein@constantinecannon.com

Viet D. Dinh, PHV
BANCROFT PLLC
1919 M Street, NW, Ste 470
Washington, DC 20036
Email: vdinh@bancroftpllc.com

THIS the 4th Day of June, 2015.

*/s/ John W. Kitchens*
John W. Kitchens

John W. Kitchens, (MSB # 101137)
Kitchens Law Firm, P.A.
Post Office Box 799
Crystal Springs, MS 39059-0799
Telephone: 601-892-3067
Facsimile: 601-892-3057
jkitchens@kitchenslaw.net

DOUGLAS T. MIRACLE (MSB # 9648)
SPECIAL ASSISTANT ATTORNEY GENERAL
BRIDGETTE W. WIGGINS (MSB # 9676)
SPECIAL ASSISTANT ATTORNEY GENERAL
KRISSY CASEY NOBILE (MSB # 103577)
SPECIAL ASSISTANT ATTORNEY GENERAL
**Office of the Attorney General**
Post Office Box 220
Jackson, Mississippi 39205-0220
Telephone: (601) 359-5654

Facsimile: (601) 359-2003
dmira@ago.state.ms.us
bwill@ago.state.ms.us
knobi@ago.state.ms.us