IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| GOOGLE INC. | PLAINTIFF |
| v. | Civil Action No. 3:14-cv-981-HTW-LRA |
| JIM HOOD, in his official capacity as Attorney General of the State of Mississippi | DEFENDANT |

**ATTORNEY GENERAL JIM HOOD'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL DEPOSITIONS AND PRODUCTION OF DOCUMENTS**

JIM HOOD, in his official capacity as Attorney General of the State of Mississippi ("Attorney General" or "General Hood" or "Office"), moves to compel Plaintiff Google, Inc. ("Google") to produce witnesses and documents in response to the Noticed Revised 30(b)(6) Depositions Nos. 1-3 pursuant to Federal Rules of Civil Procedure 26, 30, 34, and 37.

## INTRODUCTION

The Office issued a CID to determine whether Google was providing content on the internet that violates Mississippi law and is neither preempted nor protected by immunity. Rather than fully respond to the CID, or follow state law and litigate the scope of the CID in state court as required by Mississippi state law, Google instead filed this declaratory action in federal court.

In this federal action, the parties are subject to tight discovery deadlines. The Attorney General's Office has made very narrow requests of Google in its discovery. Once again, Google has responded to a valid request by stonewalling. Despite the imminent August 10, 2015 discovery deadline, Google continues to refuse to produce witnesses and documents responsive

to the Attorney General's Noticed Revised 30(b)(6) Depositions Nos. 1-3 and accompanying document requests (together, the "Revised Notices"). Instead, Google has stalled this discovery, relying on its pending motion for a protective order. Google has no basis to refuse to produce witnesses and documents in accordance with the Revised Notices. Local Rule 37 mandates that Google respond to discovery while its protective order motion is pending.

Furthermore, the areas of examination sought by the Revised Notices are narrowly tailored, targeted to test Google's claims of immunity—claims that Google, not the Attorney General—has placed before the Court. Google's Complaint and supporting affidavits are littered with untested assertions of fact offered to prove immunity under federal law. *See* Doc. No. 1 (the "Complaint"). The Attorney General must be permitted to examine those assertions in order to defend this action. Specifically, the Attorney General's Revised Notices focus on three narrow topics:

> (1) whether Google is merely a publisher of third party content and whether it may claim any type of immunity *by virtue of its agreements with users and third parties*;
>
> (2) whether Google is merely a publisher of third party content and whether it may claim any type of immunity *by virtue of Google's actual processes within its services*; and
>
> (3) whether Google is merely a publisher of third party content and whether it may claim any type of immunity by *virtue of Google's use and monetization of content within the services*.

As to each of these, the Attorney General also seeks to test Google's assertion of harm or injury.

The clear pattern which has emerged is that Google seeks to avoid accountability to anyone – whether refusing to respond to a valid CID issued by a state attorney general or refusing to respond to limited discovery requests in this federal action. Respectfully, the

Attorney General asks that the Court grant this Motion to Compel and order Google to produce witnesses and documents responsive to the Revised Notices.

## BACKGROUND

On May 8, 2015, the Attorney General served six 30(b)(6) deposition notices covering subject matters raised by Google's Complaint and supporting affidavits. After several meet and confer sessions with counsel for Google, and in an effort to further narrow the 30(b)(6) notices, on June 4, 2015, General Hood issued three Revised Notices, designed to test Google's core allegations in its Complaint. *See* Declaration of John Kitchens in Support of Defendant Attorney General Jim Hood's Motion to Compel Depositions and Production of Documents ("Kitchens Decl."), Exs. 1-3.

Google's response to date has been to refuse to produce any witnesses or documents responsive to the Revised Notices. Google has no basis to unilaterally halt discovery, especially in light of the August 10, 2015 discovery deadline. Although Google filed a motion for a protective order as to this discovery, Doc. No. 128, no protective order has been granted and the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi expressly provide that a party seeking a protective order must continue to participate in discovery pending a ruling. L. U. Civ. R. 37(d). The Attorney General therefore seeks an order requiring Google to appear for the 30(b)(6) depositions and to produce the documents requested in the Revised Notices.

## ARGUMENT

**I.    The Court Should Compel Google to Produce Witnesses and Documents in Response to the Revised Notices**

In its premature lawsuit, Google has accused the Attorney General of issuing a CID in bad faith. Of course, it is not unusual for a company, upon receipt of a governmental CID – whether from a state attorney general or a federal authority – to claim that the CID is too broad.

