# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| Google Inc., | ) |
| | ) |
|                *Plaintiff*, | ) |
| | ) |
| | ) |
| | ) No. 3:14cv981 HTW-LRA |
|       *v.* | ) |
| | ) **PLAINTIFF GOOGLE INC.'S** |
| | ) **MEMORANDUM BRIEF IN** |
| Jim Hood, Attorney General of the State | ) **OPPOSITION TO DEFENDANT** |
| of Mississippi, in his official capacity, | ) **ATTORNEY GENERAL JIM HOOD'S** |
| | ) **MOTION TO COMPEL** |
|                *Defendant.* | ) **DEPOSITIONS AND PRODUCTION** |
| | ) **OF DOCUMENTS.** |
| | ) |
| | ) |

The Attorney General's motion to compel three Rule 30(b)(6) depositions of Google, ECF No. 145 (the "Motion to Compel"), is unnecessary and contrary to the parties' agreement that no deposition would occur until the Court ruled on Google's motion for a protective order. The Motion to Compel should therefore be denied.

*First*, the Motion to Compel is unnecessary because it presents issues identical to those already raised in a prior motion Google filed seeking a protective order with respect to the same Rule 30(b)(6) depositions. *See* Google's Motion for a Protective Order With Respect to Notices of Rule 30(b)(6) Depositions of Google Inc., ECF No. 128 (the "Protective Order Motion"). The Protective Order Motion is fully briefed and ripe for adjudication. Resolution of that motion will resolve all the issues raised in this motion. *Compare* Attorney General Jim Hood's Memorandum of Law in Support of Motion to Compel Depositions and Productions of Documents, ECF No. 146 ("AG Motion to Compel Brief") at 5-12 (arguing why the Revised Notices are appropriate) *with* Attorney General Jim Hood's Memorandum Brief in Opposition to Plaintiff Google Inc.'s Motion for a Protective Order with Respect to Notices of Rule 30(b)(6) Depositions of Google Inc., ECF No. 135 at 13-29 (same). In short, there was no reason for this motion to be filed and no reason for the Court to rule on it while the Protective Order Motion is pending.

*Second*, the Motion To Compel violates the parties' agreement. Prior to filing the Motion for a Protective Order, counsel for Google engaged in an extensive meet-and-confer effort with the Attorney General in an attempt to reach agreement on the proper scope of Rule 30(b)(6) depositions of Google. During this process, Google agreed to provide Rule 30(b)(6) deponents on some of the topics noticed by the Attorney General but objected to other topics as beyond the narrow scope of proper discovery in this case. *See* ECF No. 84 at 8 (Counsel for the Attorney

General stating to the Court that "I think [discovery] would be limited in terms of the number of depositions at this point, very limited.").

When the parties were not able to reach agreement on scope, Google advised counsel for the Attorney General that it intended to seek a protective order to clarify the proper scope of the Rule 30(b)(6) depositions and suggested that it did not make sense for the noticed Rule 30(b)(6) depositions to proceed until the Court resolved the parties' dispute over scope. In a telephone conversation, counsel for the Attorney General agreed that, notwithstanding Local Rule 37(d), which provides that the filing of a protective order motion does not automatically stay a deposition, the Attorney General would not insist on commencing the Rule 30(b)(6) depositions until the Court ruled on Google's Protective Order Motion, thereby obviating the need for Google to formally seek a stay of the noticed depositions pending a ruling on its motion. *See* Declaration of Fred Krutz in Support of Plaintiff Google Inc.'s Opposition to Defendant Attorney General Jim Hood's Motion to Compel Depositions and Production of Documents, ¶ 3. In a June 3, 2015 email, counsel for Google memorialized their understanding that the depositions would not proceed until the Court ruled on the Protective Order Motion:

> [i]t does not make sense to proceed with depositions with such a dispute lingering, as that will inevitably result in question-by-question debates requiring the court's intervention. Unless you are willing to agree to the terms laid out in our May 23 email, the sensible course is to have Judge Wingate resolve the proper scope of discovery first, with depositions – if any are truly necessary – to follow.

*See id.*, Ex. 1 (Email from Fred Krutz to F. Jerome Tapley, June 3, 2015 11:57 AM). Counsel for the Attorney General did not object to these terms and instead promptly signed the Good Faith Certificate permitting Google to file its Protective Order motion. *Id.*, Ex. 2. (Email from F. Jerome Tapley to Fred Krutz, June 4, 2015 1:01 PM). The Motion To Compel is inconsistent

with the parties' agreement that the Attorney General would *not* insist on the deposition going forward prior to a ruling on Google's Protective Order Motion.[1]

