IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| Google Inc., *Plaintiff,* <br><br> v. <br><br> Jim Hood, Attorney General of the State of Mississippi, in his official capacity, <br> *Defendant.* | No. 3:14-CV-981-HTW-LRA <br><br> **Declaration of Fred Krutz in Support of Plaintiff Google Inc.'s Opposition to Defendant Attorney General Jim Hood's Motion to Compel Depositions and Production of Documents.** |

I, Fred Krutz, hereby declare as follows:

1. I am a partner of Forman Watkins Krutz & Tardy LLP, City Centre Suite 100, 200 South Lamar Street, Jackson, Mississippi, and counsel for Plaintiff Google Inc. ("Google") in this matter. I submit this declaration in support of Google's Opposition to Defendant Attorney General Jim Hood's Motion to Compel Depositions and Production of Documents.

2. Attached hereto as Exhibit 1 is a true and accurate copy of an email from Fred Krutz to F. Jerome Tapley, dated June 3, 2015 at 11:57 AM.

3. Attached hereto as Exhibit 2 is a true and accurate copy of an email from F. Jerome Tapley to Fred Krutz, dated June 4, 2015 at 1:01 PM.

4. Prior to filing its Motion for a Protective Order With Respect to Notices of Rule 30(b)(6) Depositions of Google Inc., ECF No. 128, ("Protective Order Motion") Google's counsel spoke by phone with counsel for the Attorney General regarding proceeding with the Rule 30(b)(6) depositions while the Protective Order Motion was pending. On that call, counsel

for the Attorney General agreed that the Attorney General would not commence the noticed Rule 30(b)(6) depositions until the Court ruled on Google's Protective Order Motion.

I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge.

Executed on August 3, 2015, in Jackson, Mississippi.

_____
Fred Krutz

# EXHIBIT 1

# Bouchoux, Christopher

| | |
|---|---|
| **From:** | Fred Krutz <Fred.Krutz@formanwatkins.com> |
| **Sent:** | Wednesday, June 03, 2015 11:57 AM |
| **To:** | 'F. Jerome Tapley'; Daniel Mulholland; John Kitchens; Blake Bee; Bridgette Wiggins; Carolyn Anderson; Doug Miracle; John Kitchens; Krissy Nobile; Mary Jo Woods; Patricia Bloodgood; Sean Rommel |
| **Cc:** | Neiman, Peter |
| **Subject:** | RE: Google v. Hood: Proposal re Depositions |
| **Attachments:** | 20150603 Good Faith Certificate.pdf |

Jerome,

Your May 28 note confirms what has been clear from the beginning of our meet-and-confer over Rule 30(b)(6) depositions – we have a fundamental disagreement over the proper scope of discovery in this case. It does not make sense to proceed with depositions with such a dispute lingering, as that will inevitably result in question-by-question debates requiring the court's intervention. Unless you are willing to agree to the terms laid out in our May 23 email, the sensible course is to have Judge Wingate resolve the proper scope of discovery first, with depositions – if any are truly necessary – to follow.

In our view, the proper scope of discovery is narrow because Google's complaint is narrow. The Attorney General spent two years making quite specific threats to prosecute Google for displaying particular content (identified by the Attorney General in presentations and letters to Google) that was created by third parties, and has served Google with a subpoena explicitly aimed (from definition 1 on) at that display of third party content, all with the intent to induce Google to self-censor the third-party content available through its services. That is a violation of, at least, the First, Fourth and Fourteenth Amendments, and the Communications Decency Act. Accordingly, Google sought an injunction barring the Attorney General from prosecuting Google for its display of third party content (as threatened) and from enforcing the subpoena. Google has never sought a broad injunction barring any investigation or prosecution of it.

