IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

GOOGLE INC.     PLAINTIFF

v.     Civil Action No. 3:14-cv-981-HTW-LRA

JIM HOOD, in his official capacity
as Attorney General of the State of
Mississippi     DEFENDANT

ORAL ARGUMENT REQUESTED

_____

**ATTORNEY GENERAL JIM HOOD'S MEMORANDUM BRIEF IN
SUPPORT OF HIS OPPOSITION TO PLAINTIFF'S MOTION TO
STRIKE DEFENDANT'S JURY DEMAND**

_____

**INTRODUCTION**

Google's Motion to Strike the Defendant's Jury Demand (ECF No. 201) is without merit and should be summarily denied. The Attorney General's demand was timely made and there are clear issues that are best decided by a jury. Google claims that it is seeking only equitable and declaratory relief, but whether its conduct entitles it to the requested relief is a fact question to be decided by a jury. Google is again using smoke and mirrors in an attempt to direct the Court away from the real issues in the case by essentially asking the Court to blindly rely on everything it says as if it were the Gospel. For example, Google claims to have "repeatedly asked the Attorney General to withdraw his jury demand, but he has refused to do so." *Id* at 2. The Attorney General does not know with whom Google has discussed the withdrawal of the jury demand, but it was not the Attorney General for the State of Mississippi or anyone acting on his behalf. The Attorney General is aware of two verbal conversations regarding the issue of the

1

Attorney General's jury demand, neither of which involved a request that the Attorney General voluntarily surrender his constitutional rights.

I.  **THE ATTORNEY GENERAL IS ENTITLED TO A JURY TRIAL**

Google argues that because it only seeks injunctive and declaratory relief, the Attorney General's right to a jury trial guaranteed under the 7th Amendment evaporates. This is classic Google, and it is wrong. Google spent 27 pages of its 34-page Complaint griping about the alleged *unlawful*, not inequitable, conduct of the Attorney General, and then it used less than 5 pages laying out its five causes of action. Before the Court can determine the remedies, if any, that may be available to Google, a determination must first be made as to whether Google is even entitled to the relief it seeks. "No one could dispute that a permanent injunction is equitable relief, but since it cannot be given without infringement having been found, it must await a jury determination of infringement if legal issues requiring that determination are present." *Swofford v. B & W, Inc.*, 34 F.R.D. 15, 19 (S.D. Tex. 1963). That the Attorney General is violating Google's rights by investigating criminal activity is mere *ipse dixit* put forth by Google in hopes that this Court will not require it to actually *prove*, to a jury, that it has been or will be harmed in some way.

That Google would seek to avoid having to prove its case to a jury should come as no surprise given Google's refusal to fully participate in discovery and identify what content available through its services is *Google content* and what content is created by third parties. Indeed, the Court has already heard argument which confirms that Google has failed to provide a scintilla of evidence to support its allegations that all of the content at issue, and for which Google seeks immunity, is merely third-party content. Google began this case claiming to

2

merely be the librarian of the internet, but that claim has now been disproven and abandoned by Google.

Google's general arguments in support of its motion fall apart once they are subjected to scrutiny.  Simply alleging that all the relief it seeks is equitable is insufficient.  Google is seeking to avoid civil and criminal liability for its conduct by asking this Court to prevent the highest-ranking law enforcement officer in the State of Mississippi from conducting an investigation to determine *if* Google is immune from investigation.  The Attorney General does not now claim, nor has he ever claimed, that he is able to prosecute and/or hold Google civilly liable for legitimate conduct immunized under the Communications Decency Act.  Instead, however, the Attorney General's investigation is aimed at determining what conduct of Google falls outside this protection.

If a party joins equitable claims with legal claims, the right to a jury trial on the legal claims is preserved.  "If a legal claim is joined with an equitable claim, the right to a jury trial on a legal claim, including all issues common to both claims, remains intact." *Tanguy v. West (In re Davis)*, 2012 U.S. Dist. LEXIS 95785, at *12 (S.D. Tex. July 10, 2012)(internal citations omitted). "This jury right cannot be dispensed with, except by the assent of the parties entitled to it, nor can it be impaired by any blending with a claim, properly cognizable at law, of a demand for equitable relief in aid of the legal action or during its pendency." *Id*.

