**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

| | | |
|---|---|---|
| Google Inc., | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| | ) | |
| | ) | No. 3:14cv981 HTW-LRA |
| *v.* | ) | |
| | ) | **PLAINTIFF GOOGLE INC.'S** |
| | ) | **REPLY IN SUPPORT OF MOTION** |
| Jim Hood, Attorney General of the State | ) | **TO STRIKE DEFENDANT'S** |
| of Mississippi, in his official capacity, | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| *Defendant.* | ) | |
| | ) | |
| | ) | |
| | ) | |

Google brought this suit in equity under 42 U.S.C. § 1983 to prevent the Attorney

General from continuing to violate its federal rights and immunities.  Google has requested an

injunction enjoining the Attorney General from enforcing the pending subpoena or bringing a

case against Google based on its display of content created by third parties, and a declaration of

Google's federal rights and immunities.  It has never sought damages or any other kind of legal

relief.  The Attorney General's Opposition has failed to show that there is any legal claim to

provide a basis for his jury trial demand.  Therefore, this Court should strike his demand.

**I.      THE ATTORNEY GENERAL HAS NO RIGHT TO A JURY TRIAL.**

The Attorney General, in arguing that he is entitled to a jury trial, relies on cases stating

that the right to a jury trial is preserved if there are both equitable claims and legal claims at

issue.[1]  But there are no legal claims in this case—Google has not brought a claim for legal relief

---

[1] *E.g.*, *Guajardo v. Estelle*, 580 F.2d 748, 752 (5th Cir. 1978) (jury trial preserved "[a]ssuming
that a legal claim existed"); *Thermo-Stitch, Inc. v. Chemi-Cord Processing Corp.*, 294 F.2d 486,

and the Attorney General has made no counterclaims.  Google has sought exclusively injunctive relief and a declaratory judgment ancillary to that injunction.  Neither Google's request for a permanent injunction nor its request for a declaratory judgment is a legal claim, and therefore neither entitles the Attorney General to a jury trial.

### A.   The Attorney General Has No Right to a Jury Trial on Google's Request for a Permanent Injunction.

The Attorney General does not, and cannot, dispute that Google's Section 1983 claims requesting an injunction seek equitable relief—not legal relief.  Those claims therefore cannot entitle the Attorney General to a jury trial.  *See* Mem. 3-4; *United States v. Reddoch*, 467 F.2d 897, 899 (5th Cir. 1972) ("This being a suit for injunctive relief, not one at common law, there [is] no right to a jury trial."); 9 Wright et al., *Federal Practice & Procedure: Civil*, § 2308 (3d ed.) ("[T]here is no constitutional right to a jury trial on a claim for an injunction.").

The Attorney General argues that he is nonetheless entitled to a jury trial because of his contention that there are disputed questions of fact.  *E.g.*, Opp. 2 (jury needed to decide whether Google "has been or will be harmed in some way"); Opp. 4 (jury needed to decide whether Google is "a 'provider' of an 'interactive computer service'"); Opp. 5 (jury needed to "weigh[] *all* of the evidence and issues of fact").  Disputed facts, however, do not provide a basis for a jury trial over equitable claims.  The Fifth Circuit rejected that same argument 50 years ago:

> The claim of the defendants that they have a right to a jury trial is based simply on the assertion that there are disputed issues of fact.  But even though the facts are disputed, the question of the issuance of a restraining injunction … is an equitable matter coming within the general equity jurisdiction and powers of the court and,

490 (5th Cir. 1961) (jury trial preserved if there is "the presence of legal and equitable causes in the same case"); *In re Davis*, 2012 WL 2871662, at *4 (S.D. Tex. July 10, 2012) (jury trial preserved "[i]f a party joins equitable claims with legal claims"); *Homebuilders Ass'n of Miss., Inc. v. City of Brandon*, 640 F. Supp. 2d 835, 840 (S.D. Miss. 2009) (jury trial preserved if "a lawsuit involves both legal and equitable claims"); *Swofford v. B & W, Inc.*, 34 F.R.D. 15, 19 (S.D. Tex. 1963) (jury trial preserved in action "if legal issues" were present).

