IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| Google Inc., | ) |
| | ) |
|        *Plaintiff*, | ) |
| | ) |
| v. | ) No. 3:14cv981 HTW-LRA |
| | ) |
| | ) **PLAINTIFF GOOGLE INC.'S** |
| | ) **MEMORANDUM BRIEF IN** |
| Jim Hood, Attorney General of the State | ) **OPPOSITION TO DEFENDANT** |
| of Mississippi, in his official capacity, | ) **ATTORNEY GENERAL JIM HOOD'S** |
| | ) **MOTION FOR A PROTECTIVE** |
|        *Defendant.* | ) **ORDER WITH RESPECT TO** |
| | ) **GOOGLE'S RULE 30(B)(6)** |
| | ) **DEPOSITION NOTICE** |
| | ) |

## INTRODUCTION

The Attorney General's motion for a protective order blocking a Rule 30(b)(6) deposition of the Office of the Attorney General ("Office") is frivolous and should be denied.

The noticed discovery is discrete, well-defined, and relevant. The testimony sought relates to the statements and conduct of the Attorney General in his campaign against Google. This testimony is relevant to whether he threatened prosecution and issued the Subpoena in bad faith (a) to retaliate for Google's refusal to modify its editorial practices and (b) to coerce Google to surrender its constitutional and statutory rights. This Court has already concluded that Google is likely to succeed on this issue, ECF No. 88 at 14, and Google is entitled to focused

1

discovery—including a deposition of the Office regarding the threats and demands it made—to fully develop the record on this issue.[1]

The Attorney General bears the burden of showing good cause to block discovery. He shows none. He does not articulate a substantive objection to any of the topics listed in Google's deposition notice. He does not cite a single case supporting the relief he seeks. He instead claims that his counsel cannot prepare the Office for a deposition until the Court has explained what does or does not constitute third-party content protected under the CDA, or until the Attorney General obtains discovery regarding the same. ECF No. 211 at 6-7 ("Mot."). This argument makes no sense. Google has noticed a deposition, not an oral argument. The Office simply needs to answer factual questions about its *past* conduct, communications, and motivations.

The Court should deny the Attorney General's motion because there is no basis, let alone good cause, to grant it.

---

[1] The Attorney General is mistaken when he claims that "Google accuses General Hood of using a subpoena in bad faith due *solely* to Google's claim that the CID covers protected third-party content." Mot. at 1 (emphasis added). The Subpoena's focus on third-party content is indeed strong evidence of its bad faith because Section 230 of the Communications Decency Act, 47 U.S.C. § 230, immunizes Google from prosecution for such content. But Google's claim also rests on the Attorney General's own words and conduct, including his repeated threats to "slap" Google with a subpoena if it did not revise its editorial policies to meet his demands—threats he delivered on.

The Attorney General is also mistaken to claim that he "has repeatedly asserted that the CID only involves content that (1) Google participated in creating, thereby removing it from the definition of protected content or (2) content that is solely Google content." Mot. at 1. The Subpoena says just the opposite, explicitly demanding information about content accessible through Google, without regard to whether Google had any role in creating the content. Indeed, the Attorney General refused to modify the Subpoena at all even after Google voluntarily supplied approximately 100,000 pages of documents that included material establishing that Google did not create *any* of the specific content about which the Attorney General had complained. *See* ECF No. 17 at ¶ 33.

**FACTUAL AND PROCEDURAL BACKGROUND**

Google served its notice to depose a representative of the Office pursuant to Rule 30(b)(6) on December 10, 2015. ECF No. 195. It issued an amended notice rescheduling the deposition on February 10, 2016. ECF No. 209. The notice listed eight topics for examination, all of which concerned the Attorney General's conduct towards Google. In summary form, the noticed topics are:

1. Public statements concerning Google made by the Attorney General or the Attorney General's Office between January 1, 2013 and December 18, 2014.

