# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

| | |
|---|---|
| Google Inc., *Plaintiff*, v. Jim Hood, Attorney General of the State of Mississippi, in his official capacity, *Defendant*. | No. 3:14-CV-981-HTW-LRA <br><br> **Declaration of Peter Neiman in Support of Plaintiff Google Inc.'s Opposition to Defendant Attorney General Jim Hood's Motion For a Protective Order With Respect to Google's Rule 30(b)(6) Deposition Notice** |

I, Peter Neiman, hereby declare as follows:

1. I am a partner of Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, NY 10007, and counsel for Plaintiff Google Inc. ("Google") in this matter. I submit this declaration in support of Google's Opposition to Defendant Attorney General Jim Hood's Motion for a Protective Order With Respect to Notice of Rule 30(b)(6) Deposition of the Attorney General's Office, ECF No. 210.

2. Attached hereto as Exhibit 1 is a true and accurate copy of Google's Amended Rule 30(b)(6) Notice of Deposition of the Office of the Attorney General for the State of Mississippi, ECF No. 209 ("Amended 30(b)(6) Notice").

3. Prior to filing its Amended 30(b)(6) Notice, on January 28, 2016, Google's counsel held a meet and confer teleconference with counsel for the Attorney General. During that call:

    a. Counsel for the Attorney General refused to make a representative of the Attorney General's Office available to be deposed and refused to discuss any dates on which the deposition might be held.

    b. Counsel for the Attorney General stated that they would not discuss Google's Amended 30(b)(6) Notice until the Court had ruled on pending motions concerning the Attorney General's Rule 30(b)(6) notice to depose Google's corporate representatives.

    c. Counsel for the Attorney General stated that they would not discuss Google's Amended 30(b)(6) Notice until they had deposed Google's corporate representatives.

    d. Counsel for the Attorney General refused to identify any objections to the topics for examination listed in Google's Amended 30(b)(6) Notice.

I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge.

Executed on March 7, 2016, in New York, New York.

/s/ Peter G. Neiman  
Peter G. Neiman

EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

| | | |
|---|---|---|
| Google Inc., | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| | ) | No. 3:14cv981 HTW-LRA |
| *v.* | ) | |
| | ) | **PLAINTIFF GOOGLE INC.'S** |
| | ) | **AMENDED RULE 30(b)(6) NOTICE** |
| | ) | **OF DEPOSITION OF THE OFFICE** |
| Jim Hood, Attorney General of the State | ) | **OF THE ATTORNEY GENERAL FOR** |
| of Mississippi, in his official capacity, | ) | **THE STATE OF MISSISSIPPI** |
| | ) | |
| *Defendant.* | ) | |
| | ) | |
| | ) | |

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiff Google Inc., by and through its attorneys, will take the deposition upon oral examination of the Office of the Attorney General for the State of Mississippi (the "Attorney General's Office") regarding the Topics designated below. This deposition will take place on the date, time and location set forth below or at another mutually agreed-upon date, time and location and shall continue from day-to-day until completed.

**DEPONENT:** Office of the Attorney General for the State of Mississippi

**DATE:** February 22, 2016

**TIME:** 9:00 AM CT

**LOCATION:** Forman Watkins & Krutz LLP
City Centre
200 South Lamar Street, Suite 100
Jackson, Mississippi 39201-4099

Pursuant to Federal Rules of Civil Procedure Rules 30(b)(5) and (6), this deposition will be recorded by stenographic and/or sound and visual means before an officer authorized by law to administer oaths and shall continue from day-to-day until completed.

In accordance with Federal Rule of Civil Procedure 30(b)(6), the Attorney General's Office shall designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf and who are most knowledgeable and competent to testify concerning each of the Topics set forth below.

## DEFINITIONS

As used in each Topic set forth herein, the following terms have the meanings indicated:

1. The term "Google" refers to Plaintiff Google Inc. and its affiliates, subsidiaries, employees, and agents.

2. The term "the Attorney General's Office" refers to the Office of the Attorney General of the State of Mississippi and all employees, attorneys, and other agents of the Office of the Attorney General of the State of Mississippi.

3. The term "the Attorney General" refers to the responding party, Defendant Jim Hood, Attorney General of the State of Mississippi, in his official capacity.

4. The terms "all" and "each" shall be construed as "all and each."

5. The term "Communications" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

6. The word "concerning" means relating to, referring to, regarding, respecting, mentioning, reflecting, pertaining to, evidencing, involving, describing, depicting, discussing, commenting on, embodying, responding to, supporting, contradicting, corroborating,

demonstrating, proving, showing, refuting, disputing, rebutting, embodying, or constituting (in whole or part), as the context makes appropriate.

7. The term "Subpoena" refers to the Administrative Subpoena and Subpoena Duces Tecum issued to Google Inc. on October 21, 2014.

8. The terms "Third Party" or "Third Parties" refers to the Digital Citizens Alliance, the Motion Picture Association of America, the Recording Industry Association of America, The Walt Disney Company, News Corporation, Comcast Corporation, Warner Bros. Entertainment Corp., Sony Corporation, Pharmaceutical Research and Manufacturers of America, Microsoft Corporation, and Viacom, Inc. and their affiliates, subsidiaries, employees, agents, lobbyists, or attorneys.

9. The "Mike Moore Law Firm" refers to and any partners, shareholders, principals, employees, attorneys, agents, or representatives thereof, or any persons acting, or purporting to act, on behalf of the Mike Moore Law Firm, including Mike Moore and Jonathan Compretta.

10. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

11. For purposes of this Notice, terms not specifically defined shall be given their ordinary meaning.

## TOPICS

**TOPIC NO. 1:**

All public statements made by the Attorney General or the Attorney General's Office concerning Google between January 1, 2013 and December 18, 2014, including, but not limited to, the factual bases for making those statements and the intent of those statements.

**TOPIC NO. 2:**

All Communications between the Attorney General or the Attorney General's Office and Google between January 1, 2013 and December 18, 2014, including, but not limited to, the factual bases for the statements made by the Attorney General or the Attorney General's Office in those Communications and the intent of those statements, and the identity of all persons who authored, edited or reviewed those statements.

**TOPIC NO. 3:**

All presentations made by the Attorney General or the Attorney General's Office concerning Google between January 1, 2013 and December 18, 2014, including the factual and other bases for the contents of those presentations and the intent of those presentations, and the identity of all persons who authored, edited or reviewed those statements.

**TOPIC NO. 4:**

The role of Third Parties or other individuals who were not employed by, or agents of, the Attorney General's Office in creating the following documents:

- The February 13, 2013 letter sent to Google by the Attorney General, Hawaii Attorney General David Louie, and Virginia Attorney General Ken Cuccinelli;
- The April 1, 2013 letter sent to Google by the Attorney General;
- The May 21, 2013 letter sent to Google by the Attorney General;
- The June 10, 2013 letter sent to Google and it outside counsel by the Attorney General;
- The "Proposed Plan" for the June 2013 meeting of the National Association of Attorneys General in Boston, Massachusetts. (Bates No. D000907 – D000908);
- The PowerPoint slide deck used by the Attorney General during his presentation

at the June 18, 2013 meeting of the National Association of Attorneys General in Boston, Massachusetts;

- The July 23, 2013 letter sent by the Attorney General and 46 other state Attorneys General to Senators John Rockefeller and John Thune and Representatives Frederick Upton and Henry Waxman;

- The October 7, 2013 letter sent by the Attorney General and Nebraska Attorney General Jon Bruning, Hawaii Attorney General David Louie, and Virginia Attorney General Ken Cuccinelli;

- The November 27, 2013 letter sent by the Attorney General to Google and its outside counsel;

- The December 10, 2013 letter sent by the Attorney General and twenty-three other state Attorneys General to Google;

- The PowerPoint slide deck entitled "Google's Facilitation of Illegal Conduct" used by the Attorney General at the January 21, 2014 meeting with Google in Denver, Colorado;

- The February 7, 2014 letter sent by the Attorney General and Nebraska Attorney General Jon Bruning, Hawaii Attorney General David Louie, Arkansas Attorney General Dustin McDaniel, and Utah Attorney General Sean Reyes to Google;

- The PowerPoint slide deck entitled "Illegal Conduct Facilitated Through Google" used by the Attorney General at the February 24, 2014 meeting with Google in Washington, D.C.;

- The August 29, 2014 letter sent by the Attorney General to Google; and

- The Subpoena.

**TOPIC NO. 5:**

The demands made by the Attorney General or Attorney General's Office to Google regarding changes in Google's behavior, conduct, practices, or business operations between January 1, 2013 and December 18, 2014, including, but not limited to, the factual and other bases for making those demands and the intent of those demands.

**TOPIC NO. 6:**

Any and all factual bases or other information provided to the Attorney General or the Attorney General's Office that any Third Party had been a victim of violations of the Mississippi Consumer Protection Act, Miss. Code Ann. § 75-24-1, *et seq.*

**TOPIC NO. 7:**

All requests for advice and assistance made by the Attorney General or the Attorney General's Office to outside entities, including Third Parties and the law firms and lobbyists retained by any Third Parties, concerning Google between January 1, 2013 and December 18, 2014.

**TOPIC NO. 8:**

The Attorney General's or Attorney General Office's knowledge of the Mike Moore Law Firm's representation of Digital Citizens Alliance between January 1, 2013 and December 18, 2014, including but not limited to:

- the scope of the Mike Moore Law Firm's representation of Digital Citizens Alliance; and

- compensation paid to the Mike Moore Law Firm for its representation of Digital Citizens Alliance.

DATED February 10, 2016.

Respectfully submitted,

OF COUNSEL:
Jamie S. Gorelick
Patrick J. Carome
Blake C. Roberts
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Ave., NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
jamie.gorelick@wilmerhale.com
patrick.carome@wilmerhale.com
blake.roberts@wilmerhale.com

Peter G. Neiman
Christopher J. Bouchoux
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8000
Facsimile: (212) 230-8888
peter.neiman@wilmerhale.com
christopher.bouchoux@wilmerhale.com

Chris Johnstone
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100
chris.johnstone@wilmerhale.com

 s/Fred Krutz
Fred Krutz, MSB No. 4270
Daniel J. Mulholland, MSB No. 3643
FORMAN WATKINS & KRUTZ LLP
200 South Lamar Street, Suite 100
Jackson, Mississippi 39201
Post Office Box 22608
Jackson, Mississippi 39225-2608
Phone: (601) 960-8600
Facsimile: (601) 960-8613
fred.krutz@formanwatkins.com
daniel.mulholland@formanwatkins.com
*Attorneys for Plaintiff Google Inc.*

## CERTIFICATE OF SERVICE

  I certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of Mississippi by using the Court's CM/ECF system on February 10, 2016. I further certify that all parties are represented by attorneys who are registered CM/ECF users and that service will be accomplished by the CM/ECF system.


                 s/Fred Krutz
                 Fred Krutz, MSB#4270