3

But the law – on the federal and state level – provides regulators with authority to ask questions to confirm the law is being followed.  Google, with its massive impact and footprint on today's social world, should not be surprised that authorities find it incumbent to confirm Google is following the law – particularly when there is increased incidence and severity of criminal conduct on the web and Google entered into a Non-Prosecution Agreement with the Department of Justice just four years ago.  But Google unilaterally determined it was not subject to a state CID, or to the required process for challenging a CID in state court.

Google sought to avoid accountability in the state investigation by filing this federal action.  But when faced with the Attorney General's discovery requests in the federal action it commenced, Google again operates as if it is not subject to the Federal Rules of Civil Procedure when it does not suit them.  The Attorney General asks that the Court order Google to comply with those Federal Rules and with the Court's March 2, 2015 Order authorizing the full range of discovery methods. Instead of seeking a number of individual depositions, the Attorney General sought to streamline discovery by noticing narrowly tailored 30(b)(6) depositions. While Google may choose who it designates, it may not unilaterally refuse to participate.

After a notice of a Rule 30(b)(6) deposition is served on a party, the party is required to designate one or more officers, directors, managing agents, or other persons who have knowledge of the particular facts to attend the deposition. The representatives nominated by the corporation must testify about information known or reasonably available to the corporation. If a party whose deposition is sought under Rule 30 fails to properly comply with the rule, Rule 37 provides the party who sent the discovery or noticed the deposition the means to file a motion to compel. Fed. R. Civ. P. 37(a)(3)(B).

### A. Google's Argument – that its Pending Motion for a Protective Order Excuses it from Meeting Discovery Obligations - is Without Support.

Google has repeatedly excused its lack of cooperation in discovery by pointing to the motion for a Protective Order filed with the district court. *See* Kitchens Decl. at ¶ 5. But a motion for protective order carries no such immunity.  Local Rule 37(d) is clear:

> The filing of a motion for a protective order to limit or quash a deposition does not operate as a stay of the deposition. It is incumbent upon the party seeking the protection of the court to obtain a ruling on the motion before the scheduled deposition.

Loc. U. Civ. R. 37(d).[1]

No Order for Protection has issued in this case and discovery has not been stayed pending a decision on Google's motion. Indeed, the discovery deadline is in three short weeks.

As this Court has recognized, "[t]he burden is on the party who opposes a request for discovery to show "specifically how each request is overly broad, burdensome or oppressive." *Barnhardt v. Meridian Mun. Separate Sch. Dist.,* 2012 WL 1067105 (S.D. Miss. Mar. 28, 2012)(citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482 (5th Cir 1990). Google has not done so.

Google must continue to participate in discovery and should be ordered to present witnesses and documents in accordance with the Revised Notices.

### B. The Revised Notices Seek Discovery That is Relevant to the Claims in Google's Complaint and the Office's Potential Defenses

Federal Rule of Civil Procedure 26(b)(1) provides that parties may obtain discovery regarding any non-privileged matter which is relevant to the subject matter of the pending

---

[1] Local Rule 37(d) codifies a standard applied across the country. *See, e.g., Barnes v. Madison*, 79 F. App'x 691, 707 (5th Cir. 2003) ("[T]he mere act of filing a motion for a protective order does not relieve a party of the duty to appear; the party is obliged to appear until some order of the court excuses attendance."); *Hepperle v. Johnston,* 590 F.2d 609, 613 (5th Cir. 1979) (Court's inaction on motion for protective order did not relieve party of duty to appear for deposition.); *Hare v. Government Employees Ins. Co.,* 132 F.R.D. 448, 450 (E.D. Tex. 1990) (same).

litigation. Although the information sought may not be admissible at trial, it is discoverable if it appears reasonably calculated to lead to the discovery of admissible evidence. *Francis v. GRT Utilicorp., Inc*, No. 6:09 CV 0425, 2010 WL 3442601 (W.D. La. May 13, 2010). "The aim of these liberal discovery rules is to 'make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent.'" *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1346 (5th Cir. 1978) (quoting *United States v. Procter & Gamble Co.*, 356 U.S. 677, 683 (1958)).

The discovery sought by the Revised Notices is within the scope of Rule 26. The noticed depositions and the corresponding document requests are targeted precisely at an examination of Google's allegations and evidence offered in support of its various claims of immunity. The Attorney General is entitled to challenge the relevant facts plead by Google, and to seek discovery of evidence that would undermine Google's allegations as plead. Because, "[i]n addition to discovering information pertaining to a party's case in chief, it is entirely proper to obtain information for other purposes such as cross-examination of adverse witnesses." *Kerr v. United States Dist. Court for Northern Dist.*, 511 F.2d 192, 196-197 (9th Cir. 1975)(citing *United States v. Meyer*, 398 F.2d 66, 72 (9th Cir. 1968)).