Finally, although the Attorney General contends that Local Rule 37(d) supports his motion, he has not identified a single case ordering a deposition to commence when a timely protective order motion remains pending. The three cases the Attorney General does cite involved either untimely protective order motions or no protective order motion at all. *See Barnes v. Madison*, 79 Fed. App'x 691, 707 (5th Cir. 2003) (motion filed so late deponent "could hardly have expected in good faith to receive a court order excusing her attendance."); *Hepperle v. Johnston*, 590 F.2d 609, 611 (5th Cir. 1979) (motion for a protective order not filed until "after his first failure to appear" at a properly noticed deposition); *Hare v. Gov't Employees Ins. Co.*, 132 F.R.D. 448, 449-50 (E.D. Tex. 1990) (no protective order motion). Where, as here, there is a timely protective order motion pending, there is no basis to file a duplicative motion to compel. *See Talon Transaction Techs., Inc. v. Stoneeagle Servs., Inc.*, No. 3:13-CV-902-P, 2014 WL 6819846, at *2 (N.D. Tex. Dec. 4, 2014) (a "pending motion for protective order … protects a party from designating a witness to appear and testify as to the particular topics addressed in the

---

[1] In his brief in support of the Motion to Compel, the Attorney General does not acknowledge his prior agreement. Instead, he accuses Google of "stonewalling" discovery. AG Motion to Compel Brief, ECF No. 146, at 1. That is simply not true:
- Prior to the start of formal discovery, Google voluntarily provided the Attorney General with approximately 100,000 pages of documents and 100 pages of written answers to his questions.
- During discovery, Google produced additional documents in response to the Attorney General's request for production of documents. The Attorney General has not filed a motion challenging any aspect of Google's response to his request for production of documents.
- Google also provided a detailed privilege log with 345 entries. The Attorney General has not challenged any aspect of the log.
- Google has offered to make available for Rule 30(b)(1) depositions the five employees whose declarations were submitted in support of the preliminary injunction motion. The Attorney General asked to schedule those depositions for the first time today, August 3, 2015.

pending motion"); *Goldberg v. Lowe*, 509 F. Supp. 412, 423-24 (N.D. Miss. 1981) (overruling magistrate's sanction order where a timely filed motion for protective order "was justified"); *see also Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 143 (E.D. Tex. 2003) (explaining that a party satisfies Federal Rule 37(d)'s requirement of a "pending motion for a protective order" where its timely filed motion states "why a motion for a protective order is needed for each disputed deposition topic"); *McBride v. Haliburton Co.*, 272 F.R.D. 235, 242 (D.D.C. 2011) (holding that pending motion for protective order excused appearance at Rule 30(b)(6) deposition and that Federal Rule 37 does not require a party "to have had the court grant the protective order or to insist upon the court granting it on an emergency basis.").[2]

For all these reasons, the Court should rule on the pending Motion for a Protective Order, which will render moot the Attorney General's duplicative motion to compel. Google also incorporates by reference the contentions of law and fact articulated in support of its Motion for a Protective Order into this Opposition to the Attorney General's unnecessary motion to compel.

---

[2] Federal Rule of Civil Procedure 37(d) specifies that a "pending motion for a protective order" operates as an "excuse" that precludes sanctions for failing to appear at a deposition. To the extent the Attorney General's interpretation of Local Rule 37(d) would be inconsistent with the Federal Rule, the Federal Rule must prevail. *See John v. State of La. (Bd. of Trustees for State Colleges & Universities)*, 757 F.2d 698, 707 (5th Cir. 1985) (rejecting construction of local court rule that was inconsistent with Federal Rule); *see also* Fed. R. Civ. P. 83 (requiring that all local rules must be consistent with the Federal Rules).

## CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court deny the Attorney General's motion.

DATED this 3rd day of August, 2015.

Respectfully submitted,

OF COUNSEL:
Jamie S. Gorelick
Patrick J. Carome
Blake C. Roberts
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Ave., NW
Washington, DC 20006
Telephone:  (202) 663-6000
Facsimile:  (202) 663-6363
jamie.gorelick@wilmerhale.com
patrick.carome@wilmerhale.com
blake.roberts@wilmerhale.com

Peter G. Neiman
Christopher J. Bouchoux
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone:  (212) 230-8000
Facsimile:  (212) 230-8888
peter.neiman@wilmerhale.com
christopher.bouchoux@wilmerhale.com

Chris Johnstone
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100
chris.johnstone@wilmerhale.com

  s/Fred Krutz
Fred Krutz, MSB No. 4270
Daniel J. Mulholland, MSB No. 3643
FORMAN WATKINS
  KRUTZ & TARDY LLP
200 South Lamar Street, Suite 100
Jackson, Mississippi 39201
Post Office Box 22608
Jackson, Mississippi 39225-2608
Phone:  (601) 960-8600
Facsimile:  (601) 960-8613
fred.krutz@formanwatkins.com
daniel.mulholland@formanwatkins.com
*Attorneys for Plaintiff Google Inc.*

- 6 -

**CERTIFICATE OF SERVICE**

    I certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of Mississippi by using the Court's CM/ECF system on August 3, 2015. I further certify that all parties are represented by attorneys who are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                                                          s/Fred Krutz
                                                                          Fred Krutz, MSB#4270