Given the scope of Google's claims, the Attorney General cannot defend this lawsuit simply by identifying some conduct of Google – other than the display of third-party content -- that is within his lawful authority to regulate. Rather, to defend the Attorney General would need to show that he does have authority on the only matter at issue -- Google's display of third party content. It follows that discovery aimed at probing other Google conduct – such as Google's compliance with its terms of service, or what uses it makes of data provided by third parties – serves no purpose other than to harass Google and perhaps lay the groundwork for some future action by the Attorney General against Google. Neither is a proper use of civil discovery. Judge Wingate did not hesitate to enjoin the Attorney General's prior, bad faith efforts to induce Google to self-censor, and there is no reason to believe he will tolerate further such efforts in the guise of civil discovery.

In these circumstances, Google would be well within its rights to object to all of your 30(b)(6) notices; instead, we have attempted in good faith to negotiate a compromise. Our May 23 proposal is as far as Google is willing to go.

With regard to your specific points below, I note the following:

Points I-VI: I am concerned that your reference to an "ipse dixit" is an attempt to lay the groundwork for a dispute over what constitutes the appropriate level of detail. We are, as indicated in my May 23 email, willing to agree to provide a witness to address these topics in a reasonable degree of detail. If you are willing to agree to this without reservation, then the depositions may proceed. If not, we should let Judge Wingate decide discovery's proper scope before, rather than during, the depositions.

Point VII: Whether Google is, in general, an interactive service provider is settled in the law, and obvious to anyone who has ever entered a search query into Google and followed links to a third-party website or viewed a user-posted video on YouTube. No discovery is reasonably required on this point. Accordingly, we adhere to the position stated in our May 23 email.

Point VIII: The full quote from paragraph 89 of the complaint (which you have only partially excerpted below, omitting the underlined portion) is that "Google did not create or develop any of the content accessible via Google that is the subject of the Attorney General's inquiry." As noted below, we have already provided the Attorney General with information confirming that each item of content about which he complained was created by third parties, not Google, and have offered to "include within the scope of the 30(b)(6) deposition testimony as to the factual bases for that position." But there is no basis for discovery into whether Google created *other* content, about which the Attorney General did not threaten to prosecute Google. Accordingly, we adhere to the position stated in our May 23 email.

Point IX: For the reasons set forth above, we simply disagree with you about the proper scope of discovery, and adhere to the position set forth in our May 23 email.

Point X: Discussion of dates for document production and depositions are premature, as we have not yet reached agreement on scope; if you indicate that our May 23 proposal is acceptable, I have no doubt that we can quickly reach agreements on dates.

Point XI: No response is necessary.

Points XII-XIII. We invited you to consider narrowing your notices (1) and (4), but your response indicates that you are unwilling to do so. So we are at impasse as to these requests

We have attempted to reach a compromise in good faith, and we believe that our May 23 proposal provides you all you are legitimately entitled to, and more. If that proposal is acceptable, we will be happy to move forward with scheduling. If (as appears from your email below) it is not, then our negotiations are at an end, and we ask that you execute the attached revised good faith certificate so that we can promptly move for a protective order which will permit Judge Wingate to decide the proper scope of discovery in this case.

We are prepared to file promptly; to avoid further delays in discovery, we suggest the following briefing schedule:

Google's motion: June 5
AG's Response: June 12
Google's Reply: June 17.
Argument: As soon thereafter as Judge Wingate's schedule permits.

Thanks, Fred



Fred Krutz
* Forman Watkins Krutz & Tardy LLP


**From:** F. Jerome Tapley [mailto:jtapley@CoryWatson.com]
**Sent:** Wednesday, May 27, 2015 3:49 PM
**To:** Daniel Mulholland; John Kitchens; Blake Bee; Bridgette Wiggins; Carolyn Anderson; Doug Miracle; John Kitchens; Krissy Nobile; Mary Jo Woods; Patricia Bloodgood; Sean Rommel
**Cc:** Fred Krutz; Peter G. Neiman WORK:7 World Trade Center (peter.neiman@wilmerhale.com)
**Subject:** RE: Google v. Hood: Proposal re Depositions