The Declaratory Judgment Act confers on federal courts the discretion to declare the rights of litigants. *Wilton v. Seven Falls Co*., 515 U.S. 277, 286, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995) (citing 28 U.S.C. § 2201(a) (1988 ed., Supp. V)). However, "if there would have been a right to a jury trial on [an] issue if it had arisen in an action other than one for a declaratory judgment, it must be tried to a jury in the declaratory action." 9 Charles Alan Wright

& Arthur R. Miller, Federal Practice and Procedure § 2313 (3d ed. 2009). "[W]here the presence of legal and equitable causes in the same case requires the selection between a jury and a non-jury determination of certain common issues, the discretion of the trial court is 'very narrowly limited and must, wherever possible, be exercised to preserve jury trial.'" *Thermo-Stitch, Inc. v. Chemi-Cord Processing Corp.*, 294 F.2d 486, 490 (5th Cir. 1961) (citing *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510, 79 S. Ct. 948, 3 L. Ed. 2d 988 (1959)).

Further, "an action for declaratory relief can be either legal or equitable, depending upon whether the action is simply an inverted lawsuit for legal relief or the counterpart of a suit in equity." *KLLM, Inc. Employee Health Prot. Plan v. Ontario Cmty. Hosp.*, 947 F. Supp. 262, 266 (S.D. Miss. 1996). "The propriety of a bench trial is to be judged according to (1) the customary manner of trying such a cause before the merger of law and equity, (2) the type of remedy sought, and (3) the practical abilities and limitations of juries." *Terrell v. De Conna*, 877 F.2d 1267, 1273 (5th Cir. 1989) (*citing Ross v. Bernhard*, 396 U.S. 531, 538 n. 10, 90 S. Ct. 733, 24 L. Ed. 2d 729 (1970)).  Therefore, the Court must look to Mississippi law to determine the nature of the underlying dispute. *GuideOne Mut. Ins. Co. v. Rock*, 2009 U.S. Dist. LEXIS 65354, at *26 (N.D. Miss. July 28, 2009).  Google's actual conduct is a fact issue most properly decided by a jury.  If Google truly is merely a "provider" of an "interactive computer service," as alleged in its Complaint, it is required prove it with *admissible* evidence, just as any other plaintiff.  The burden of proof in this litigation is on Google, not the Attorney General.

"Plaintiffs commenced this action by asking for both injunctive and declaratory relief. Although they would not have been entitled to a jury trial on equitable issues, they might have demanded a jury trial on factual issues underlying the declaratory judgment action. *Guajardo v. Estelle*, 580 F.2d 748, 752 (5th Cir. 1978)(citing 5 J. Moore, Federal Practice para. 38.29).  The

4

Fifth Circuits approach makes sense—if instead of running to the courthouse, Google had participated in the Attorney General's lawful investigation, the parties would have been entitled to a jury trial on the claims brought by the Attorney General.  The Fifth Circuit's approach embraces this reality, before the Court can grant the injunctive relief sought by Google, a declaration must be made that Google is *entitled* to the injunctive relief.  This declaration can only be made after the finder of fact weighs *all* of the evidence and issues of fact are determined by a jury, when as here, a jury trial has been demanded.

In *Thermo-Stitch, Inc. v. Chemi-Cord Processing Corp.*, plaintiff manufactured a chemically treated thread for sale to various manufacturers.  Defendant held three patents which encompassed the thread.  Defendant repeatedly told others in the trade that plaintiff infringed upon its patent, and also sued several of plaintiff's customers.  Plaintiff, joined by a customer, filed suit seeking to restrain defendant from interfering with their business relations and from harassing them by threats of suit.  Defendant filed a counterclaim alleging patent infringement, fraud and antitrust violations.  Defendant challenged the district court's order striking its motion for jury trial on its counterclaim, and granting plaintiff's motion for a separate trial on the issues of validity and infringement.  The court reversed the order since the court abused its discretion in ordering a separate trial without a jury.  "It would make no difference if the equitable cause clearly outweighed the legal cause so that the basic issue of the case taken as a whole is equitable.  As long as any legal cause is involved the jury rights it creates control.  This is the teaching of *Beacon Theatres*, as we construe it."  *Thermo-Stitch, Inc. v. Chemi-Cord Processing Corp.*, 294 F.2d 486, 491 (5th Cir. 1961).  Because Google's Complaint alleges unproven facts for which it seeks declaratory relief, those issues of fact require that the Attorney General's jury right be preserved.