> as such, does not carry with it the right in any party to the proceeding to demand a
> jury trial where neither the statute under which the action is brought or any other
> statute provides the right to have the facts found by a jury.

*Wirtz v. Jones*, 340 F.2d 901, 902 (5th Cir. 1965); *accord Harkless v. Sweeny Indep. Sch. Dist.*,

427 F.2d 319, 324 (5th Cir. 1970) ("[A] claim for [equitable relief] presented in an equitable

action … authorized by § 1983 is not for jury consideration *nor are the factual issues which form*

*the basis of the claim* …. The Seventh Amendment does not so require.") (emphasis added).[2]

 For that reason, the Attorney General's repeated assertions that certain facts are in dispute

are beside the point (and often wrong). The Seventh Amendment does not confer a free-floating,

abstract right to have factual disputes decided by a jury. To the extent Google's equitable claims

require the resolution of factual issues, those determinations will be made by this Court sitting in

equity—either at summary judgment or in a bench trial. Because Google's request for an

injunction seeks equitable relief, the Court—not a jury—must determine whether Google is

entitled to that relief.

 **B.** **The Attorney General Has No Right to a Jury Trial on Google's Request for**
  **a Declaratory Judgment.**

 The Attorney General also claims that Google's declaratory judgment claim converts this

case into an action at law entitling him to a jury trial. That is wrong. *See* Mem. 4. Google's

request for a declaration of its federal rights and immunities seeks nothing beyond a declaration

of the very rights the injunction itself would fully protect. As shown above, the request for the

injunction is a request for equitable relief to which no jury trial right attaches. It follows that the

request for a declaration of the legal principles that support that injunction likewise seeks

---

[2] The Attorney General does not argue that Section 1983 or any other statute provides an independent right to have facts found by a jury. They do not. *See* Mem. 5 (discussing *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999) (Section 1983 "does not itself confer [a] jury right")).

equitable relief and must be decided by this Court, not a jury.

"[A]n action for declaratory relief can be either legal or equitable, depending upon whether the action is simply an inverted lawsuit for legal relief or the counterpart of a suit in equity." *Terrell v. DeConna*, 877 F.2d 1267, 1273 (5th Cir. 1989). "The right to jury trial in a declaratory judgment action depends, therefore, on whether the action is simply the counterpart of a suit in equity—that is, whether an action in equity could be maintained if declaratory judgment were unavailable—or whether the action is merely an inverted lawsuit." 9 Wright et al., *Federal Practice & Procedure: Civil*, § 2313 (3d ed.) (quoting *James v. Pennsylvania Gen. Ins. Co.*, 349 F.2d 228, 230 (D.C. Cir. 1965)).

The Fifth Circuit and other Circuits have consistently held that where a civil rights plaintiff seeks a declaratory judgment based on the same operative facts as its injunctive claim, there is no entitlement to a jury trial because the declaratory judgment claim is simply the counterpart of a suit in equity. *See, e.g.*, *Thunderhorse v. Pierce*, 364 F. App'x 141, 148 (5th Cir. 2010) ("[Civil rights plaintiff] was not entitled to a jury trial because he sought only injunctive and declaratory relief."); *Leary v. Daeschner*, 349 F.3d 888, 910-911 (6th Cir. 2003) ("Because Plaintiffs requested only injunctive and declaratory relief for the violation of their First Amendment rights, we must consider these claims equitable in nature, and thus the remaining decisions in this case rest exclusively with the court rather than a jury."); *Manning v. United States*, 146 F.3d 808, 812 (10th Cir. 1998) ("[Civil rights plaintiff] was not requesting monetary damages, but was seeking only equitable relief in the form of a declaratory judgment and injunction. The fact that he requested a declaratory judgment, in connection with the injunctive relief, did not alter the basic equitable nature of his action."); *Wilson v. Bailey*, 934 F.2d 301, 305 n.4 (11th Cir. 1991) ("[S]ection 1983 injunctive and declaratory relief is not