2. Communications between the Attorney General or the Attorney General's Office and Google between January 1, 2013 and December 18, 2014.

3. Presentations concerning Google made by the Attorney General or the Attorney General's Office between January 1, 2013 and December 18, 2014.

4. The role of third parties in creating an identified list of documents concerning Google sent or used by the Attorney General or the Attorney General's Office.

5. The Attorney General's and the Attorney General's Office's demands regarding Google's conduct and business operations.

6. Information provided to the Attorney General or the Attorney General's Office regarding alleged violations of the Mississippi Consumer Protection Act.

7. All requests for advice or assistance concerning Google that the Attorney General or the Attorney General's Office made to third parties and their lawyers and lobbyists between January 1, 2013 and December 18, 2014.

8. The Attorney General's or the Attorney General's Office's knowledge of the Mike Moore Law Firm's representation of the Digital Citizens Alliance between January 1, 2013 and December 18, 2014.

Declaration of Peter Neiman in Support of Plaintiff Google's Opposition to Defendant Attorney General Jim Hood's Motion for a Protective Order with Respect to Google's Rule 30(b)(6) Deposition Notice at Exhibit 1 ("Neiman Decl.").

On January 28, 2016, the parties conferred regarding Google's notice. Neiman Decl. ¶ 3. Counsel for the Attorney General refused to make a representative available for the deposition, declined to discuss alternative dates, and failed to object to any noticed topics for examination. *Id.* Instead, counsel for the Attorney General stated that they would not discuss the deposition

until the Court resolves pending motions regarding the Attorney General's Rule 30(b)(6) notice to depose Google's corporate representatives.  *Id*; *see* ECF Nos. 129, 145.  The Attorney General's Office stated that it would not allow Google's deposition to proceed until the Attorney General had deposed Google's representatives.  *Id.*

The Attorney General subsequently filed the instant Motion for a Protective Order, stating that "it would not be possible to proceed with the deposition" until the Court decides the pending motions regarding the Attorney General's Rule 30(b)(6) notice to depose Google's corporate representatives.  *See* ECF No. 211-1, Kitchens Decl. at ¶ 3.

## STANDARD OF REVIEW

As the moving party, the Attorney General bears the burden of showing that he is entitled to a protective order:

> Rule 26(c) … provides that a protective order shall issue only upon a showing of 'good cause.'  The burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.

*United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978).  *See also In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (same); *In re LeBlanc*, 559 F. App'x 389, 393 (5th Cir. 2014) (same).  If the Attorney General cannot show that Google's Rule 30(b)(6) "notice is objectionable or insufficient," he "must produce an appropriate representative prepared to address the subject matter described in the notice."  *Robinson v. Quicken Loans, Inc.*, No. 3:12-CV-00981, 2013 WL 1776100, at *3 (S.D.W. Va. Apr. 25, 2013).

## ARGUMENT

The Attorney General offers no real argument by protesting that his counsel is "unable to prepare for and properly defend" a Rule 30(b)(6) deposition because the Court has not decided "what is third party content" and "what actions upon content does Google take within its

4

services." Mot. at 6, 7. Google's noticed deposition topics are "describe[d] with reasonable particularity," Fed. R. Civ. P. 30(b)(6), and squarely focused on actions taken by the Attorney General against Google. The notice does not refer to "third party content" or to Google's "actions upon content." The Office can certainly answer factual questions about its own past conduct, irrespective of whether the Court has resolved unrelated issues raised by the Attorney General.

The Attorney General's contention that he needs discovery from Google in order to prepare for the deposition, Mot. at 6, is equally incoherent. The Office does not need discovery from Google in order to testify about what the Attorney General (or his agents) did in the past. *See* Fed. R. Civ. P. 30(b)(6) (requiring testimony "about information *known* or *reasonably available* to the organization") (emphasis added). The deposition will explore what actually led to the Attorney General's threats and Subpoena—not what after-the-fact justifications might be offered to defend them.