As detailed below, the Revised Notices cover three areas of inquiry: (1) whether Google is merely a publisher of third party content; (2) information regarding the processes used in Google's services; and (3) Google's use and monetization of content within the services at issue in this action. *See* Kitchens Decl. Exs. 1-3.

    **1.**    **Revised Notice No. 1 Seeks Discovery Relevant to the Claims in Google's Complaint as well as the Office's Defenses**

Revised Notice No. 1 focuses on Google's relationship with third parties. The Attorney General is entitled to test the sufficiency of Google's allegations and the evidence it has offered

6

to the Court in relation to its policies, guidelines, and agreements with third-parties. The Attorney General is further entitled to explore defenses that may exist by virtue of the contractual relationships between Google and third-parties.

      a.      **Revised Notice No. 1: Testimony and Documents**

Revised Notice Number 1 seeks testimony on five areas of examination. Area of Examination 1 seeks testimony from Google relating to the written agreements, policies, rules, or documents which control or explain the relationship between Google and third-parties relative to each of Google services which Google identified in its Complaint. Specifically, Area of Examination 1 seeks:

> 1. All agreements between Google and third parties which controls the relationship between Google and the third party or which defines the obligations, duties, interests, and rights of Google and the third party concerning content that Google contends is third party content related to:
>    a. Google Search;
>    b. Autocomplete in Google Search;
>    c. YouTube;
>    d. Google's AdWords;
>    e. Google's AdSense;
>    f. YouTube and the option of displaying advertising by the user;
>    g. YouTube and copyrighted audio or video contained in the uploaded video, as alleged in Paragraph 16 of Google's Complaint.

*See* Kitchens Decl. Ex. 1.

Additionally, the Attorney General seeks testimony relating to the effective dates of documents identified in the first topic (Area of Examination 2); Google's basis, interpretation, enforcement, and implementation of its polices and terms (Area of Examination 3); an identification of all versions of the policies and terms (Area of Examination 4); and an explanation for any changes made between prior and subsequent versions of its policies and terms (Area of Examination 5). *Id.* Pursuant to Rule 30(b)(2), General Hood served an accompanying request for all documents relating to Areas of Examination 1-5.

7

b. **The Testimony and Documents Sought are Relevant to Google's Allegations, Claims for Relief, and the Attorney General's Defenses**

Google claims that it is a *mere publisher* of third party content—nothing more—and is therefore entitled to blanket immunity under the Communications Decency Act ("CDA"). Revised Notice No. 1 seeks facts that will test Google's claims and determine whether some of the content at issue in this case is *Google's content*, not third-party content and thus not afforded immunity under the CDA. Specifically, this deposition seeks to establish that, through its service agreements and its enforcement of terms in its service agreements, Google obtains an ownership interest in content displayed on its services, such that it is not entitled to immunity under the CDA. An inquiry into Google's agreements with third parties, intentions and enforcement of these agreements, and the effective dates, versions and changes to such agreements, is necessary to prove that Google intends to and does take an ownership interest in content displayed on its services.

Thus, the discovery sought in Deposition Notice 1 is directly relevant to the claims and defenses in this case. The Attorney General is entitled to discovery of Google's agreements, documents, and statements regarding the services for which Google has claimed immunity in this lawsuit.

2. **Revised Notice No. 2 Seeks Discovery Relevant to the Claims in Google's Complaint as well as the Office's Defenses**

Revised Notice No. 2 seeks testimony from Google relating to the processes associated with each of the services Google has identified as applicable to this case: Search, YouTube, Adwords, and AdSense. Most of the areas of examination of Notice 2 are specifically tied to enumerated paragraphs within Google's Complaint—allegations about its processes within each service.

a. **Revised Notice No. 2: Testimony and Documents**

The Attorney General seeks Google's testimony regarding the following:

1. Describe and explain the workings of Search to include the algorithms as described in Paragraph 12 of Google's complaint.
2. Describe and explain the workings of Autocomplete.
3. Describe and explain the workings of Instant Search.
4. Describe and explain the workings of YouTube, specifically, but not limited to the "host[ing] of third-party videos on Google's servers" as alleged in Google's complaint.
5. Describe and explain the workings of AdWords as alleged in Google's complaint.
6. Describe and explain the workings of AdSense as alleged in Google's complaint.
7. Describe and explain the factual basis for the assertion that Google is merely a "provider" of an "interactive computer service."
8. Describe and explain the factual basis for the assertion that "Google [does] not create or develop any content accessible via Google."
11. Describe and explain how Google attempts to comply with legal requirements and Google's own internal policies as alleged in paragraphs 19-31 of Google's complaint.
12. Describe and explain Google's policies for accepting advertisements.