# EXHIBIT 2

## Bouchoux, Christopher

| | |
|---|---|
| **From:** | F. Jerome Tapley <jtapley@CoryWatson.com> |
| **Sent:** | Thursday, June 04, 2015 1:01 PM |
| **To:** | Fred Krutz; Daniel Mulholland; John Kitchens; Blake Bee; Bridgette Wiggins; Carolyn Anderson; Doug Miracle; John Kitchens; Krissy Nobile; Mary Jo Woods; Patricia Bloodgood; Sean Rommel; Ryan Lutz; Adam W. Pittman |
| **Cc:** | Neiman, Peter |
| **Subject:** | RE: Google v. Hood: Proposal re Depositions |
| **Attachments:** | Revised 30(b)(6) No. 1.pdf; Revised 30(b)(6) No. 2.pdf; Revised 30(b)(6) No. 3.pdf |

Fred,

Thank you for the response. The Attorney General understands Google's final response to be a take it or leave it offer and is unable to agree to Google's unilateral restriction of discovery in this litigation. The Attorney General is entitled to defend against this lawsuit brought by Google, and under the Rules is entitled to discovery in aid of those defenses. The discovery sought is critical to this lawsuit.

Attached are revised deposition notices that reflect the compromise position of the Attorney General. All prior notices are withdrawn.

Below is an outline of the meet and confer process that directly quotes the negotiations of the Parties. This memorial of the meet and confer process should be very beneficial in framing the issues for the Court. If Google has a difference of opinion concerning the contents of this memorialization, we should resolve any disagreement now instead of wasting the Court's time fussing about it.

The Good Faith Certificate is on its way. We accept Google's proposal on the briefing schedule.

Jerome

I.

**The Attorney General's Proposal:**

As to Depositions No. 2 and 3, that Attorney General will agree to modify the notices as follows:

a. Describe and explain the workings of Search to include the algorithms as described in Paragraph 12 of Google's complaint.

**Google's Response:**

Your proposal as to notices 2&3 is generally acceptable, with the following modifications and clarifications:

Google is prepared to provide testimony at a 30(b)(6) deposition that describes and explains at a reasonable level of detail the services you have identified (with the exceptions noted below) but we do not believe the step-by-step technical inner workings, at an engineering level, are relevant to this case, and therefore the deposition will not include testimony from an engineering perspective, explaining each step that is involved in the various services. Nor will Google produce every document relevant to the various services; it will instead provide documents sufficient to describe the various services at a reasonable level of detail.

**The Attorney General's Counter**:

This proposal is generally acceptable. It is Google's choice who it puts up for the deposition to speak for the company, the Attorney General expects that Google will be required and should support its allegations with a "reasonable level of detail" rather than bald legal conclusions or *ipse dixit*.

**Google's Counter Response**:

Points I-VI: I am concerned that your reference to an "ipse dixit" is an attempt to lay the groundwork for a dispute over what constitutes the appropriate level of detail. We are, as indicated in my May 23 email, willing to agree to provide a witness to address these topics in a reasonable degree of detail. If you are willing to agree to this without reservation, then the depositions may proceed. If not, we should let Judge Wingate decide discovery's proper scope before, rather than during, the depositions.

II.

**The Attorney General's Proposal**:

b. Describe and explain the workings of Autocomplete.

**Google's Response**:

See "a." above.

**The Attorney General's Counter**:

See "a." above.

**Google's Counter Response**:

See "a." above.

III.

**The Attorney General's Proposal**:

c. Describe and explain the workings of Instant Search.

**Google's Response**:

See "a." above.

**The Attorney General's Counter**:

See "a." above.

**Google's Counter Response**:

See "a." above.

IV.

**The Attorney General's Proposal**:

    d.    Describe and explain the workings of YouTube, specifically, but not limited to the "host[ing] of third-party videos on Google's servers" as alleged in Google's complaint.

**Google's Response**:

    See "a." above.

**The Attorney General's Counter**:

    See "a." above.