"When a lawsuit involves both legal and equitable claims, the legal claims must be decided by the jury before the court resolves the equitable claims.  This ordering of events is required so that the judge's decision with respect to the equitable claims does not bind the jury's decision making ability with regard to factual issues common to both the legal and equitable claims, thereby undermining the guarantees of the Seventh Amendment." *Homebuilders Ass'n of Miss., Inc. v. City of Brandon*, 640 F. Supp. 2d 835, 840 (S.D. Miss. 2009) (citations omitted).  It doesn't matter if the equitable claims are clearly greater than the legal claims, even if "the basic issue of the case taken as a whole is equitable . . . [a]s long as any legal cause is involved the jury rights it creates control."  *Id*.

"[I]n a case where legal claims are tried by a jury and equitable claims are tried by a judge, and the claims are 'based on the same facts,' in deciding the equitable claims 'the Seventh Amendment requires the trial judge to follow the jury's implicit or explicit factual determinations.'" *Id*.

"[W]here the case presents several claims or demands more than one remedy, as in the instant case, the matter is no more difficult than in a simple suit if the claims, or the remedies, are either all legal or all equitable.  Thus, where the case presents several claims or demands more than one remedy, the most direct test is 'whether the action now pending before the District Court contains legal issues.'  If so, the parties are entitled to a jury trial as of right on those issues." *Swofford v. B & W, Inc.*, 336 F.2d 406, 409 (5th Cir. 1964) (internal citations omitted).

The Attorney General has no vendetta against Google.  He took an oath to protect and defend the Constitution of Mississippi, which requires him to investigate allegations of illegal conduct when it comes to his attention.  The Attorney General, by issuance of the subpoena, was attempting to do his job and investigate whether any of Google's conduct was in violation of any

Mississippi laws. The Attorney General provided Google with many opportunities prior to issuing the subpoena to provide evidence that it was operating within the laws of Mississippi, but Google chose not to do so. Now, by filing this action, Google is asking this Court to do what the Attorney General was unwilling to do, i.e., naïvely accept whatever "truth" it elects to offer as "fact." The 7th Amendment preserves the Attorney General's rights to have these issues of fact decided by a jury.

## II. GOOGLE'S CLAIM THAT THE ATTORNEY GENERAL WAIVED THE RIGHT TO A JURY TRIAL

If the Attorney General is guilty of anything here, he is guilty of following this Court's orders. Given this, Google's claim that the Attorney General's demand for a jury trial was untimely is ironic, because it took Google almost seven months to raise this issue with the Court through its Motion to Strike. "A motion to strike a pleading to which no response is allowed, *such as an answer*, must be filed 'within 21 days after being served with the pleading.'" *Solis v. Bruister*, 2012 U.S. Dist. LEXIS 30739, at *21 (S.D. Miss. Mar. 8, 2012) (citing Fed. R. Civ. P. 12(f)) (emphasis added). By failing to timely move to strike the Attorney General's jury demand, Google has waived its right to raise the objection now. *See Davis v. Allstate Ins. Co.*, 2009 U.S. Dist. LEXIS 6214, at *22 (E.D. La. Jan. 15, 2009). In *Davis*, the Plaintiff filed a motion to amend his complaint with the only substantive change being to add the jury demand. The Defendant did not oppose the Plaintiff's motion at the time it was filed and the Court denied Defendant's motion to strike the jury demand. *Id*. In the case at hand, the Attorney General was authorized by this Court to amend his Answer by a date greater than allowed under the federal rules, Google did not object to the enlargement of time (Google received the same enlargement of time to amend its Complaint, had it chosen to do so), and has waited almost 7 months to raise this issue for the first time with the Court. Google has waived its right to object.