4

triable by jury.").[3]   For example, in *Northgate Homes, Inc. v. City of Dayton*, 126 F.3d 1095 (8th Cir. 1997), the Section 1983 plaintiff sought an injunction challenging the constitutionality of a city's zoning demand and a declaratory judgment that its land use was protected by federal law. *Id.* at 1098.  The Eighth Circuit held that the plaintiff's declaratory judgment claim was equitable—and not subject to a jury trial—because that claim, "in the absence of the declaratory judgment procedure, would have arisen in an action to enjoin the City from enforcing its zoning ordinances" and judgment "on its declaratory judgment claim would have had the effect of preventing, or enjoining, the City from enforcing the [zoning] demand."  *Id.* at 1099.[4]

The same analysis applies here.  Google's declaratory judgment claim is simply the counterpart of a suit in equity because, in the absence of the declaratory judgment procedure, its claim would have arisen—and in fact has arisen—in Google's action to enjoin the Attorney General from violating Google's federal rights and immunities.  The declaratory judgment claim merely asks for a declaration of Google's rights and immunities with respect to the equitable issues in this case.  Therefore, Google's declaratory judgment action is equitable in nature, and the Attorney General has no right to a jury trial on that claim.

The Attorney General has not cited a single case holding that a jury trial is appropriate where a plaintiff seeks declaratory and injunctive relief under Section 1983 to halt a state officer

---

[3] *See also Greybuffalo v. Kingston*, 581 F. Supp. 2d 1034, 1048 (W.D. Wis. 2007) ("[Section 1983] Plaintiff is seeking declaratory and injunctive relief, but not monetary damages.  In such a case, the plaintiff's right to the requested relief is determined by the court rather than a jury.") (citations omitted).

[4] *See also Wigg v. Sioux Falls Sch. Dist. 49-5*, 274 F. Supp. 2d 1084, 1089-1090 (D.S.D. 2003) ("[A]bsent the declaratory judgment procedure, the [Section 1983] Plaintiff's claim would have arisen, and did in fact arise, in an action to enjoin the District ….  Furthermore, if the Plaintiff were to prevail in her declaratory judgment action, the effect would be to enjoin the District from enforcing its policy, a purely equitable remedy.  Accordingly, the Plaintiff's declaratory judgment action is equitable in nature in this instance, and thus the Plaintiff is not entitled to a jury trial on her request for a declaratory judgment.").

from intruding on the plaintiff's statutory and constitutional rights.

Instead, the Attorney General cites (Opp. 4) a handful of private civil cases in which courts ordered jury trials on declaratory judgment actions that were "an inverted lawsuit for legal relief." That doctrine applies in private civil disputes like *Thermo-Stitch, Inc. v. Chemi-Cord Processing Corp.*, 294 F.2d 486 (5th Cir. 1961) (Opp. 4, 5), where the defendant company had an action at law for damages for patent infringement, and the plaintiff company sought a declaration of patent invalidity. *Id.* at 488. As the Fifth Circuit has explained, *Thermo-Stitch* and the cases like it "involved separate equitable and legal claims joined in the same case" and require the factual issues common to the separate claims to be tried by a jury; however, there is no entitlement to a jury where the additional claim for relief is "not a separate legal claim" but instead is "part of the main equitable claim"—and the "same is true as to the underlying factual issues pertaining to the claims." *Harkless*, 427 F.2d at 324. *Swofford v. B & W, Inc.*, 336 F.2d 406 (5th Cir. 1964) (Opp. 2, 6), is similar; one private party had an action at law for damages for patent infringement and the other sought a declaratory judgment of patent invalidity. *Id.* at 408. The Fifth Circuit explained that the party with the legal action was "entitled to a jury trial as of right on the claim for damages," *id.* at 409, but emphasized that *Thermo-Stitch* did not "convert[] typical non-jury claims, or remedies, into jury ones," *id.* at 414.[5]

The Attorney General also relies on *Homebuilders Association of Mississippi, Inc. v. City*