### A. Google's Noticed Topics Are Clear, Limited In Scope, And Relate Directly To The Parties' Claims And Defenses

The Attorney General has not objected to Google's deposition topics, which are clear, specific, and highly relevant. They seek information "known or reasonably available" to the Office: testimony regarding the Attorney General's own public statements, presentations, and communications. For instance, Google seeks deposition testimony regarding:

- "All public statements made by the Attorney General or the Attorney General's Office concerning Google between January 1, 2013 and December 18, 2014 …";
- "All Communications between the Attorney General or the Attorney General's Office and Google between January 1, 2013 and December 18, 2014 …";
- "All presentations made by the Attorney General or the Attorney General's Office concerning Google between January 1, 2013 and December 18, 2014 …."

*See* Neiman Decl. Ex. 1 at 3-4 (Topics 1, 2 and 3).  The remaining topics in Google's Rule 30(b)(6) notice are similarly crafted to seek information plainly known or reasonably available to the Attorney General.  *See id.* at 4-6.

The Attorney General does not dispute that a Rule 30(b)(6) deposition is an appropriate means to develop further evidence supporting a core allegation of the Complaint: the Attorney General's bad faith.  Nor could he.  *See Travelers Indem. Co. v. Hans Lingl Anlagenbau Und Verfahrenstechnik GMBH & Co. KG*, 189 F. App'x 782, 785 (10th Cir. 2006) (rejecting "entirely baseless" objections to Rule 30(b)(6) topics that "sought routine factual support for the allegations underlying the complaint."); *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 639 (D. Minn. 2000) (approving Rule 30(b)(6) topics that "were both temporally and factually relevant to [proponent's] claims"); *Rosen v. Provident Life & Accident Ins. Co.*, 308 F.R.D. 670, 684-87 (N.D. Ala. 2015) (same); *High Five Invs., LLC v. Floyd Cty., GA*, 239 F.R.D. 663, 666 (N.D. Ga. 2007) (same); *Briddell v. Saint Gobain Abrasives Inc.*, 233 F.R.D. 57, 60 (D. Mass. 2005) (same).

Contrary to the Attorney General's suggestion, Mot. at 6, this discovery is relevant regardless of the precise scope of Google's Section 230 immunity.  The Attorney General's past conduct, communications, and motivations are relevant to Google's First Amendment claims— which do not turn on how content is treated under Section 230.

For example, Topic 4 seeks information regarding the role of various organizations in creating the statements, presentations, and other documents referenced in paragraphs 32-74 of

Google's Complaint, as well as one document obtained during discovery.[2]  The Court previously found that the Attorney General's statements and presentations constituted "significant evidence" of his bad faith.  *See* ECF No. 88 at 14.  Discovery into the influence of outside interests on these documents will shed light on the Attorney General's conduct and purpose.

Additionally, the Attorney General's failure to offer specific objections to any of Google's eight topics for examination is sufficient grounds to deny his motion.  Where, as here, "a Rule 30(b)(6) deposition notice references multiple topics," the deponent must "move for a protective order regarding *each* topic."  *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 142 (E.D. Tex. 2003) (emphasis added).[3]  The Attorney General has not moved for a protective order on *any* specific topic.  This failure waives any further objection to these topics, *see In re U.S.*, 864 F.2d 1153, 1156 (5th Cir. 1989), and requires denial of this Motion, *see Ferko*, 218 F.R.D. at 142.  *See also Garrett*, 571 F.2d at 1326 n.3 (explaining that "stereotyped and conclusory statements" are insufficient objections).

---

[2] The document obtained through discovery is the Boston Plan from June 2013 (D000907 – D000908).  The Boston Plan lays out a step-by-step strategy for how the Attorney General, working with outside groups, can pressure Google to changes its editorial policies for third-party content.  This document, which Google previously submitted to the Court by letter on July 22, 2015, is plainly relevant to Google's claims for relief and the Attorney General's potential defenses.