*See* Kitchens Decl. Ex. 2.

Pursuant to Rule 30(b)(2), General Hood served an accompanying request for all documents relating to Areas of Examination numbers 1 – 12. *Id*.

b. **The Testimony and Documents Sought are Relevant to Google's Allegations and Claims for Relief in its Complaint, and the Attorney General's Defenses.**

Google has unilaterally claimed that all content associated with Google is created by third parties and thus covered by CDA immunity. This is an expansive claim, unchallenged, and carries significant legal consequences. One purpose of the Attorney General's CID was to determine whether Google in fact created content, and if so, if that content complied with state law. Google relied on this self-serving assertion when it refused to respond to the CID and now relies on that same assertion to support its refusal to respond to these discovery requests. The Court in its March 27, 2015 Order granting Google's Motion for Preliminary Injunction noted

9

that the "grant of Google's motion [for preliminary injunction] does not indicate how the court will ultimately rule on the merits of the case." Doc. No. 88 at 24. Without the discovery sought by the Revised Notices, the Attorney General will be deprived of the ability to defend on the merits of Google's Complaint and the Court will be deprived of a basis upon which to reach the merits of the case.

The Attorney General is entitled to test the sufficiency of Google's allegations and the evidence it has offered in support of its services and processes. Areas of Examination 1-6 seek discovery requesting Google to "describe and explain" how the Google services and features (that Google alleges are the subject of the lawsuit) work. Only a knowledgeable understanding of Google's services and processes will allow a true determination of whether Google is merely performing as an "interactive computer service" under the CDA, versus performing some other role (*see* Complaint, ¶ 88), whether Google is creating content (*see* Complaint, ¶ 89), and whether Google is truly acting as a mere "publisher" (*see* Complaint, ¶ 90). As for Google's defenses under the Copyright Act, an examination of Google's services is necessary to determine whether its processes actually take it outside the scope of protection afforded by the Act.

Area of Examination 11 seeks discovery on Google's compliance with legal requirements and internal policies as alleged by Google in its Complaint. The Attorney General is entitled to test Google's assertion that it sufficiently complies with the legal requirements to receive DMCA safe harbor protection, and its assertions of legal compliance as alleged in paragraphs 19-31 of its Complaint. Area of Examination 12 seeks discovery on Google's policies for accepting advertisements. This inquiry is directly relevant to Google's claim of CDA immunity, as any violation of criminal law destroys this immunity. Given Google's prior conduct that resulted in a non-prosecution agreement with the U.S. Department of Justice, this inquiry is required.

Area of Examination 7 seeks testimony regarding the factual basis for Google's assertion that it is merely a provider of an interactive computer service and not also an information content provider. This issue is central to Google's claim of CDA immunity and the Attorney General is entitled to examine this factual assertion. Google's unilateral, self-serving proclamations are not sufficient.

Area of Examination 8 seeks testimony on Google's assertion that it does not create or develop any content accessible via Google. The Attorney General is willing to modify this area of examination in response to Google's request to limit this request to content that is the subject of the Attorney General's inquiry. Whether or not Google does create or develop such content is central to its immunity claims under the CDA.

### 3. Revised Notice No. 3 Seeks Discovery Relevant to the Claims and Defenses in this Case

Revised Notice No. 3 seeks testimony from Google about its actions alleged in Paragraphs 11-16, 19-24, 26-29, and 31 of Google's Complaint relating to Search, YouTube, Adwords, and related services, and to identify all uses Google makes of user/advertiser content or data and to further identify the monetization of user/advertiser content or data. *See* Kitchens Decl. Ex. 3. In addition, the deposition seeks testimony regarding Google's content and data collection, storage, and retention policies and practices. *Id*.

#### a. **Revised Notice No. 3: Testimony and Documents**

The Attorney General seeks Google's testimony regarding the following:

1. When Google performs all of the actions alleged in Paragraphs 11-16, 19-24, 26-29, and 31 of Google's Complaint for Declaratory and Injunctive Relief and also relating to the services Google Search, Autocomplete, Instant Search, YouTube, AdSense, and AdWords, identify all uses Google makes of:

   a. user content or data;
   b. advertiser content or data;
   c. the content or data of a YouTube user opting to advertise.