**Google's Counter Response**:

    See "a." above.

V.

**The Attorney General's Proposal**:

    e.    Describe and explain the workings of AdWords as alleged in Google's complaint.

**Google's Response**:

    See "a." above.

**The Attorney General's Counter**:

    See "a." above.

**Google's Counter Response**:

    See "a." above.

VI.

**The Attorney General's Proposal**:

    f.    Describe and explain the workings of AdSense as alleged in Google's complaint.

**Google's Response**:

    See "a." above.

**The Attorney General's Counter**:

    See "a." above.

**Google's Counter Response**:

    See "a." above.

VII.

**The Attorney General's Proposal**:

Ex. 2

g.  Describe and explain the factual basis for the assertion that Google is merely a "provider" of an "interactive computer service."

**Google's Response**:

Request (g) below addresses a legal conclusion, already well-established in the case law, and is not an appropriate topic for a 30(b)(6) deposition.

**The Attorney General's Counter**:

Google should either support its allegation with evidence, subject to discovery through deposition, or withdraw it. Google's *ipse dixit* is not proof. Whether or not Google may have litigated this issue before in a foreign court with some party other than the Attorney General is meaningless for the purposes of Google's case in the S.D. Miss. Moreover, while it is true that Google will have to establish, not merely plead, this legal conclusion in order to prevail in this case. Furthermore, the Attorney General's request does not concern the bare legal conclusion pleaded by Google. The Attorney General seeks "the factual basis for the assertion that Google is merely a "provider" of an "interactive computer service." It is well established in the record that this legal conclusion, pleaded by Google, but which Google resists having tested in discovery, is the foundation for Google's theory. Further, Google resists depositions as to topics 1 & 4 on the basis of the legal conclusion that "Google is merely a 'provider' of an 'interactive computer service.'" The Attorney General's position is simple, and well supported in American jurisprudence—prove it.

**Google's Counter Response**:

Point VII: Whether Google is, in general, an interactive service provider is settled in the law, and obvious to anyone who has ever entered a search query into Google and followed links to a third-party website or viewed a user-posted video on YouTube. No discovery is reasonably required on this point. Accordingly, we adhere to the position stated in our May 23 email.

## VIII.

**The Attorney General's Proposal**:

h.  Describe and explain the factual basis for the assertion that "Google [does] not create or develop any content accessible via Google."

**Google's Response**:

Request (h) purports to be a quote, but the source is not identified, and it appears to be incomplete. Can you please provide the source? Google's position in this case has consistently been that it did not create the content about which the Attorney General has complained, Google has already provided the Attorney General with documents confirming that position, and Google is willing to include within the scope of the 30(b)(6) deposition testimony as to the factual bases for that position.

**The Attorney General's Counter**:

The source is the complaint, paragraph 89. It is incomplete; the underlined words were inadvertently left out: "Google [does] not create or develop any <u>of the</u> content accessible via Google."

**Google's Counter Response**:

4

Ex. 2

Point VIII: The full quote from paragraph 89 of the complaint (which you have only partially excerpted below, omitting the underlined portion) is that "Google did not create or develop any of the content accessible via Google <u>that is the subject of the Attorney General's inquiry</u>." As noted below, we have already provided the Attorney General with information confirming that each item of content about which he complained was created by third parties, not Google, and have offered to "include within the scope of the 30(b)(6) deposition testimony as to the factual bases for that position." But there is no basis for discovery into whether Google created *other* content, about which the Attorney General did not threaten to prosecute Google. Accordingly, we adhere to the position stated in our May 23 email.

### IX.

**The Attorney General's Proposal**:

 i. Describe and explain how Google attempts to comply with legal requirements and Google's own internal policies as alleged in paragraphs 19-31 of Google's complaint.