By Order dated March 2, 2015, this Court stated ". . . the Court shall publish a detailed ruling on the issuance of the injunction; thereafter the defendant shall have 14 days to file his answer to the Complaint; the parties shall be permitted 90 days for discovery from the date of the filing of defendant's answer; the parties shall designate experts and shall file any amendments of the Complaint and/or answer within 30 days of the beginning of discovery; . . ." ECF No. 82 at 4.  The Court, on its own initiative, enlarged the timing under the Federal Rules by which either party could amend its initial pleadings, including the Attorney General's Answer.  On March 27, 2015, the Court published the referenced ruling.  ECF No. 88.  Following the Court's Order, the Attorney General timely filed its Answer on April 10, 2015.  ECF No. 93.  The Court's March 2, 2015, Order allowed any amendments to the Complaint and/or Answer within thirty days of the filing of the Attorney General's Answer.  The thirtieth from the date the Answer was filed was May 10, 2015, which was a Sunday, thus making Monday, May 11, 2015, the last day on which either party could file an amended pleading without seeking leave from the Court.  When a filing deadline falls on a Saturday, Sunday or legal holiday, the deadline is extended to the next normal business day.  Fed. R. Civ. P. 6(a)(C).  The Attorney General timely filed his Amended Answer on May 11, 2015, as ordered by this Court.  The issue, according to Google, is not whether the Amended Answer was timely, but, rather, whether the jury demand contained therein was timely made.  A party is ordinarily allowed to amend its pleading as a matter of course within twenty-one days of service or with the court's leave.  Fed. R. Civ. P. 15(a)(1) and (2).  In the case at hand, the Court enlarged the time in which amendments could be filed.  It was (and is) the spirit of the Court's ruling that the period to serve a jury demand under Federal Rule 38(b) was likewise enlarged—an alternative interpretation would require a finding that the Court also misinterpreted the ruling when it followed Rule 39.  "When a jury trial has been demanded under

Rule 38, the action must be designated on the docket as a jury action." Fed. R. Civ. P. 39(a). After the Attorney General filed his Amended Answer, the status of the case was changed to include the jury demand, which was properly reflected on the Court's website under this action's Case Summary tab. "It is not the spirit of the rules, . . ., to base the right to a jury trial on technical adherence to the time requirement for demanding the same, . . . ." *McKnight v. Dyer*, 58 F.R.D. 191, 193 (N.D. Miss. 1973).

Google's assertion that the Attorney General's Amended Answer did not raise any new issues of fact is false. ECF No. 201 at 6. In fact, the new issue of fact raised by the Attorney General cuts directly to the heart of the issue. "Throughout Plaintiff's Complaint, Plaintiff makes reference to what appear to be the internal operations and/or processes of Google Inc. The Attorney General is without knowledge or information sufficient to form a belief as to the allegations concerning the internal operations and/or Processes of Google Inc., and therefor denies same and demands strict proof thereof." ECF No. 113 at 26. Google's internal operations and/or processes touch on a clear issue of fact for a jury to determine, i.e., what is Google doing and is that conduct protected by the CDA—is Google more than the librarian of the internet? A demand for a jury trial is to be served within 14 days after the last pleading directed to the issue is served. Fed. R. Civ. P (38)(b)(1). The Attorney General's Amended Answer, which raised a new and very important issue of fact, clearly qualifies as the "last pleading directed to the issue."

Google again attempts to mislead the Court by alleging that "the added defenses of lack of standing and failure to state a claim merely pose new legal arguments addressed to the same underlying facts, and regardless do not entitle the Attorney General to a jury trial." ECF No. 201 at 6. The reality is that the Amended Answer included the following *new* defense: "The Complaint fails to state a claim upon which relief can be granted. **Neither the cited statutes nor**

9

**Constitutional provisions immunize Google from criminal prosecution under Mississippi law**." ECF No. 113 at 3 (emphasis added).  The Attorney General agrees with Google that a jury does not have a role with respect to dismissals for failure to state a claim.  ECF No. 201 at 6.  Google fails, however, to include the entirety of the Attorney General's 13th Defense, the rest of which does create an issue properly decided by the jury.  Whether Google is immune from prosecution under Mississippi law is a question that necessarily turns on the factual determination of its conduct.