---

[5] The unpublished cases the Attorney General cites (Opp. 3, 4) are consistent with that rule. *See In re Davis*, 2012 WL 2871662, at *4-7 (S.D. Tex. July 10, 2012) (defendant's counterclaims for damages for breach of contract and tortious interference would have been legal claims, but had been converted into equity claims without the right to a jury because the defendant had consented to the bankruptcy court's equity jurisdiction); *GuideOne Mut. Ins. Co. v. Rock*, 2009 WL 2252204, at *9 (N.D. Miss. July 28, 2009) (defendant asserted counterclaims—breach of contract and fraud—that were "clearly legal in nature"). The Attorney General also cites *Guajardo v. Estelle*, 580 F.2d 748 (5th Cir. 1978) (Opp. 4), but the court there did "not detain [itself] with the question whether an issue existed that would have produced a right to trial by jury." *Id.* at 752.

*of Brandon*, 640 F. Supp. 2d 835 (S.D. Miss. 2009) (Opp. 6), but that case illustrates why Google's declaratory judgment claim is equitable, not legal.  The Section 1983 plaintiff there sought a declaratory judgment, an injunction, *and compensatory damages* for its claims that a city violated its federal rights.  *Id.* at 838.  The court explained that "in the event Plaintiffs had only sought equitable relief"—only the declaratory judgment and injunction—"there would have been no right to a jury trial in this case," but "as Plaintiffs had also sought damages on their discrimination claims, they were entitled to a jury trial."  *Id.* at 839.  That is, "because Plaintiffs sought both compensatory damages and equitable relief, they were entitled to a jury trial on their claim for damages before the Court considered their claims for declaratory and/or injunctive relief."  *Id.* at 840.  The court added that if plaintiffs failed to "submit any evidence in support of such damages during their case in chief," then "the only claims remaining"—for the declaratory judgment and injunction—would be "for equitable relief and, as discussed above, such claims are to be decided by the Court."  *Id.* at 841.  Thus, the Section 1983 declaratory judgment claim was an equitable claim that did not entitle either party to a jury.  Absent the damages claim—which is not present here—the Section 1983 case would not have been tried to a jury.

As in *Homebuilders Association*, Google's declaratory judgment claim is not an inverted lawsuit for legal relief.  Rather, like the plaintiff there, Google seeks a declaration of its federal rights ancillary to an injunction against a state actor alleged to be violating its federal rights.  By contrast, all of the inverted lawsuit cases the Attorney General cites holding that a right to jury trial existed concerned two private parties, one of which had an action at law for damages—not civil rights plaintiffs seeking declaratory and injunctive relief against the government.

The Attorney General is also wrong (Opp. 5) that Google's declaratory judgment claim seeks resolution of issues that, absent the declaratory judgment procedure, would be decided by a

jury in an action at law.  Google's claim seeks only a declaration on three questions of law:

> Google is entitled to a declaration (i) that Section 230 of the CDA
> [Communications Decency Act] and the First and Fourteenth Amendment of the
> U.S. Constitution preclude civil or criminal charges under the MCPA [Mississippi
> Consumer Protection Act] against Google for content created by third-parties; (ii)
> that any charge the Attorney General makes against Google under the MCPA for
> copyright infringement or importation of prescription drugs is preempted by the
> Copyright Act, including the DMCA [Digital Millennium Copyright Act], and/or
> the FDCA [Food, Drug, and Cosmetics Act]; and (iii) that enforcement of the
> Subpoena, as presently drafted, against Google is impermissible under Section
> 230 of the CDA, the First, Fourth, and Fourteenth Amendments of the U.S.
> Constitution, and the Copyright Act, including the DMCA, and/or the FDCA.

ECF No. 1 (Complaint), ¶ 107.  Whether the CDA and First Amendment protect Google from

liability for content created by third parties, whether federal law preempts MCPA actions for

copyright infringement or prescription drug importation, and whether the subpoena violates

federal law are all questions of law to be decided by this Court.