[3] Google followed this rule in seeking a protective order with respect to the Attorney General's Rule 30(b)(6) deposition notice.  *See* Google's Memorandum in Support of Motion for Protective Order with Respect to Notices of Rule (30)(b)(6) Depositions of Google Inc., ECF No. 129 at 9-16 (articulating objections to each of the Attorney General's deposition topics).  Google also engaged in a meaningful meet and confer process with the Attorney General, agreeing to designate a witness for multiple topics.  *See id.* at 1-2 (describing the compromise Rule 30(b)(6) testimony offered by Google to address many of the Attorney General's noticed topics).

### B.  The Attorney General Cannot Tie Google's Rule 30(b)(6) Deposition To His Own Discovery Efforts

The Federal Rules of Civil Procedure do not permit the Attorney General to avoid the discovery sought by Google until the Court resolves pending motions regarding his own requests. Rule 26(f) provides that "discovery by one party does not require any other party to delay its discovery" and that "methods of discovery may be used in any sequence." Courts routinely refuse to condition one party's discovery on receipt of the other's. *See, e.g.*, *Cornelius v. Eberstein & Witherite, LLP*, No. 3:13-CV-3886-P, 2014 WL 4661977, at *4 (N.D. Tex. Sept. 19, 2014); *Meisch v. Fifth Transoceanic Shipping Co., Ltd.*, No. 94-0683, 1994 WL 582960, at *1 (S.D.N.Y. Oct. 21, 1994) (rejecting "plaintiff counsel's unjustified insistence on receipt of certain discovery materials before he would allow the plaintiff to be deposed"); *Pardee v. E.I. DuPont De Nemours & Co.*, No. 07-CV-0268S(SR), 2008 WL 907367, at *3 (W.D.N.Y. Mar. 31, 2008) ("The Court does not find any justification for defendant's request to depose plaintiff before plaintiff is permitted to depose DuPont's corporate representative…."). The Attorney General cannot refuse to designate a representative for Google's properly noticed deposition based upon the status of discovery that he has sought. That is especially true here because the pending discovery requests have no bearing on the testimony sought from the Office.

### CONCLUSION

For the foregoing reasons, the Attorney General's Motion for a Protective Order With Respect to Notice of Rule 30(b)(6) Deposition of the Attorney General's Office should be denied.

DATED this 7th day of March, 2016.

Respectfully submitted,

OF COUNSEL:
Jamie S. Gorelick
Patrick J. Carome
Blake C. Roberts
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Ave., NW
Washington, DC 20006
Telephone:  (202) 663-6000
Facsimile:  (202) 663-6363
jamie.gorelick@wilmerhale.com
patrick.carome@wilmerhale.com
blake.roberts@wilmerhale.com

Peter G. Neiman
Christopher J. Bouchoux
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone:  (212) 230-8000
Facsimile:  (212) 230-8888
peter.neiman@wilmerhale.com
christopher.bouchoux@wilmerhale.com

Chris Johnstone
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100
chris.johnstone@wilmerhale.com

 /s/  Fred Krutz
Fred Krutz, MSB No. 4270
Daniel J. Mulholland, MSB No. 3643
FORMAN WATKINS
  & KRUTZ LLP
200 South Lamar Street, Suite 100
Jackson, Mississippi 39201
Post Office Box 22608
Jackson, Mississippi 39225-2608
Phone:  (601) 960-8600
Facsimile:  (601) 960-8613
Fred.Krutz@formanwatkins.com
Daniel.Mulholland@formanwatkins.com
*Attorneys for Plaintiff Google Inc.*

## **CERTIFICATE OF SERVICE**

I certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of Mississippi by using the Court's CM/ECF system on March 7, 2016. I further certify that all parties are represented by attorneys who are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

      /s/ Fred Krutz
      Fred Krutz, MSB#4270