11

      2.      Relating to Area of Examination 1, the monetization Google makes of all:

          a.      user content or data;
          b.      advertiser content or data; and
          c.      the content or data of YouTube user opting to advertise.

      3.      Relating to Area of Examination 1, Google's content and data collection, storage, and retention policies and practices.

Pursuant to Rule 30(b)(2), General Hood served an accompanying request for all documents relating to areas of examination numbers 1 – 3.

      b.      **The Testimony and Documents Sought are Relevant to Google's Allegations, claims for relief, and the Attorney General's Defenses.**

In paragraphs 11-16, 19-24, 26-29, and 31 of Google's Complaint, Google alleges how its services use what Google claims to be third-party content. Doc. No. 1. These paragraphs detail how Google believes it is entitled to safe harbor protection under the DMCA under either 17 U.S.C. § 512(a) or (c). Revised Notice No. 3 is targeted to determine whether Google's use, monetization and storage of content or data destroys its safe harbor protection. Under 512(c)(1)(B), a service provider loses safe harbor protection if the provider receives a financial benefit attributable to infringing activity and the service provider has the right and ability to control such activity. Accordingly, an inquiry into Google's monetization though advertising and control over content is directly relevant to its claims of safe harbor protection. This is especially true as Google has made untested allegations regarding its use and monetization of content. *See, e.g.*, Complaint, ¶ 15-16 (facts alleged regarding how Google earns money through AdWords). In addition, how Google uses the content or data of a third-party goes to the heart of whether it is truly just acting as an "interactive computer service" (Complaint, ¶ 88), whether it creates content (Complaint, ¶ 89), and whether it is truly just a "publisher" entitled to CDA immunity (Complaint, ¶ 90). Finally, Google's storage of content on its servers, Doc. No. 1 at ¶ 21, may

also eliminate safe harbor protection, as 17 U.S.C. § 512(a) requires that a service provides must act only as a mere conduit for the transmission of information.

### C. The Attorney General Has Been Prejudiced by Google's Delay

Google's refusal to participate and respond to the Attorney General's discovery requests is preventing the Attorney General from completing discovery, from evaluating the merits of Google's claims, and from adequately preparing a defense. Discovery is scheduled to end on August 10, 2015. Dispositive motions are due 30 days later, on September 9, 2015. At this point, the Attorney General will have no opportunity to propound additional discovery relating to issues that may arise out of the depositions, and very little time to prepare for dispositive motions. The Court should compel Google to participate and respond to Revised Notices 1-3.

### CONCLUSION

Google has refused to respond to Revised Notices 1-3 without any legitimate basis to do so. Respectfully, the Office requests that the Court compel Google to respond to the Attorney General's Revised Notices, including the document requests therein, in accordance with Rule 37 of the Federal Rules of Civil Procedure.

Dated this 22nd day of July, 2015.

                Respectfully submitted,

                JIM HOOD, in his official capacity as
                Attorney General of the State of Mississippi

                    s/ John W. Kitchens
                John W. Kitchens

John W. Kitchens, (MSB# 101137)
KITCHENS LAW FIRM, P.A.
Post Office Box 799
Crystal Springs, MS 39059-0799
Telephone: 601-892-3067
Facsimile: 601-892-3057
jkitchens@kitchenslaw.net

Douglas T. Miracle (MSB # 9648)
Special Assistant Attorney General
Bridgette W. Wiggins (MSB # 9676)
Special Assistant Attorney General
Krissy Casey Nobile (MSB # 103577)
Special Assistant Attorney General
Alison E. O'Neal McMinn (MSB # 101232)
Special Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
Post Office Box 220
Jackson, MS 39205-0220
Telephone:  601-359-5654

F. Jerome Tapley – PHV
Hirlye R. (Ryan) Lutz III - PHV
CORY WATSON, PC
2131 Magnolia Avenue South, 2nd Floor
Birmingham, AL 35205

Carolyn G. Anderson – PHV
Patricia A. Bloodgood – PHV
ZIMMERMAN REED LLP
1100 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
carolyn.anderson@zimmreed.com
patricia.bloodgood@zimmreed.com

*Attorneys for Defendant Jim Hood*

**CERTIFICATE OF SERVICE**

  I certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of Mississippi by using the Court's CM/ECF system on July 22, 2015. I further certify that all parties are represented by attorneys who are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                  s/ John W. Kitchens
                  John W. Kitchens