**Google's Response**:

Request (i)'s references to compliance with "legal requirements" calls for legal conclusions that are not the proper subject of a 30(b)(6) deposition, and compliance with "internal policies" is beyond the proper scope of discovery in this case  the issue here is not whether there is some other topic the Attorney General could lawfully investigate, but whether his actual subpoena (focused on display of third party content) and actual threats of prosecution (focused on the same) were lawful. However, Google is prepared to include within the scope of the 30(b)(6) deposition testimony describing and explaining the various things Google does to address third-party content that are described in paragraphs 19-24, 26-29, and 31 of the complaint.

**The Attorney General's Counter**:

Google's meet and confer responses is filled with characterizations of allegations in Google's complaint as "legal conclusions." These are Google's own characterizations of Google's pleading. The Attorney General agrees with Google's characterizations and asks Google to either offer a witness concerning the factual basis for Google's pleaded legal conclusions or stipulate to having those legal conclusions stricken from the Complaint.

**Google's Counter Response**:

Point IX: For the reasons set forth above, we simply disagree with you about the proper scope of discovery, and adhere to the position set forth in our May 23 email.

### X.

**The Attorney General's Proposal**:

Concerning the rest of our discussion on the 30(b)(6) notices, please provide contemplative dates for the document production related to the above areas of examination and the deposition dates thereafter.

**Google's Response**:

See below.

**The Attorney General's Proposal**:

At your request and in a spirit of compromise, the Attorney General has converted the areas of examination of Deposition No. 5 to contention interrogatories.

**Google's Response**:

No response.

**Google's Counter Response**:

Point X: Discussion of dates for document production and depositions are premature, as we have not yet reached agreement on scope; if you indicate that our May 23 proposal is acceptable, I have no doubt that we can quickly reach agreements on dates.

XI.

**The Attorney General's Proposal**:

The Attorney General will agree to continue Deposition No. 6 until a later date for a determination as to whether it is still necessary following the depositions re: number 1 above.

**Google's Response**:

No response.

**Google's Counter Response**:

Point XI: No response is necessary.

XII.

**The Attorney General's Proposal**:

As no proposal for compromise was made by Google on Deposition Nos. 1 & 4, the Attorney General will move with the Court to compel those depositions. If you feel there is the necessity to further meet and confer on Nos. 1 & 4, please advise immediately.

**Google's Response as to 1**:

With regard to notice number 1, Google continues to believe that the topics have no relevance to the case, for the details of Google's terms of service have no impact on whether the Attorney General may lawfully threaten to prosecute Google for the display of third party content, or serve a subpoena demanding information about such display. If there are particular provisions of the terms of service which you believe are relevant to the issues in dispute in this case, we invite you to identify those provisions so that we may consider your position.

**The Attorney General's Counter as to 1**:

We agree that Google is required to establish that Google merely displays third party content. Google's agreements with its users are central to the analysis of whether the content is truly third party content. All of the user agreements are relevant to the foundational element at issue in Google's complaint, is the content displayed by Google third party content? Either withdraw the contention, or support it and subject it to discovery. This is a simple inquiry that lies at the heart of Google's case; the Attorney general does not understand why Google is so resistant to having the factual basis for this legal conclusion explored through discovery.

6

**Google's Response as to 4:**

With regard to notice number 4, Google continues to believe that the topics have no relevance to the case, for the details of Google's use or monetization of data has no impact on whether the Attorney General may lawfully threaten to prosecute Google for the display of third party content, or serve a subpoena demanding information about such display. But Google is willing to include amongst the topics covered in the 30(b)(6) deposition testimony describing and explaining at a reasonable level of detail Google's use of data in connection with the various things Google does to address third-party content that are described in paragraphs 19-24, 26-29, and 31 of the complaint.

**The Attorney General's Counter as to 4:**

Google's use of third party content is critical to Google's DMCA immunity argument. The Attorney General presumes that Google is aware of the elements of Google's cause of action—we have explained how this evidence is probative of the elements and of Google's proof. The Attorney General expects that the Google witness would be prepared to testify concerning Google's uses of third-party content or withdraw its DMCA immunity argument.