Even if the Court were to accept Google's argument that the jury demand was untimely, the Court is given broad discretion, upon motion, to allow a jury trial on any or all issues.  Fed. R. Civ. P. 39.  "Because the right to trial by jury is fundamental, 'the court should grant a jury trial in the absence of strong and compelling reasons to the contrary.'" *Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990) (quotation omitted).  In *Daniel*, other than adding the jury demand, the only change made by the defendant was to add a new party to his counterclaim and because no new issues of fact or law were raised, the Court found that the defendant failed to comply with the time requirements of Federal Rule 38.  *Id* at 1063-64.  As stated above, however, the Attorney General's Amended Answer raised new issues of both fact and law.

Even if the Attorney General's demand for a jury trial was untimely under Federal Rule 38, the Court is granted broad discretion under Rule 39.  "Issues on which a jury trial is not properly demanded are to be tried by the court.  But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded."  Fed. R. Civ. P. 39(b).  District courts have discretion to relieve a party from waiver of a jury trial under Federal Rule 38. *Swofford,* 336 F.2d at 408.  Absent strong and compelling reasons to the contrary, the court should use its

discretion to grant a jury trial. *Id* at 409.

There are five factors courts in the 5th Circuit consider when exercising discretion under Rule 39:

1. whether the case involves issues which are best tried to a jury;

2. whether granting the motion would result in a disruption of the court's schedule or that of an adverse party;

3. the degree of prejudice to the adverse party;

4. the length of the delay in having requested a jury trial; and

5. the reason for the movant's tardiness in requesting a jury trial.

*Daniel Int'l Corp.* at 1064 (citations omitted). Each factor favors a jury trial when applied to the case *sub judice*. 1.) The issues as to whether Google's conduct, the conduct which led to the Attorney General's investigation of Google, fall outside the protections of the CDA are best decided by a jury. 2.) No disruption would come to the Court's schedule, as the Court has already properly docketed the case for a jury trial. Likewise, there is no foreseeable disruption that could come to Google's schedule. The demand for the jury trial was made approximately 7 months prior to Google's Motion to Strike, providing Google with ample notice that the Attorney General intended to defend this action in front of a jury. 3.) Google cannot claim prejudice over an issue of which it has been aware for the better part of a year, during which time it has actively participated in litigation. Furthermore, Google cannot claim that it would be prejudiced by not having sufficient time to prepare for a jury trial as this case is not currently set for trial. 4.) The length of time between when the Attorney General should have requested a jury trial (April 24, 2015, according to Google) and when the Attorney General did request a jury trial (May 11, 2015) is insignificant. In fact, only 18 days passed between the two dates, 6 of which were on

11

the weekend.  Furthermore, the Attorney General filed his initial Answer before he retained the undersigned counsel, who entered his appearance on May 7, 2015.  5.)  If the Attorney General's Rule 38(b) jury demand was in fact tardy, it was only slightly so and is easily explained by a misunderstanding of the Court's March 2, 2015, Order (ECF No. 82) and undersigned counsel's entry of appearance after the date by which Google feels the jury demand should have been made.

In *Cox v. C.H. Masland & Sons, Inc.*, the 5th Circuit reversed the district court's decision to remove a case from its jury calendar, although it had initially granted an untimely demand for a jury trial filed by the plaintiff.  607 F.2d 138 (1979).  The 5th Circuit held that there was no delay or inconvenience to the court; that the defendant had not been prejudiced or surprised by the jury demand; and, although demanded untimely, it had been made early enough in the litigation so as not to disrupt the court, the trial schedule or preparation by the parties.  *Id* at 144.

Where the plaintiff inadvertently marked that it demanded a jury trial on the civil cover sheet when filing an amended complaint, yet never formerly demanded same in the pleading, and the court clerk placed the case on the jury calendar, the 5th Circuit found that the district court abused its discretion when it removed the case from the jury calendar.  *Pinemont Bank v. Belk*, 722 F.2d 232 (5th Cir. 1984).

## CONCLUSION

On its face, the Court might be persuaded by Google's argument that the Attorney General's jury demand was untimely *or* that the Attorney General's Amended Answer did not raise any new issues of fact *or* that the Amended Answer did not raise any new issues of law *or* that the relief sought by Google does not create any issues to be determined by a jury.  However, viewed critically, and considering the history of the litigation, the untimeliness of Google's

Motion to Strike Defendant's Jury Demand, the allegations made by Google in the first 27 pages of its Complaint and the Court's broad discretion to allow a jury trial, it is apparent that Google's Motion is without merit and is due to be denied.