Notably, any civil case the Attorney General might bring against Google under the

Mississippi Consumer Protection Act would be under the Act's public enforcement provisions,

which authorize the Attorney General to seek *equitable* remedies.  *See* Miss. Code § 75-24-9

(injunctive relief), § 75-24-11 (restitution), § 75-24-17 (suspension of license).[6]  The Attorney

General has thus failed to show even that he has a right to a jury trial in an action he might bring

against Google in Mississippi court.  He surely has no right to a jury trial where Google has

sought only injunctive relief and a declaration of its rights under federal law.

In sum, Google's declaratory judgment claim is equitable, not legal.  The Attorney

General's argument that he is entitled to a jury trial because Google "alleges unproven facts for

---

[6] The statute authorizes the Attorney General to pursue civil penalties, but only "[i]n any action
brought under Section 75-24-9," Miss. Code § 75-24-19(1)(b), which is an equitable action for
"Injunctive Relief."  The statute also authorizes the Attorney General to seek criminal penalties,
*id.* § 75-24-20, but a State's criminal prosecution does not implicate the Seventh Amendment
right to a jury trial in an action at common law; any constitutional right at issue there would be
Google's Sixth Amendment right, not the Attorney General's Seventh Amendment right.

which it seeks declaratory relief" (Opp. 5) thus fails for the same reason as its argument that a jury must determine the facts "before the Court can grant the injunctive relief sought by Google" (Opp. 5): The Court, not the jury, resolves factual issues necessary to decide equitable claims. *See supra*, at 2-3. The Attorney General's argument (Opp. 6) that a jury must resolve legal claims in a case that presents both equitable and legal claims is irrelevant because there is no legal claim here. Therefore, the Attorney General has no right to a jury trial.

## II.  THE ATTORNEY GENERAL WAIVED A JURY TRIAL.

There is an entirely independent and alternative reason why the Attorney General is not entitled to a jury trial: Even if there was a legal claim at issue in this case, the Attorney General waived any right he had to a jury trial because his demand was untimely. Mem. 5-7.

The Attorney General's Opposition confuses the issue by arguing (Opp. 7-9) that his jury demand was timely because he timely filed his Amended Answer (which first included his jury demand) under Rule 15(a) and the extension to file an amended answer allowed in this Court's March 2, 2015 Order. Under the Federal Rules of Civil Procedure, a party is not permitted to wait to demand a jury trial until it files an amended answer under Rule 15(a). Rather, a different, more specific rule requires a party to demand a jury trial "no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b)(1). Rule 38(b)(1) gave the Attorney General only 14 days until after he served "the last pleading directed to the issue"—his Initial Answer—on April 10, 2015. The Attorney General therefore had only until April 24, 2015 to serve a jury demand. Because he did not, he waived any right to a jury trial.

The Attorney General's argument (Opp. 8-9) that this Court's March 2, 2015 Order also enlarged the period for him to serve a jury demand under Rule 38(b)(1) is wrong. This Court's Order provided that "the parties … shall file any amendments of the Complaint and/or answer within 30 days" of April 10, 2015. ECF No. 82, at 4. It did not purport to provide any extension

of the 14-day period for the parties to demand a jury trial.

Under longstanding Fifth Circuit law, "the last pleading directed to the issue" was the Attorney General's Initial Complaint because his Amended Answer did not introduce any "new issues of fact." *In re Texas Gen. Petrol. Corp.*, 52 F.3d 1330, 1339 (5th Cir. 1995); *see also Roth v. Hyer*, 142 F.2d 227, 228 (5th Cir. 1944) ("We do not think the right to make the demand is revived … by a belated amendment of pleadings touching the same general issues."); 8 Moore et al., *Moore's Federal Practice: Civil* § 38.50[3][b] (3d ed.) (amended pleadings "do not extend the jury demand time, except as to issues that are raised for the first time by the [amended] pleadings").  The Attorney General claims (Opp. 9) only to have introduced one new issue of fact: that it lacks knowledge of Google's internal operations and processes that Google "makes reference to" "[t]hroughout" its Complaint.  ECF No. 113, at 26.  The Attorney General's lack of knowledge of Google's operations and processes was not a "new issue" absent in the case until his Amended Answer; his Amended Answer itself acknowledges that Google had already referenced those operations and procedures throughout its Complaint, ECF No. 113, at 26, and the Attorney General repeatedly denied Google's allegations about them in his Initial Answer, *e.g.*, ECF No. 93, ¶¶ 12-16, 18-24, 26-29, 31.  The Amended Answer touches on "the same general issues," *Moore v. United States*, 196 F.2d 906, 908 (5th Cir. 1952), and "concerns the same general area of dispute," *Gallardo v. Gulf South Pipeline Co.*, 2005 WL 1309156, at *2 (E.D. La. May 19, 2005), in his Initial Answer.  Therefore, it did not renew the time for him to make a jury demand.