**Google's Counter Response:**

Points XII-XIII. We invited you to consider narrowing your notices (1) and (4), but your response indicates that you are unwilling to do so. So we are at impasse as to these requests

## XIII.

**Google's General Response:**

If these proposals are acceptable to you, please let us know and we will identify proposed dates for the deposition. If these proposals are not acceptable to you, please sign the attached good faith certificate, and we will promptly file our motion for a protective order. (Under the local rules, we believe a motion for a protective order, rather than a motion to compel, is the appropriate procedural step.)

**The Attorney General's General Response:**

Google's meet and confer response leaves many open issues and raises new ones not previously explored in the meet and confer. We believe it would be disingenuous to certify that as proposed and cannot sign the proposed Good Faith Certificate; we question why Google would propose it given Google's meet and confer response. It appears that we have common ground on many of these issues and the Attorney General is hopeful that these responses will encourage Google to reconsider its current position. We stand ready to discuss these issues further on a call and suggest that we speak again soon so that we can resolve these issue and more forward with the depositions. Please don't delay in securing available dates from Google's witnesses.

**Google's Counter Response:**

Points XII-XIII. We invited you to consider narrowing your notices (1) and (4), but your response indicates that you are unwilling to do so. So we are at impasse as to these requests

We have attempted to reach a compromise in good faith, and we believe that our May 23 proposal provides you all you are legitimately entitled to, and more. If that proposal is acceptable, we will be happy to move forward with scheduling. If (as appears from your email below) it is not, then our negotiations are at an end, and we ask that you execute the attached revised good faith certificate so

that we can promptly move for a protective order which will permit Judge Wingate to decide the proper scope of discovery in this case.

We are prepared to file promptly; to avoid further delays in discovery, we suggest the following briefing schedule:

Google's motion: June 5
AG's Response: June 12
Google's Reply: June 17.
Argument: As soon thereafter as Judge Wingate's schedule permits.


F. Jerome Tapley
Principal
Cory Watson, P.C.
2131 Magnolia Avenue South
Birmingham, AL 35205
Direct: (205) 271-7112
Main: (205) 328-2200
Toll Free: (800) 852-6299
E-Mail: jtapley@CoryWatson.com
Web: http://www.CoryWatson.com/



The contents of this email are confidential and proprietary correspondence of Cory Watson and/or its clients. In addition, the contents may also be privileged and exempt from disclosure. Interception of this email is unlawful and access by persons to whom the email is not addressed is unauthorized. If you are not the intended recipient, any disclosure, copying, or distribution of the contents of this email may subject you to both criminal and civil penalties. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE (205) 328-2200, FAX (205) 324-7896 OR THROUGH E-MAIL, AND DELETE THIS FILE/MESSAGE FROM YOUR SYSTEM IMMEDIATELY.

**From:** Fred Krutz [mailto:Fred.Krutz@formanwatkins.com]
**Sent:** June 03, 2015 10:57 AM
**To:** F. Jerome Tapley; Daniel Mulholland; John Kitchens; Blake Bee; Bridgette Wiggins; Carolyn Anderson; Doug Miracle; John Kitchens; Krissy Nobile; Mary Jo Woods; Patricia Bloodgood; Sean Rommel
**Cc:** Peter G. Neiman WORK:7 World Trade Center (peter.neiman@wilmerhale.com)
**Subject:** RE: Google v. Hood: Proposal re Depositions

Jerome,

Your May 28 note confirms what has been clear from the beginning of our meet-and-confer over Rule 30(b)(6) depositions – we have a fundamental disagreement over the proper scope of discovery in this case. It does not make sense to proceed with depositions with such a dispute lingering, as that will inevitably result in question-by-question debates requiring the court's intervention. Unless you are willing to agree to the terms laid out in our May 23 email, the sensible course is to have Judge Wingate resolve the proper scope of discovery first, with depositions – if any are truly necessary – to follow.