THIS the 15th day of January, 2016.

                                               Respectfully Submitted,

                                               JIM HOOD, in his official capacity as Attorney General of the State of Mississippi

                                 By:    */s/ John W. Kitchens*

John W. Kitchens, (MSB # 101137)
Kitchens Law Firm, P.A.
Post Office Box 799
Crystal Springs, MS 39059-0799
Telephone: 601-892-3067
Facsimile: 601-892-3057
jkitchens@kitchenslaw.net

Douglas T. Miracle (MSB # 9648)
Special Assistant Attorney General
Bridgette W. Wiggins (MSB # 9676)
Special Assistant Attorney General
Krissy Casey Nobile (MSB # 103577)
Special Assistant Attorney General
Alison O'neal Mcminn (MSB # 101232)
Special Assistant Attorney General
**Office of the Attorney General**
Post Office Box 220
Jackson, Mississippi 39205-0220
Telephone: (601) 359-5654
Facsimile: (601) 359-2003
dmira@ago.state.ms.us
bwill@ago.state.ms.us
knobi@ago.state.ms.us
aonea@ago.state.ms.us

F. Jerome Tapley, PHV
Hirlye R. "Ryan" Lutz III, PHV
Cory Watson, P.C.
2131 Magnolia Avenue South
Birmingham, AL 35205

Telephone: (205) 328-2200
jtapley@corywatson.com
rlutz@corywatson.com

Sean Rommel, PHV
Jim Wyly, PHV
Wyly-Rommel, PLLC
4004 Texas Boulevard
Texarkana, Texas  75503
Telephone: (903) 334-8646
Facsimile: (903) 334-8645
srommel@wylyrommel.com
jwyly@wylyrommel.com

Carolyn G. Anderson, PHV
Kirsten D. Hedberg, PHV
ZIMMERMAN REED, PLLP
1100 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone:  612.341.0400
carolyn.anderson@zimmreed.com

## CERTIFICATE OF SERVICE

I, John W. Kitchens, one of the attorneys for Defendant Jim Hood, hereby certify that I have this date electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of Mississippi through the Court's CM/ECF system.  I further certify that all parties are represented by attorneys who are registered users of the CM/ECF system and that service will be accomplished through the CM/ECF system.


/s/ *John W. Kitchens*
John W. Kitchens


John W. Kitchens, (MSB # 101137)
Kitchens Law Firm, P.A.
Post Office Box 799
Crystal Springs, MS 39059-0799
Telephone: 601-892-3067
Facsimile: 601-892-3057

jkitchens@kitchenslaw.net

Douglas T. Miracle (MSB # 9648)
Special Assistant Attorney General
Bridgette W. Wiggins (MSB # 9676)
Special Assistant Attorney General
Krissy Casey Nobile (MSB # 103577)
Special Assistant Attorney General
Alison O'neal Mcminn (MSB # 101232)
Special Assistant Attorney General
**Office of the Attorney General**
Post Office Box 220
Jackson, Mississippi 39205-0220
Telephone: (601) 359-5654
Facsimile: (601) 359-2003
dmira@ago.state.ms.us
bwill@ago.state.ms.us
knobi@ago.state.ms.us
aonea@ago.state.ms.us

F. Jerome Tapley, PHV
Hirlye R. "Ryan" Lutz III, PHV
Cory Watson, P.C.
2131 Magnolia Avenue South
Birmingham, AL 35205
Telephone: (205) 328-2200
jtapley@corywatson.com
rlutz@corywatson.com

Sean Rommel, PHV
Jim Wyly, PHV
Wyly-Rommel, PLLC
4004 Texas Boulevard
Texarkana, Texas 75503
Telephone: (903) 334-8646
Facsimile: (903) 334-8645
srommel@wylyrommel.com
jwyly@wylyrommel.com

Carolyn G. Anderson, PHV
Kirsten D. Hedberg, PHV
ZIMMERMAN REED, PLLP
1100 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: 612.341.0400
carolyn.anderson@zimmreed.com