The Attorney General also asserts (Opp. 9-10) that an additional sentence in an affirmative defense for failure to state a claim introduced a new issue.  His conclusory legal assertion that Google's Complaint fails to state a claim upon which relief can be granted because

the federal statutes and constitutional provisions do not "immunize Google from criminal prosecution under Mississippi law," ECF No. 113, at 3, is neither an "issue of fact" nor an issue new to his Amended Answer.  It simply elaborates the basis for his Rule 12(b)(6) affirmative defense that the case should not go to any trial—let alone a jury trial.  He has therefore failed to show that there were any "new issues of fact" that would newly require a jury trial where he had already waived that right by not timely demanding one after his Initial Answer.

This Court should not exercise its discretion to excuse the Attorney General's waiver. The Attorney General has not offered any legitimate justification for his waiver, instead arguing that his Amended Answer changed this case's issues in some material way.  "When a party 'offer[s] no viable reasons for … delay … we assume the delay resulted from mere advertence," which does not relieve a party from waiver of the right to jury trial.  *Farias v. Bexar Cty. Bd. of Trs. for Mental Health Retardation Servs.*, 925 F.2d 866, 873 (5th Cir. 1991); *accord Certain Underwriters at Lloyds London v. Corp. Pines Realty Corp.*, 355 F. App'x 778, 781 (5th Cir. 2009); *Bush v. Allstate Ins. Co.*, 425 F.2d 393, 396 (5th Cir. 1970).  Moreover, here there was simply no "issue for which a jury trial might have been demanded[]" in the first place.  Fed. R. Civ. P. 39(b).  The Attorney General has not shown why this Court should forgive his waiver.

## III.   GOOGLE'S MOTION IS TIMELY

The Attorney General's cursory suggestion (Opp. 7) that Google's motion to strike is untimely is frivolous.  It is well established that "a party may file a motion to strike a jury demand at any time under Rule 39(a)."  *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 227 (3d Cir. 2007); *accord Armco, Inc. v. Armco Burglar Alarm Co.*, 693 F.2d 1155, 1158 (5th Cir. 1982) (upholding district court decision to take case from jury based on motion to strike jury demand filed on eve of trial); *JPA, Inc. v. USF Processors Trading Corp.*, 2006 WL 740401, at *12 (N.D. Tex. Mar. 15, 2006) ("Fed. R. Civ. P. 39(a)(2) 'contains no time limit' by which a

party must object to a jury demand.").[7]  Google filed its motion before the parties have even filed summary judgment briefs and this Court has determined whether the case will proceed to a trial. The Attorney General's assertion that a motion to strike a jury trial must be made within 21 days of the answer is not supported by the two cases he cites,[8] or by any other authority.

Google has been clear from the outset that the Attorney General is not entitled to a jury trial because this case does not involve any legal claim.  Google told the Attorney General's counsel on multiple occasions that he is not entitled to a jury trial, as the Attorney General's counsel acknowledges, *see* ECF No. 205-1 ¶¶ 3, 4, and made its position clear in prior briefing to this Court, *see* ECF No. 136, at 7 n.6 ("The Attorney General is also mistaken with his reference to a 'jury's determination' of issues in this case.  Google seeks solely equitable relief (that is, an injunction and a declaration of its rights) in its Complaint; whether it is entitled to that relief will be determined by this Court." (citation omitted)).  The Attorney General, however, has repeatedly refused to withdraw his baseless demand.  Because the parties could not resolve this issue without the Court's intervention, this Court should grant Google's motion to strike.

---

[7] *See also Nettles v. Daphne Utilities*, 2014 WL 3845072, at *2 (S.D. Ala. Aug. 5, 2014) ("[N]umerous courts have concluded that a defendant may move to strike a jury demand at any time, even late in the lifespan of a lawsuit."); *Shaw v. Prudential Ins. Co.*, 2012 WL 432874, at *7 (W.D. Mo. Feb. 9, 2012) ("A motion to strike a jury demand can be made at any time."); *Mowbray v. Zumot*, 536 F. Supp. 2d 617, 621 (D. Md. 2008) ("[I]t is well-established that a party (or the Court on its own initiative) may move to strike a jury demand at any time, even on the eve of trial."); 8 Moore et al., *Moore's Federal Practice: Civil* § 39.13.[2][c] (3d ed.) ("Parties have a great latitude on the timing of motions to strike a jury demand."); Gonzalez, *A Tale of Two Waivers: Waiver of the Jury Waiver Defense Under the Federal Rules of Civil Procedure*, 87 Neb. L. Rev. 675, 689 (2009) ("Rule 39(a)(2) does not establish a deadline for the filing of a motion to strike the jury demand[. T]he prevailing view is that, whatever the ground to strike the jury demand, parties may wait until the eve of trial to move to strike a jury demand.").

[8] *Solis v. Bruister*, 2012 WL 776028 (S.D. Miss. Mar. 8, 2012), does not even involve a motion to strike a jury trial under Rule 39(a); it concerns motions to strike affirmative defenses under Rule 12(f). *Id.* at *4, *7 & n.3. *Davis v. Allstate Insurance Co.*, 2009 WL 122761 (E.D. La. Jan. 15, 2009), addresses only whether a request for a jury trial was timely, not whether a motion to strike was timely. *Id.* at *7.

12

**CONCLUSION**

Google respectfully requests that the Court strike the Attorney General's Jury Demand.


DATED this 25th day of January, 2016.

Respectfully submitted,


_____s/Fred Krutz_____

Fred Krutz, MSB No. 4270

Daniel J. Mulholland, MSB No. 3643

FORMAN WATKINS &
    KRUTZ LLP

200 South Lamar Street, Suite 100

Jackson, Mississippi 39201

Post Office Box 22608

Jackson, Mississippi 39225-2608

Phone:  (601) 960-8600

Facsimile:  (601) 960-8613

fred.krutz@formanwatkins.com

daniel.mulholland@formanwatkins.com

*Attorneys for Plaintiff Google Inc.*

OF COUNSEL:

Jamie S. Gorelick

Patrick J. Carome

Blake C. Roberts

WILMER CUTLER PICKERING
    HALE AND DORR LLP

1875 Pennsylvania Ave., NW

Washington, DC 20006

Telephone:  (202) 663-6000

Facsimile:  (202) 663-6363

jamie.gorelick@wilmerhale.com

patrick.carome@wilmerhale.com

blake.roberts@wilmerhale.com


Peter G. Neiman

Christopher J. Bouchoux

WILMER CUTLER PICKERING
    HALE AND DORR LLP

7 World Trade Center

250 Greenwich Street

New York, NY 10007

Telephone:  (212) 230-8000

Facsimile:  (212) 230-8888

peter.neiman@wilmerhale.com

christopher.bouchoux@wilmerhale.com


Chris Johnstone

WILMER CUTLER PICKERING
    HALE AND DORR LLP

950 Page Mill Road

Palo Alto, CA 94304

Telephone:  (650) 858-6000

Facsimile:  (650) 858-6100

chris.johnstone@wilmerhale.com

13

## **CERTIFICATE OF SERVICE**

I certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of Mississippi by using the Court's CM/ECF system on January 25, 2016. I further certify that all parties are represented by attorneys who are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

_____s/Fred Krutz_____
Fred Krutz, MSB No. 4270